GARY E. KLAUSNER (STATE BAR NO. 69077)
JACQUELINE L. JAMES (STATE BAR NO. 198838)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Phone: (310) 229-1234
Fax:    (310) 229-1244
Email: gek@lnbyb.com; jlj@lnbyb.com

Counsel for Valley Health System

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | ) Case No. 6:07-bk-18293-PC |
| | ) |
| | ) Chapter 9 |
| VALLEY HEALTH SYSTEM, a California | ) |
| Local Health Care District | ) **NOTICE OF REMOVAL OF CIVIL** |
| | ) **ACTION UNDER 28 U.S.C. § 1452(a)** |
| Debtor. | ) |
| | ) Adv. Proc. No. _____ |
| | ) |
| ———————————————————— | ) |
| JAN REICHARDT, PHYLLIS | ) |
| ABBONDANZA, JOSEPH ACOSTA, DIANA | ) |
| AGNELLO, DENISE ALLEN, MARSA | ) |
| ANDERSON, MELISSA APOLLO, RAY | ) |
| ASTORGA, MARY AVERETTE, TAMMY | ) |
| AYALA, CINDI BAILEY, MICHAEL | ) |
| BARRERA, LINDA BASSETT, DEBBIE | ) |
| BIVIANS, CINDA BLICKENSDERFER, | ) |
| KATHLEEN BONNEY, TERESA BOOTH, | ) |
| THOMAS BRETTNER, BETTY BRAUN, | ) |
| CATHERINE BRUCE, MARY BURGNER, | ) |
| MARGO BUSHELL, RICHARD BYRNE, | ) |
| DENISE CALDWELL, SANDRA CALLIN, | ) |
| SHIRLEY CALLOWAY, ELIZABETH | ) |
| CAMPION, PAMELA CARLOS, BARBARA | ) |
| CHAPPELL, JULIA CLARK, ANNA | ) |
| COOPER, BRUCE COOPER, ELVA | ) |
| CORDERO, RONALD COX, LEEANNE | ) |
| CRIPE, JANETTE DAVIS, RUBY | ) |
| DEARDORFF, ROSIE DE LA ROSA, LINDA | ) |

1  DEKIEWIET, LISA DEW, GHIRMAI DREE, )
2  LOUIS DRUCKER, MAURINE DZIKONSKI, )
   DEBBIE ECKWALL, JUDY ENGLAND, )
3  STEPHEN EWALT, PEGGY FETCHKO, )
   CHERYL FISH, ESTRELLA FLORA, )
4  RAJENDER GILL, JENIFER GOERL, )
   ANNETTE GREENWOOD, AILEEN )
5  GRESHAM, GREG GRIFFITHS, TERRI )
   GRIFFITHS, TIMOTHY GRIGGS, PENNY )
6  HARELSON, JEAN HARRISON, TERI )
7  HARSTAD, KEITH HERBERT, MICHAEL )
   HOUGEN, ROBERTA PITTS, DEBBIE )
8  JOHNSON, MERRIDEE JOHNSON, )
   FLORENCE KELLOG, CAROL )
9  KILLINGSWORTH, PEGGY KIRTON, )
   DAVID KLEINHANS, ROSEMARY )
10 KOTYUK, DIANE KRAFT, JILL KRELL, )
11 EILEEN KUHN, JESSICA LOPEZ, LINDA )
   LOTT, MAGGIE LUQUIN, MARIA )
12 MARTINEZ, JUDY MASONIS, BEATRICE )
   MASSEY, THOMAS MATHIESEN, )
13 MATTHEW MCCOMB, LYNNE MCELWEE,)
14 JAMES MCKENZIE JR., LINDA )
   MCKENZIE, MILDRED MILLER, ROBERT )
15 MILLER, SANTOS MIRELES, SAMUEL )
   MONTES, DEBORAH MORGAN, DENISE )
16 MURDOCK, PATRICIA MURLIN, )
   CYNTHIA NELTHORPE, HELEN )
17 ONSTOTT, JENNIFER O'SULLIVAN, )
18 GWENDOLYN OWSLEY, DOROTHY )
   PALMER, TODD PARMENTER, RON )
19 PAUL, MICHAEL PAYNE, JEANNETTE )
   PENCE, CAROL PETRICH, DIANA )
20 PHILLIPS-RAMSEY, SYLVIA PINALES, )
21 JEFFREY PITTS, ROBERTA PITTS, ANN )
   PLAN TENGA, LORENE PRATT, MARY )
22 PRUITT, LYNN RACELA, ROSHNI REDDY,)
   MARK REDMOND, SAMANTHA )
23 REDMOND, BLANCA REYES, RANDY )
   REYNOLDS, EVELYN RIDDLE, SANDRA )
24 RILEY, DESIREE RODERICK, ANTONIA )
   RODRIGUEZ, CAROLINE ROOT, TARRI )
25 RUBIO, JANIS RUSTAD, NORMA SACK, )
26 DAVID SANDERS, CAROL )
   SCARBROUGH, HELENA SHEILDS, )
27 MARIA SCHLEUNIGER, SCOTT )
   SEIDMAN, LAURA SCULLY, MARGARET )
28

1 | SHAFER, HELENA SHIELDS, ELLEN )
SIMONSEN, WILLIAM SIQUEIROR, MARK)
2 | SOUSA, KATHY SPOON, ANA STOKES- )
ADAMS, DAVID STUART, JUANITA )
3 | SUALOG, NANCY SULLIVAN, LINDA )
SUTLIFF, SHEVAUN TRIOLO, PAULA )
4 | TRIPLET, PHILIP VALDEZ, DANA )
VALENZUELA, PATRICIA VEARY, JAMES)
5 | WEASE, CYNTHIA WEIAND, BARBARA )
WELSHON, KAREN WHEATON, VIRGINIA)
6 | WIGGINS, DOROTHY WILLIAMS, )
DONALD WILSON, JOHNNY YU, AND )
7 | MARIA ZAVALA, )
)
8 | )
Plaintiffs, )
9 | )
v. )
10 | )
The VALLEY HEALTH SYSTEM )
11 | RETIREMENT PLAN, a public employee )
retirement entity, MET LIFE, INC., in its )
12 | fiduciary capacity as the administrator of the )
Valley Health System Retirement Plan, )
13 | GEOFFREY LANG, individually and in his )
capacity as trustee of the Valley Health System )
14 | Retirement Plan, LLOYD DUNN, individually )
and in his capacity as trustee of the Valley )
15 | Health System Retirement Plan, MYRON )
GRINDHEIM, individually and in his capacity )
16 | as trustee of the Valley Health System )
Retirement Plan, PATRICIA TULLER, )
17 | individually and in her capacity as trustee of )
the Valley Health System Retirement Plan, )
18 | WILLIAM BLASÉ, individually and in his )
capacity as trustee of the Valley Health System )
19 | Retirement Plan, WILLIAM CHERRY, )
individually and in his capacity as trustee of the )
20 | Valley Health System Retirement Plan, )
GLENN HOLMES, individually and in his )
21 | capacity as trustee of the Valley Health System )
Retirement Plan, MADELINE DREIER, )
22 | individually and in her capacity as trustee of )
the Valley Health System Retirement Plan, )
23 | VINAY M. RAO, individually and in his )
capacity as trustee of the Valley Health System )
24 | Retirement Plan, AMELIA HIPPERT, )
individually and in her capacity as trustee of )
25 | the Valley Health System Retirement Plan, )

26

27

28

TOM F. WILSON, individually and in his
capacity as trustee of the Valley Health System
Retirement Plan, DEAN DEINES, individually
and in his capacity as trustee of the Valley
Health System Retirement Plan, JOEL
BERGENFELD, individually and in his
capacity as trustee of the Valley Health System
Retirement Plan, MICHELE BYRD,
individually and in her capacity as trustee of
the Valley Health System Retirement Plan and
DOES 1 – 1000, inclusive,

                Defendants.

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027, Local Bankruptcy Rule 9027-1 and General Order 13-05 of the United States District Court for the Central District of California, Valley Health System, the reorganized debtor in the above-captioned chapter 9 case (the "**District**"), hereby removes to the United States Bankruptcy Court for the Central District of California, Riverside Division (this "**Court**") *Plaintiffs' Complaint for: 1. Breach of Fiduciary Duty, 2. Fraud, 3. Negligent Misrepresentation, 4. Violation of Ralph M. Brown Act, 5. Violation of California Political Reform Act, 6. Breach of Implied and Express Contract, 7. Accounting, 8. Injunctive Relief, 9. Violation of California Constitution, and 10. Declaratory Relief* which was filed on July 8, 2014 in the Superior Court of the State of California, County of Riverside, thereby initiating Case No. RIC 1406794 (the "**Complaint**" or "**Reichardt II**"), and all of the purported claims and causes of action asserted by the plaintiffs named in the Complaint ("**Plaintiffs**"). A copy of the Complaint is attached hereto as <u>Exhibit A</u>. In support of removal, the District respectfully sets forth the following:

## JURISDICTION AND VENUE

      1.     Reichardt II is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1334. Indeed, as discussed below, this Court has exclusive jurisdiction over Reichardt II pursuant to 28 U.S.C. § 1334(e)(1).

2.    Venue of the removed action is proper in this Court pursuant to 28 U.S.C. § 1452(a), because this is the district in which Reichardt II is pending.

3.    This notice of removal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2).

4.    As required by Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Bankruptcy Rule 9027-1(d)(1), a compilation of all process and pleadings from Reichardt II other than the Complaint is attached hereto as <u>Exhibit B</u>, and a copy of the docket in Reichardt II is attached hereto as <u>Exhibit C</u>.

## **BACKGROUND**

5.    On April 26, 2010, this Court entered its "Order (i) Confirming First Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, as Modified February 19, 2010, and (ii) Granting Judgment for Valley Health System in Each Challenge Action" (the "**Confirmation Order**"), confirming the District's "First Amended Plan for the Adjustment of Debts of Valley Health System Dated December 17, 2009 as Modified February 19, 2010" (the "**Chapter 9 Plan**").  The Chapter 9 Plan became effective on October 13, 2010 (the "**Effective Date**").

6.    The Complaint represents yet another attempt by counsel for Plaintiffs, who has now organized several groups of the District's former employees, to circumvent the discharge provisions of the Chapter 9 Plan.  Indeed, this is the third lawsuit commenced in California State Court, following confirmation of the District's Plan, seeking millions of dollars of damages resulting from the District's alleged failure to fund its retirement plan.

7.    By way of example, on August 26, 2010, Plaintiffs' counsel initiated <u>Kirton v. Valley Health System, et al.</u>, Case No. RIC 10017129, in the Superior Court for the State of California, Riverside Division, by and through the filing of that certain *Petition for Writ of Mandate Pursuant to Code of Civil Procedures § 1085 RE: (1) Violation of Valley Health System Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief* (the "**Kirton Action**") on behalf of petitioners Peggy Kirton ("**Kirton**") and

1  Diana Agnello ("**Agnello**" and with Kirton referred to jointly herein as the "**Kirton Parties**").[1]

2  The Complaint makes most of the same factual claims and several of the same legal arguments

3  as those in the Kirton Action.  On September 22, 2010, the claims and causes of action asserted

4  by the Kirton Parties in the Kirton Action were removed to the United States Bankruptcy Court

5  for the Central District of California, Riverside Division.  A copy of the *Notice of Removal of*

6  *Civil Action Under 28 U.S.C. § 1452(a)* filed with respect to the Kirton Action is attached hereto

7  as Exhibit D.  On January 18, 2011, this Court entered an order dismissing the Kirton Action

8  against all defendants with prejudice based, in part, on the violation of the Confirmation Order,

9  and the discharge and injunctive provisions contained therein, by the Kirton Parties (the

10  "**Dismissal Order**").  The Kirton Parties filed a motion for reconsideration with respect to the

11  Dismissal Order, but it was denied by this Court.  Although this Court's Dismissal Order was

12  vacated by the Bankruptcy Appellate Panel (the "**BAP**") on jurisdictional grounds on March 13,

13  2012, recently, on August 7, 2014, the Court of Appeals for the Ninth Circuit (the "**Ninth**

14  **Circuit**") reversed the BAP's ruling with respect to the Dismissal Order, finding that this Court

15  has jurisdiction over the Kirton Action, and remanded the Kirton appeal back to the BAP with

16  instructions for the BAP to address the merits of the appeal.  Thus, the appeal of the Dismissal

17  Order is still pending before the BAP.

18         8.     By way of further example, on January 25, 2012, Plaintiffs' counsel initiated

19  Reichardt v. Valley Health System, A California Local Health Care District, Retirement Plan, et

20  al., Case No. RIC 1201152 in the Superior Court for the State of California, Riverside Division,

21  by and through the filing of a *Petition for Writ of Mandate Pursuant to Code of Civil Procedure*

22  *§1985 Re: (1) Violation of the California Constitution* ("**Reichardt I**") on behalf of plaintiffs Jan

23  Reichardt ("**Reichardt**"), Rosie De La Rosa ("**De La Rosa**"), and Aileen Grisham

24  ("**Grisham**"),[2] as individuals and on behalf of "all others similarly situated" (collectively

25  referred to herein as the "**Reichardt I Petitioners**").  The Complaint makes most of the same

---

[1] The Kirton Parties are also plaintiffs in Reichardt II.

[2] Reichardt, De La Rosa, and Grisham are all also named plaintiffs in Reichardt II except that in the Complaint Grisham is referred to as "Aileen Gresham," perhaps erroneously.

1  factual claims and several of the same legal arguments as those in Reichardt I. On January 27,

2  2012, the claims and causes of action asserted by the Reichardt I Petitioners were removed to the

3  United States Bankruptcy Court for the Central District of California, Riverside Division. A

4  copy of the *Notice of Removal of Civil Action Under 28 U.S.C. § 1452(a)* filed with respect to

5  Reichardt I is attached hereto as <u>Exhibit E</u>. Reichardt I is still pending before this Court. It is

6  stayed pending the resolution of the Kirton Appeal.

7        9.    The Complaint in Reichardt II purports to assert claims against "Valley Health

8  System Retirement Plan" (defined in the Complaint as the "**PLAN**"), Met Life, Inc. ("**Met Life**")

9  as the alleged administrator of the PLAN, Geoffrey Lang, Lloyd Dunn, Myron Grindheim,

10  Patricia T. Tuller, William Blasé, William Cherry, Glen Holmes (erroneously sued as Glenn

11  Holmes), Madeleine Dreier (erroneously sued as Madeline Dreier), Vinay M. Rao, Amelia

12  Hippert, Tom F. Wilson, Dean Deines, Joel Bergenfeld, and Michele Byrd (collectively defined

13  in the Complaint as the "Individual Defendants" and referred to herein as the "**PLAN**

14  **TRUSTEES**"), and Valley Health System, a California Local Health Care District (the

15  "**District**") (either directly or indirectly through naming the PLAN), based, at least in part, on

16  acts that occurred before the Effective Date and have thereby been discharged. Thus, Reichardt

17  II threatens the District's post-Effective Date property that has been allocated to the District's

18  creditors holding allowed claims under the Chapter 9 Plan, and compromises the District's ability

19  to implement and consummate the Chapter 9 Plan as confirmed. For all of these reasons,

20  removal to this Court is proper and, as discussed below, this Court has subject matter jurisdiction

21  over Reichardt II.

22  **GROUNDS FOR REMOVAL**

23       10.    Plaintiffs assert that they are "beneficiaries" of the PLAN. Complaint at p. 5, ¶ 1.

24       11.    Plaintiffs also assert that the PLAN "is a public pension PLAN organized under

25  the California law and subject to the requirements of California law and the California

26  Constitution, including specifically but not limited to the requirement that it register and operate

27  as a separate public entity, pursuant to the provisions of the <u>California Government Code</u>." In

28  other words, Plaintiffs imply that the PLAN is "an independent *sui juris* entity with

1  constitutionally-mandated fiduciary duties to the Plaintiffs" as they asserted in the Petition at p.

2  4, ¶ 6.

3      12.    Plaintiffs further assert that the PLAN TRUSTEES and Met Life "failed and

4  refused to perform their fiduciary duties owed to the PLAN and to the PLAN beneficiaries."

5  Complaint at p. 6, ¶ 9 (as to the PLAN TRUSTEES) and Complaint at p. 9 ¶ 14 (as to Met Life).

6  The Complaint states that the PLAN TRUSTEES caused injuries and damages to Plaintiff "in

7  that the PLAN was left underfunded and unable to fully pay benefits to beneficiaries as called for

8  under the terms of the PLAN."  Complaint at p. 8, ¶ 10 (as to the PLAN TRUSTEES) and

9  Complaint at p. 10 ¶ 115 (as to Met Life).  These are just a few examples of the numerous

10  allegations made against the PLAN, the PLAN TRUSTEES and Met Life in the Complaint, for

11  which Plaintiffs seek specific and non-specific relief against Defendants.

12      13.    The Complaint is ambiguous as to whether the District is intended to be a

13  Defendant, however, it appears that the District may be the subject of certain purported claims or

14  causes of action and the District may be potentially liable for damages or other relief sought in

15  the Complaint, or, at a minimum, for claims of indemnification by the Defendants.  For example,

16  paragraph 41 alleges that the Hospital [District] failed to fund the PLAN and paragraph 48

17  alleges that Plaintiff are entitled to recover $100 Million of damages.  The Plaintiffs plainly

18  allege that it was the Hospital's failure to fund that gives rise to the claims and causes of action

19  in the Complaint.

20      14.    First, the caption of the Complaint names "Valley Health System Retirement

21  Plan" as a Defendant. However, notwithstanding Plaintiffs' assertion that the PLAN is separate

22  public entity that can be sued, it is not (indeed, this Court so held in the Kirton Action); and,

23  therefore the acts and omissions complained of in the Complaint might be legally attributable to

24  the District and the District may be subject to potential damage claims and/or other relief

25  requested in the Complaint.

26      15.    Second, as employees or directors of a public entity, the Defendant PLAN

27  TRUSTEES are entitled to be indemnified by the District under California Government Code

28  sections 825-825.6. The District is thus potentially liable to each PLAN TRUSTEE for defense

costs and any payments that the PLAN TRUSTEES may be required to make as a result of a settlement or judgment. Accordingly, by asserting purported claims and causes of action against the PLAN TRUSTEES, Plaintiffs are circumventing the injunction and discharge provisions of the Confirmation Order and putting at risk, property of the District.

16.    Because the time frame covered by the Complaint is not completely specified, the PLAN is not a separate legal entity, and the District may be directly or indirectly liable for any damages awarded to Plaintiffs as a result of the alleged actions or inactions taken by the PLAN TRUSTEES, the causes of action and the damages sought by Plaintiffs may directly or indirectly impact the District and/or property of the District that has been allocated under the Chapter 9 Plan for payment to the District's creditors holding allowed claims.

17.    This Court has subject matter jurisdiction over Reichardt II because of, *inter alia*, the close nexus between Reichardt II and the District's chapter 9 case, as Reichardt II may potentially have had a profound and adverse impact on the District's chapter 9 case, its property and its ability to implement the Chapter 9 Plan. Also, Reichardt II requires a determination of whether the causes of action are based on obligations governed by the Confirmation Order, and the impact of the Confirmation Order's discharge and injunction provisions on such claims, which should be resolved by this Court as this Court is intimately familiar with the District's case and the proper procedural mechanisms that were enacted in establishing deadlines for claims. Finally, if Reichardt II is prosecuted in the state court, unfettered by the Confirmation Order, it is conceivable that Plaintiffs will be allowed to attach or execute on property of the District and eliminate any distribution to those creditors who timely filed claims and to whom distributions were allocated under the Chapter 9 Plan.    The Chapter 9 Plan provides for the payment of approximately $21 million to creditors.    To date, only a fraction of these funds have been distributed to priority creditors.    Because unsecured creditors have still not received any distributions as claims are still being adjudicated, the bulk of these funds remains available. Therefore, Reichardt II may not only impact the bankruptcy case, but it can completely undermine the implementation of the Chapter 9 Plan that was overwhelmingly accepted by voting creditors and approved by this Court.

18.     For all of these reasons, this matter falls squarely within federal bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334, because it arises in, arises under or relates to a proceeding under title 11. *See id.* § 1334(b). In addition, this Court has exclusive jurisdiction over issues relating to the administration of the District's estate.[3] *See* 28 U.S.C. § 1334(e)(1). Not only does the Bankruptcy Court have subject matter jurisdiction to adjudicate Reichardt II, it is also the best suited tribunal to protect the District's assets and ensure that the Chapter 9 Plan is properly implemented.

19.     Additionally, because Reichardt II implicates substantive rights created by the Bankruptcy Code, and implicates matters concerning the administration of the post-confirmation estate, as well as the allowance or disallowance of claims against the estate, and the implementation of the District's confirmed Chapter 9 Plan, Reichardt II is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (B) and/or (L).

20.     For all of these reasons, Reichardt II is properly removed.

DATED: September 9, 2014

*/s/ Gary E. Klausner*
GARY E. KLAUSNER and
JACQUELINE L. JAMES, Members of
LEVENE, NEALE, BENDER, YOO & BRILL
L.L.P.
Chapter 9 Counsel for Valley Health System

---

[3] Although section 541 of the Bankruptcy Code is not incorporated into section 901, section 902(1) of the Bankruptcy Code provides that "'property of the estate', when used in a section that is applied in a case under this chapter by section 103(e) or 901 of this title, means property of the debtors". 11 U.S.C. § 902(1).

# EXHIBIT A

**FILED**

Superior Court Of California
County Of Riverside

07/08/2014

**D ROSENBLOOM**
**BY FAX**

1  Gregory G. Petersen   | S.B. No: 77744
   Richard L. Hutchinson | S.B. No.: 92727
2  **GREGORY G. PETERSEN, ALC**
3  4425 Jamboree Road, Suite 175
   Newport Beach, CA 92660
4  Telephone:  (949) 864-2200
   Facsimile:  (949) 640-8983
5

6

7

8              **SUPERIOR COURT OF CALIFORNIA**
9                      **RIVERSIDE COUNTY**

10

11 | **JAN REICHARDT, PHYLLIS**          **Case No.: RIC 1406794**
   | **ABBONDANZA, JOSEPH ACOSTA,**
12 | **DIANA AGNELLO, DENISE ALLEN,**    **PLAINTIFFS' COMPLAINT FOR:**
   | **MARSA ANDERSON,**
13 | **MELISSA APOLLO, RAY ASTORGA,**    **1. BREACH OF FIDUCIARY DUTY**
14 | **MARY AVERETTE, TAMMY AYALA,**     **2. FRAUD**
   | **CINDI BAILEY, MICHAEL**           **3. NEGLIGENT MISREPRESENTATION**
15 | **BARRERA, LINDA BASSETT,**         **4. VIOLATION OF RALPH M. BROWN**
   | **DEBBIE BIVIANS, CINDA**           **ACT**
16 | **BLICKENSDERFER, KATHLEEN**        **5. VIOLATION OF CALIFORNIA**
17 | **BONNEY, TERESA BOOTH,**           **POLITICAL REFORM ACT**
   | **THOMAS BRETTNER, BETTY**          **6. BREACH OF IMPLIED AND**
18 | **BRAUN, CATHERINE BRUCE,**         **EXPRESS CONTRACT**
   | **MARY BURGNER, MARGO**             **7. ACCOUNTING**
19 | **BUSHELL, RICHARD BYRNE,**         **8. INJUCTIVE RELIEF**
20 | **DENISE CALDWELL, SANDRA**         **9. VIOLATION OF CALIFORNIA**
   | **CALLIN, SHIRLEY CALLOWAY,**       **CONSTITUTION**
21 | **ELIZABETH CAMPION, PAMELA**       **10. DECLARATORY RELIEF**
22 | **CARLOS, BARBARA CHAPPELL,**
   | **JULIA  CLARK, ANNA COOPER,**
23 | **BRUCE COOPER, ELVA CORDERO,**
24 | **RONALD COX, LEEANNE CRIPE,**
   | **JANETTE DAVIS, RUBY**
25 | **DEARDORFF, ROSIE DE LA ROSA,**
26 | **LINDA DEKIEWIET, LISA DEW,**
   | **GHIRMAI DREE, LOUIS DRUCKER,**
27
28

1
COMPLAINT

1  MAURINE DZIKONSKI, DEBBIE
2  ECKWALL, JUDY ENGLAND,
   STEPHEN EWALT, PEGGY
3  FETCHKO, CHERYL FISH,
   ESTRELLA FLORA, RAJENDER
4  GILL, JENIFER GOERL, ANNETTE
5  GREENWOOD, AILEEN GRESHAM,
   GREG GRIFFITHS, TERRI
6  GRIFFITHS, TIMOTHY GRIGGS,
7  PENNY HARELSON, JEAN
   HARRISON, TERI HARSTAD, KEITH
8  HERBERT, MICHAEL HOUGEN,
9  ROBERTA PITTS, DEBBIE
   JOHNSON, MERRIDEE JOHNSON,
10 FLORENCE KELLOG, CAROL
11 KILLINGSWORTH, PEGGY
   KIRTON, DAVID KLEINHANS,
12 ROSEMARY KOTYUK, DIANE
13 KRAFT, JILL KRELL, EILEEN
   KUHN, JESSICA LOPEZ, LINDA
14 LOTT, MAGGIE LUQUIN, MARIA
15 MARTINEZ, JUDY MASONIS,
   BEATRICE MASSEY, THOMAS
16 MATHIESEN, MATTHEW MCCOMB,
17 LYNNE MCELWEE, JAMES
   MCKENZIE JR., LINDA MCKENZIE,
18 MILDRED MILLER, ROBERT
19 MILLER, SANTOS MIRELES,
   SAMUEL MONTES, DEBORAH
20 MORGAN, DENISE MURDOCK,
21 PATRICIA MURLIN, CYNTHIA
   NELTHORPE, HELEN ONSTOTT,
22 JENNIFER O'SULLIVAN,
23 GWENDOLYN OWSLEY, DOROTHY
   PALMER, TODD PARMENTER, RON
24 PAUL, MICHAEL PAYNE,
25 JEANETTE PENCE, CAROL
   PETRICH, DIANA PHILLIPS-
26 RAMSEY, SYLVIA PINALES,
   JEFFREY PITTS, ROBERTA PITTS,
27 ANN PLAN TENGA, LORENE
28 PRATT, MARY PRUITT, LYNN

1  **RACELA, ROSHNI REDDY, MARK REDMOND,**
2  **SAMANTHA REDMOND, BLANCA**
3  **REYES, RANDY REYNOLDS,**
   **EVELYN RIDDLE, SANDRA RILEY,**
4  **DESIREE RODERICK, ANTONIA**
5  **RODRIGUEZ, CAROLINE ROOT,**
   **TARRI RUBIO, JANIS RUSTAD,**
6  **NORMA SACK,**
7  **DAVID SANDERS, CAROL**
   **SCARBROUGH, HELENA SHEILDS,**
8  **MARIA SCHLEUNIGER, SCOTT**
9  **SEIDMAN, LAURA SCULLY,**
   **MARGARET SHAFER, HELENA**
10 **SHIELDS, ELLEN SIMONSEN,**
11 **WILLIAM SIQUEIROR, MARK**
   **SOUSA, KATHY SPOON, ANA**
12 **STOKES-ADAMS, DAVID STUART,**
13 **JUANITA SUALOG, NANCY**
   **SULLIVAN, LINDA SUTLIFF,**
14 **SHEVAUN TRIOLO, PAULA**
15 **TRIPLET, PHILIP VALDEZ, DANA**
   **VALENZUELA, PATRICIA VEARY,**
16 **JAMES WEASE, CYNTHIA WEIAND,**
17 **BARBARA WELSHON, KAREN**
   **WHEATON, VIRGINIA WIGGINS,**
18 **DOROTHY WILLIAMS, DONALD**
19 **WILSON, JOHNNY YU, AND MARIA**
   **ZAVALA,**
20              Plaintiffs,
21 vs.
22
23 the **VALLEY HEALTH SYSTEM**
   **RETIREMENT PLAN**, a public
24 employee retirement entity, **MET LIFE,**
   **INC.**, in its fiduciary capacity as the
25 administrator of the Valley Health System
26 Retirement Plan , **GEOFFREY LANG**,
   individually and in his capacity as trustee
27 of the Valley Health System Retirement
28 Plan, **LLOYD DUNN**, individually and in

his capacity as trustee of the Valley Health System Retirement Plan, **MYRON GRINDHEIM**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **PATRICIA TULLER**, individually and in her capacity as trustee of the Valley Health System Retirement Plan, **WILLIAM BLASÉ**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **WILLIAM CHERRY**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **GLENN HOLMES**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **MADELINE DREIER**, individually and in her capacity as trustee of the Valley Health System Retirement Plan, **VINAY M. RAO**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **AMELIA HIPPERT**, individually and in her capacity as trustee of the Valley Health System Retirement  PLAN , **TOM F. WILSON**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **DEAN DEINES**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **JOEL BERGENFELD**, individually and in his capacity as trustee of the Valley Health System Retirement Plan, **MICHELE BYRD**, individually and in her capacity as trustee of the Valley Health System Retirement Plan and DOES 1-1000, inclusive,

Defendants

4
COMPLAINT

Plaintiffs complain of Defendants, and each of them, and allege as follows:

## GENERAL ALLEGATIONS

1.    Plaintiffs, and each of them, are former employees of the Valley Health System, which at all relevant times herein, is a public entity and community hospital ("HOSPITAL"), Plaintiffs are beneficiaries under the terms of the Valley Health System Retirement Plan (hereafter the "PLAN").

2.    Defendant PLAN is a public pension PLAN organized under California law and subject to the requirements of California law and the California Constitution, including specifically but not limited to the requirement that it register and operate as a separate public entity, pursuant to the provisions of the California Government Code.

3.    Defendants Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia T. Tuller, William Blasé, William Cherry, Glenn Holmes, Madeline Dreier, Vinay M. Rao, Ameilia Hippert, Tom F. Wilson, Dean Deines, Joel Bergenfeld, and Michele Byrd (hereafter the "Individual Defendants"), are or have at some point since 1999 been Trustees of the PLAN .  As such, they owed fiduciary duties to the PLAN and to the beneficiaries under the PLAN.

4.    Defendant MET LIFE INC. was and is the administrator of the PLAN, and is responsible for the administration and activities of the PLAN (including but not limited to investments and payout to beneficiaries) under the terms of the PLAN.  In that role, Defendant MET LIFE also has fiduciary duties to the PLAN and to its beneficiaries that commenced when they were retained at the time of the PLAN's creation and have continued to the present day.

5.    Plaintiffs are presently unaware of the names or capacities of Defendants DOES 1 through 1000, inclusive, and so sues them by their fictitious names.  When and if Plaintiffs ascertain the true names or capacities of the said DOE Defendants, or any of them, Plaintiffs will seek leave of Court to substitute those said true names or capacities in the place and stead of the present fictitious ones.

6.      Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times relevant herein, each of the Defendants named herein (including the DOE Defendants) were the agents or employees of each of the other Defendants, and were, in doing the things herein complained of, acting within the course and scope of such agency or employment. Each Defendant herein conspired, one with another, as well as aided and abetted the commission of the unlawful actions set forth herein.

7.      The acts herein complained of represent some, but not all, of the continuing and ongoing violations of Plaintiffs' rights and the fiduciary duties owed by Defendants, and each of them, to Plaintiffs, and each of them. As such, the actions herein complained of have occurred, as more specifically alleged below, within various applicable statutes of limitations. Moreover, the full course of conduct complained of represents continuing and on-going violations commencing in 1999 or before and continuing to the present day with new violations being discovered or disclosed even now.

## FIRST CAUSE OF ACTION

(Breach of Fiduciary Duties, against Individual Defendants
and DOES 1 through 500, inclusive)

8.      Plaintiffs refer to Paragraphs 1 through 7, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

9.      Within four years last past, and commencing in 1999 in a continuing violation as alleged, the Individual Defendants failed and refused to perform their fiduciary duties owed to the PLAN and to the PLAN's beneficiaries (Plaintiffs herein), inter alia, by the following acts and omissions:

a.   Falsely claiming not to be an independent entity within the meaning of the California Pension Protection Act of 1992 to some plaintiffs;

b. Falsely claiming not to be a public entity and not registering under the California Tort Claims Act as a public agency with the State of California, as required by law;

c. Falsely claiming to be an ERISA defined benefit pension PLAN when it was and is not;

d. Falsely claiming to be insured under the Federal Pension Insurance Statutes;

e. Failing and refusing to hold public meetings with published agendas as required under the Ralph M. Brown Act, but rather conducting their business as Trustees of the PLAN in secret and without public input or scrutiny.

f. Concealing that they were engaging in actions that constituted an impermissible conflict of interest, including, but not limited to terms of the California Political Reform Act, common law, and the California Constitution;

g. By taking actions adverse to the interests of the PLAN and/or its beneficiaries, which actions have allegedly left the PLAN underfunded and unable to pay out full retirement benefits to its intended beneficiaries as per its written terms and requirements, and in violation of the terms of the California Constitution and the California Pension Reform Act;

h. Falsely claiming the PLAN was and is properly funded to provide when the funds were unlawfully being diverted to benefit others who were not entitled to the protections and benefits of the PLAN ;

i. By making gifts of public funds of the PLAN for ultra vires purposes, such as sponsorship of charity events, all of which injured the funds of the  PLAN  and contributed to the  PLAN 's being unable to meet its financial obligations to beneficiaries;

j. Failing and refusing to participate properly in the management of PLAN assets and conspiring and/or aiding and abetting with others to divert PLAN trust funds to the benefit of others;

7
COMPLAINT

k. Failing and refusing to prevent the ultra vires attempt to wind down and terminate the PLAN, in such a manner as to deny Plaintiffs of their proper pension benefits;

l. Failing and refusing to properly manage the funds of the PLAN for the benefit of its beneficiaries; but rather abdicating their role in the said winding down and termination to others without authority to do so at the time, thus constituting a further conflict of interest;

m. Failing to disclose the true and accurate nature of the PLAN assets;

n. Investing in insolvent and mismanaged business entities;

o. Failing to provide an accurate actuary study yearly as required by law;

p. Failing to report the status of the PLAN to the members yearly as required by law;

q. Failing to exercise control over the assets of the PLAN and improperly allowing others to do so to the determinant of the PLAN and its beneficiaries; and,

r. Allowing the administrator to take ultra vires actions without the consent of the Trustees, which depleted the assets of the PLAN ; and,

s. Failing to exercise oversight and control over MET LIFE in the handling of the PLAN assets, including the unauthorized disbursement of approximately 49 million dollars.

10.     As a direct and proximate result of these failures by the Defendants named in this Cause of Action to properly discharge their fiduciary duties, the PLAN and its beneficiaries were damaged, in that the PLAN was allegedly left underfunded and unable to fully pay benefits to beneficiaries as called for under the terms of the PLAN; failing to collect funds due from any source since 1999.

11.     Accordingly, Plaintiffs are entitled to injunctive relief enjoining these Defendants from continuing their unlawful actions and stopping the unlawful actions that

they have caused; disqualifying each such Defendant from holding office of a TRUSTEE for the PLAN and compelling each Trustee Defendant to make full disclosures regarding the damages set forth below.

**SECOND CAUSE OF ACTION**

(Breach of Fiduciary Duties, against Defendant MET LIFE

And DOES 5 through 100, inclusive)

12.    Plaintiffs refer to Paragraphs 1 through 11, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

13.    As administrator of the PLAN, Defendant MET LIFE owed fiduciary duties to the PLAN and to its beneficiaries (Plaintiffs herein and other members of the class not named herein).

14.    Within four years last past, and commencing in 1999 in a continuing violation as alleged, Defendant MET LIFE failed and refused to perform its fiduciary duties owed to the PLAN and to the PLAN 's beneficiaries (Plaintiffs herein), inter alia, by the following acts and omissions:

a. Failing properly to provide quarterly, annual, and other reports on the financial condition of the PLAN , in sufficient detail and specificity to inform Plaintiffs as beneficiaries of the true financial state of the PLAN ;

b. Failing to disclose the fact that the PLAN was so underfunded that it could not make full and adequate pension payouts to Plaintiffs.

c. Conspiring and/or aiding and abetting or acting in concert with the Individual Defendants, in all of the actions set forth in the First Cause of Action herein in violation of the Individual Defendants' fiduciary duties

d. Failing to account properly to Plaintiffs for the monies entrusted to its care as administrator of the PLAN.

9

COMPLAINT

e. Failing to honestly and correctly respond to clients' inquiries and pension requests.

15.   As a direct and proximate result of these failures by the Defendants named in this Cause of Acton properly to discharge their fiduciary duties, the PLAN and its beneficiaries were damaged, in that the PLAN was left underfunded and unable to fully pay benefits to beneficiaries as called for under the terms of the PLAN .

16.   Accordingly, Plaintiffs are entitled to damages as set forth below.

## THIRD CAUSE OF ACTION

### (Fraud, against all the Defendants)

17.   Plaintiffs refer to Paragraphs 1 through 16, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

18.   Within three years last past, and as part of a continuing violation of Plaintiffs' rights since 1999 as alleged, the Defendants, and each of them, made materially false representations to Plaintiffs, knowing they were false, about the PLAN as follows:

a. That the PLAN was adequately funded and/or stated that the PLAN was fully funded; and,

b. The ability of the PLAN to pay out retirement benefits pursuant to its written terms to Plaintiffs' benefits as PLAN beneficiaries remained in place up to the present, all the while knowing that not to be true.

19.   At the time these representations were made, the said Defendants knew that they were false – that in fact, the winding down and termination of the PLAN was fully contemplated by the Defendants and hidden from the beneficiaries; that the wind down would have a major harmful impact on the financial integrity and ability of the PLAN to make payments according to its terms; and that the actions taken were ultra vires.

20.     In fact, the PLAN has turned out to be unable to make full and adequate payments to beneficiaries (Plaintiffs herein) in accordance with its terms and has disposed of at least 49 million dollars without legal consent to do so.

21.     Plaintiffs relied on the truth of the statements made by the said Defendants, and each of them, as alleged, and were justified in doing so given those Defendants' superior positions and fiduciary duties to Plaintiffs.

22.     As a direct and proximate result of these fraudulent misrepresentations by the said Defendants, and each of them, Plaintiffs have been damaged in that their pension and retirement benefits have been unlawfully compromised and have not been paid out as called for under the terms of the PLAN.

23.     The aforesaid conduct of Defendants, and each of them, was malicious, oppressive, fraudulent, and intended to cause harm to Plaintiffs, and each of them, thereby entitling Plaintiffs, in addition to any other relief, to an award of punitive damages against Defendants pursuant to Civil Code Section 3294.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation against all Defendants)

24.     Plaintiffs refer to Paragraphs 1 through 23, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

25.     At the time these representations were made, the said Defendants had no reasonable basis for believing that any of these representations were true.

## FIFTH CAUSE OF ACTION

### (Violation of California Public Meetings Act [The Ralph M. Brown Act], against PLAN and all Individual Defendants)

26.     Plaintiffs refer to Paragraphs 1 through 25, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

27. At all times relevant herein, the California Public Meetings Act (the Ralph M. Brown Act) was in full force and effect. The terms of the Brown Act, require, inter alia, that public agencies conduct business in a public manner, with noticed and open meetings and under openly published agendas.

28. Defendants, and each of them as Trustees of the PLAN, a public agency, had an ongoing obligation to conduct the business of the PLAN in public meetings pursuant to the terms of the Brown Act as alleged. After inquiry, there are no records of the PLAN conducting any meetings pursuant to the Ralph M. Brown Act.

29. Within three years last past Defendants, and each of them, failed and refused to abide by the terms of the Ralph M. Brown Act, and instead conducted the business meetings of the PLAN in private, without published agendas or meeting minutes, and without any meaningful opportunity for public participation or viewing of their actions.

30. As a result, Plaintiffs are entitled to injunction and damages as set forth by law.

## SIXTH CAUSE OF ACTION

(Violation of California Political Reform Act against Individual Defendants and DOES 1 through 50, inclusive)

31. Plaintiffs refer to Paragraphs 1 through 30, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

32. At all times relevant herein, the California Political Reform Act (Government Code Sections 81000 et seq.) was in full force and effect. The terms of that Act, require, inter alia, that public agencies not make gifts of public funds.

33. Defendants, and each of them as Trustees of the PLAN, a public agency had an ongoing obligation to conduct the business of the PLAN in public meetings pursuant to the terms of the Political Reform Act as alleged.

34.     Within three years last past Defendants, and each of them, failed and refused to abide by the terms of the Political Reform Act, and instead made gifts of the funds of the PLAN, inter alia, to provide sponsorship for charity events. Those gifts represented a material loss to and had a material impact upon the viability and financial solvency of the PLAN, thereby rending it unable to meet its obligations.

35.     As a result, Plaintiffs are entitled to damages a set forth by law.

## SEVENTH CAUSE OF ACTION

### (For an Accounting, as against all Defendants)

36.     Plaintiffs refer to Paragraphs 1 through 35, inclusive, of their Complaint as set forth above, and incorporate the contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

37.     As beneficiaries of the PLAN, Plaintiffs are entitled to a full accounting from Defendants, and each of them, of all relevant financial transactions involving the PLAN and its assets, including but not limited to beneficiary memberships, all disbursements of retirement of other funds, income and loss from all investments, capital or other contributions (whether made by the PLAN itself, the Valley Health System agency, Plaintiffs through employee contributions, or any other person or entity), and all other financial transactions or periodic reports of financial transactions or conditions made or authorized by the Individual Defendants, or any of them, in their capacities as Trustees of the PLAN, or by MET LIFE as administrator of the PLAN .

## EIGHTH CAUSE OF ACTION

### (For Injunctive Relief against all Defendants)

38.     Plaintiffs refer to Paragraphs 1 through 37, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

39.     As a result of the misconduct of Defendants, and each of them, as alleged

herein, Plaintiffs are entitled to injunctive relief against Defendants, and each of them, to restrain and halt them from entering any further financial transactions (including disbursement of any finds, whether for retirement benefits to beneficiaries or otherwise) until the full accounting prayed for herein is completed.  Plaintiffs thus are entitled to a preliminary and permanent injunction as prayed for herein.

**NINTH CAUSE OF ACTION**

(Violation of California Constitution against all Defendants)

40.    Plaintiffs refer to Paragraphs 1 through 39, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

41.    From at least 1999 to the present the PLAN has not been funded by HOSPITAL as required by the PLAN document.

33. From its fiscal year beginning in 1999 through its fiscal year beginning this year the HOSPITAL violated its obligations by failing to pay the PLAN earnable compensation as determined by the PLAN's Actuary pursuant to the annual actuarial valuation required by law.

42.    The Defendants concealed the HOSPITAL's violations of the PLAN document as well as the underfunding of its pension trust fund, by concealing that such Underfunding would render the PLAN pension trust fund actuarially unsound.

43.    The Defendants induced the PLAN, METLIFE, and/or TRUSTEES to violate their fiduciary duties to Plaintiffs by enticing the, said other Defendants with special benefits and improper directions.

44.    Allowing the underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Plaintiffs.

45.    By conduct alleged the Defendants actively participated with, aided, and abetted in the PLAN's breach of trust.

14
COMPLAINT

46.   The Defendants participated with, aided, and abetted in PLAN 's breach of trust for Respondents own financial gain.

47.   The Defendants also concealed their participation and assistance with PLAN 'S breach of trust.

48.   The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding and other acts of misconduct alleged herein.

49.   PLAN has been unwilling to prosecute this action to recover assets belonging to the trust.

50.   By all of these acts or omissions, as well as others not specifically alleged herein, Defendants, and each of them, violated that portion of the California Constitution popularly known as the Pension Protection Act of 1992.

51.   This cause of action is brought on behalf of Plaintiffs and any recovery obtained in this action will be paid to PLAN.

## TENTH CAUSE OF ACTION

(Breach of Implied and Express Contract against the PLAN, MET LIFE,

and Does 1-1000)

52.   Plaintiffs refer to Paragraphs 1 through 51, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

53.   Plaintiffs, as third party beneficiaries and PLAN members, and the PLAN and MET LIFE, have a valid and binding contract to pay sums certain to the beneficiaries as set forth in the entitlement letters to each Plaintiff.

54.   An implied and express covenant of the parties' contract required the PLAN and MET LIFE to maintain an actuarially sound retirement system, as does the California Constitution.

55.    Plaintiffs have a vested contractual right to an actuarially sound retirement system as set forth in MET LIFE'S communications to the beneficiaries.

56.    MET LIFE breached its contract with the PLAN by allowing the PLAN to become actuarially unsound.

57.    Plaintiffs have performed all terms of the contract on their part to be performed.

58.    MET LIFE concealed its breach, as well as the underfunding of its pension trust fund from 1999 through the present.

59.    MET LIFE concealed its breach, as well as allowing the underfunding of its pension trust by withholding financial statements from the Plaintiffs and others.

60.    MET LIFE concealed its breach, as well as the Underfunding of its pension trust, by concealing that such underfunding would render the PLAN fund actuarially unsound.

61.    As the result of the Met Life's and the PLAN's breach of contract, Plaintiffs have suffered damages in an amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

(Declaratory Relief against all Defendants)

62.    Plaintiffs refer to Paragraphs 1 through 61, inclusive, of their complaint as set forth above, and incorporate contents of the said Paragraphs into this Cause of Action, with like force and effect as if they were fully set forth herein.

63.    An actual and justiciable controversy has arisen, and now exists, between Plaintiffs, on the one hand, and the PLAN, on the other hand, as to:

a. Whether the PLAN violated the PLAN document by failing to fund its retirement PLAN as required

b. The PLAN and MET LIFE breached its contract with Plaintiffs by rendering the retirement system actuarially unsound.

64.    Pursuant to <u>Code of Civil Procedure</u> Section 1060, Plaintiffs desire judicial determinations that:

a. The Defendants, MET LIFE and the PLAN violated the PLAN document by failing to fund its retirement PLAN as required

b. MET LIFE and the PLAN breached its contract with Plaintiffs by rendering the retirement system actuarially unsound.

65.    Such judicial determinations are necessary and appropriate at this time so that the parties can ascertain their respective rights and duties in order to avoid the potential for a multiplicity of costly judicial challenges by individual members of PLAN.

66.    There are no administrative remedies available to Plaintiffs to compel the relief sought herein. Therefore, Plaintiffs have exhausted all available administrative remedies.

67.    Plaintiffs have no plain, speedy or adequate remedy at law.

68.    Plaintiffs are entitled to damages in an amount that will rectify the PLAN's underfunding upon proof at trial.

WHEREFORE, Petitioner's prays Judgment:

1.    For damages payable in the amount of the underfunding, with interest, since 1999.

2.    Following a duly noticed hearing, this Court render issue its permanent Injunction commanding MET LIFE and the PLAN to:

a. fund its retirement  PLAN  in accordance with the PLAN's independent Actuary pursuant to the annual actuarial valuation required by law.

b. The PLAN and MET LIFE disclose all information concealed by the individual Defendants in regards to its violations of the PLAN document, as well as the underfunding of its pension trust fund, by producing all books and records of the PLAN for inspection and review by the PLAN members and their counsel.

c. That the Defendants take no action concealing or furthering that the underfunding or spending or reducing the PLAN funds;

d. That the Defendants take no action that renders the PLAN actuarially unsound.

e. The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to Plaintiffs.

f. That the Defendants place all of the PLAN funds not already paid to the PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result of the constructive fraud and a breach by MET LIFE and the individual Defendants PLAN TRUSTEES, of their fiduciary duties to the Plaintiffs.

g. The PLAN immediately prosecute any and all actions allowed or required to recover the PLAN corpus and other assets, belonging to the PLAN, from any and all persons and entities who have custody or control of such funds or assets, whether in a constructive trust or otherwise, under the supervision and direction of this Court and that this Court maintain jurisdiction to oversee the proper performance of this duty to the PLAN and its Trustees.

3.      For Declaratory Relief as per the Eleventh Cause of Action hereto.

4.      For Damages according to proof.

5.      For an award of punitive damages pursuant to Civil Code Section 3294 in connection with the Third Cause of Action hereto.

6.      For an accounting pursuant to the Seventh Cause of Action hereto.

7.      For costs of suit herein.

//
//
//
//
//

8.      For an award of reasonable attorney fees in accordance with section 1021.5 of the Code of Civil Procedure and the common fund doctrine, and

7.      For such other and further relief as it deems necessary and proper.

Dated: July 7, 2014                 Respectfully Submitted:

**GREGORY G. PETERSEN,**
A Law Corporation

By: _Gregory G. Petersen_ _____
       Gregory G. Petersen,
       Attorney for Plaintiffs

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Met Life, Inc., in its fiduciary capacity as the Administrator of the
Valley Health System Retirement Plan (See attachment for Add. Parties)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jan Reichardt, et al (Additional Parties Attachment Form is Attached)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

Superior Court Of California
County Of Riverside

07/08/2014

**D ROSENBLOOM
BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Historic Courthouse | CASE NUMBER: *(Número del Caso):* **RIC 1406794** |
|---|---|

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory G. Petersen, 4425 Jamboree Road, Suite 175, Newport Beach, CA 92660 (949)864-2200

| DATE: *(Fecha)* **7-8-14** | Clerk, by *(Secretario)* **D ROSENBLOOM** | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Reichardt, et al v. Met Life Inc., et al | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

PHYLLIS ABBONDANZA, JOSEPH ACOSTA, DIANA AGNELLO, DENISE ALLEN, MARSA ANDERSON, MELISSA APOLLO, RAY ASTORGA, MARY AVERETTE, TAMMY AYALA, CINDI BAILEY, MICHAEL BARRERA, LINDA BASSETT, DEBBIE BIVIANS, CINDA BLICKENSDERFER, KATHLEEN BONNEY, TERESA BOOTH,THOMAS BRETTNER, BETTY BRAUN, CATHERINE BRUCE, MARY BURGNER, MARGO BUSHELL, RICHARD BYRNE, DENISE CALDWELL, SANDRA CALLIN, SHIRLEY CALLOWAY, ELIZABETH CAMPION, PAMELA CARLOS, BARBARA CHAPPELL, JULIA CLARK, ANNA COOPER, BRUCE COOPER, ELVA CORDERO,RONALD COX, LEEANNE CRIPE, JANETTE DAVIS, RUBY DEARDORFF, ROSIE DE LA ROSA,LINDA DEKIEWIET, LISA DEW, GHIRMAI DREE, LOUIS DRUCKER, MAURINE DZIKONSKI, DEBBIE ECKWALL, JUDY ENGLAND, STEPHEN EWALT, PEGGY FETCHKO, CHERYL FISH, ESTRELLA FLORA, RAJENDER GILL, JENIFER GOERL, ANNETTE GREENWOOD, AILEEN GRESHAM,GREG GRIFFITHS, TERRI GRIFFITHS, TIMOTHY GRIGGS, PENNY HARELSON, JEAN HARRISON, TERI HARSTAD, KEITH HERBERT, MICHAEL HOUGEN, ROBERTA PITTS, DEBBIE JOHNSON, MERRIDEE JOHNSON, FLORENCE KELLOG, CAROL KILLINGSWORTH, PEGGY KIRTON, DAVID KLEINHANS, ROSEMARY KOTYUK, DIANE KRAFT, JILL KRELL, EILEEN KUHN, JESSICA LOPEZ, LINDA LOTT, MAGGIE LUQUIN, MARIA MARTINEZ, JUDY MASONIS,BEATRICE MASSEY, THOMAS MATHIESEN, MATTHEW MCCOMB, LYNNE MCELWEE, JAMES MCKENZIE JR., LINDA MCKENZIE, MILDRED MILLER, ROBERT MILLER, SANTOS MIRELES, SAMUEL MONTES, DEBORAH MORGAN, DENISE MURDOCK, PATRICIA MURLIN, CYNTHIA NELTHORPE, HELEN ONSTOTT, JENNIFER O'SULLIVAN, GWENDOLYN OWSLEY, DOROTHY PALMER, TODD PARMENTER, RON PAUL, MICHAEL PAYNE, JEANETTE PENCE, CAROL PETRICH, DIANA PHILLIPS-RAMSEY, SYLVIA PINALES, JEFFREY PITTS, ROBERTA PITTS, ANN PLAN TENGA, LORENE PRATT, MARY PRUITT,LYNN RACELA, ROSHNI REDDY, MARK REDMOND, SAMANTHA REDMOND, BLANCA REYES, RANDY REYNOLDS, EVELYN RIDDLE, SANDRA RILEY, DESIREE RODERICK, ANTONIA RODRIGUEZ, CAROLINE ROOT, TARRI RUBIO, JANIS RUSTAD, NORMA SACK,DAVID SANDERS, CAROL SCARBROUGH, HELENA SHEILDS, MARIA SCHLEUNIGER, SCOTT SEIDMAN, LAURA SCULLY, MARGARET SHAFER, HELENA SHIELDS, ELLEN SIMONSEN, WILLIAM SIQUEIROR, MARK SOUSA, KATHY SPOON, ANA STOKES-ADAMS, CHAD STUART, JUANITA SUALOG, NANCY SULLIVAN, LINDA SUTLIFF, SHEVAUN TRIOLO, PAULA TRIPLET, PHILIP VALDEZ, DANA VALENZUELA, PATRICIA VEARY,JAMES WEASE, CYNTHIA WEIAND, BARBARA WELSHON, KAREN WHEATON, VIRGINIA WIGGINS, DOROTHY WILLIAMS, DONALD WILSON, JOHNNY YU, AND MARIA ZAVALA

Page <u>1</u> of <u>1</u>

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| | |
|---|---|
| SHORT TITLE:<br> Reichardt, et al v. Met Life Inc., et al | CASE NUMBER: |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

the VALLEY HEALTH SYSTEM RETIREMENT PLAN , a public employee retirement entity, GEOFFREY LANG, individually and in his capacity as trustee of the Valley Health System Retirement Plan, LLOYD DUNN, individually and in his capacity as trustee of the Valley Health System Retirement Plan, MYRON GRINDHEIM, individually and in his capacity as trustee of the Valley Health System Retirement Plan , PATRICIA TULLER, individually and in her capacity as trustee of the Valley Health System Retirement Plan, WILLIAM BLASÉ, individually and in his capacity as trustee of the Valley Health System Retirement Plan , WILLIAM CHERRY, individually and in his capacity as trustee of the Valley Health System Retirement Plan, GLENN HOLMES, individually and in his capacity as trustee of the Valley Health System Retirement Plan, MADELINE DREIER, individually and in her capacity as trustee of the Valley Health System Retirement Plan, VINAY M. RAO, individually and in his capacity as trustee of the Valley Health System Retirement Plan, AMELIA HIPPERT, individually and in her capacity as trustee of the Valley Health System Retirement Plan, TOM F. WILSON, individually and in his capacity as trustee of the Valley Health System Retirement Plan, DEAN DEINES, individually and in his capacity as trustee of the Valley Health System Retirement Plan, JOEL BERGENFELD, individually and in his capacity as trustee of the Valley Health System Retirement Plan, MICHELE BYRD, individually and in her capacity as trustee of the Valley Health System Retirement Plan, and DOES 1-1000, inclusive.

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 135 N. Alessandro Rd., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Gregory G. Petersen   S.B.No.: 77744
GREGORY G. PETERSEN, ALC
4425 Jamboree Road, Suite 175
Newport Beach, CA 92660
TELEPHONE NO: (949) 864-2200       FAX NO. *(Optional)*: (949) 640-8983
E-MAIL ADDRESS *(Optional)*: Greg@GGPetersenLaw.com
ATTORNEY FOR *(Name)*: Plaintiffs

PLAINTIFF/PETITIONER: Reichardt, et al

DEFENDANT/RESPONDENT: Met Life, Inc., et al

FOR COURT USE ONLY

# FILED

Superior Court Of California
County Of Riverside
07/08/2014
**D ROSENBLOOM**
**BY FAX**

CASE NUMBER:
**RIC 1406794**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of: 92543 _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   07/08/14 _____

Gregory G. Petersen
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► *Gregory G. Petersen*
(SIGNATURE)

Page 1 of 1

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localfirms/localfirms.shtml

# Civil Minutes

Calendar ▇        Home ▇

Complaints/Parties   Actions   Minutes   Pending Hearings   Case Report   Images   Perm   Judge's Notes   170 CCP

Case Type: | RIC - Riverside Civil ▾ |        Select a Court: | A - Riverside Civil & Small Claims ▾ |
Case Number: | _____ |   Search

### Case RIC1406794 - REICHARDT VS MET LIFE INC

**Action:** | (Choose) ▾ |
**RETURNED DOCUMENT: CIVIL CASE COVER SHEET SUBMITTED BY JAN REICHARDT.**

| Date | Time | Department |
|------|------|------------|
| 07/08/2014 | 8:40 AM | |

### Minutes

THE COURT IS UNABLE TO PROCESS THE ENCLOSED DOCUMENT(S) FOR THE REASON(S) INDICATED BELOW:

RECEIVED FAX ON 7/8/14 UNABLE TO PROCESS THE CIVIL CASE COVER SHEET DUE TO DOCUMENT SUBMITTED

AS NOT A COMPLEX CASE. PLEASE CORRECT YOUR DOCUMENT TO REFLECT THAT IT IS A COMPLEX CASE

AND RESUBMIT FOR FILING.

REJECT NOTICE PRINTED

# Civil Minutes

Calendar ▮▮▮▮    Home ▮▮▮▮

Complaints/Parties    Actions    Minutes    Pending Hearings    Case Report    Images    Perm    Judge's Notes    170 CCP

Case Type: | RIC - Riverside Civil ▾ |    Select a Court: | A - Riverside Civil & Small Claims ▾ |
Case Number: | |    Search

## Case RIC1406794 - REICHARDT VS MET LIFE INC

**Action:** | (Choose) ▾ |

**COMPLAINT FILED - COMPLEX CASE - SUMMONS ISSUED.**

| Date | Time | Department |
|------|------|------------|
| 07/08/2014 | 2:38 PM | |

## Minutes

Receipt: 140709-0370    $450.00

140709-0370-V Reference Number 3977

| Receipt Details | | | | Operator |
|------|------|------|------|------|
| *FEE | 140709-0370-V U07/ | 450.00 | Paymt | RCDMR |
| *REFNM | 140709-0370-V | Reference Number 3977 | | RCDMR |

# Civil Minutes

Calendar ▮   Home ▮

Complaints/Parties   Actions   Minutes   Pending Hearings   Case Report   Images   Perm   Judge's Notes   170 CCP

Case Type: | RIC - Riverside Civil ▾ |   Select a Court: | A - Riverside Civil & Small Claims ▾ |
Case Number: | |   Search

### Case RIC1406794 - REICHARDT VS MET LIFE INC

Action: | (Choose) ▾ |

**COMPLEX CASE DESIGNATION FEE PAID ON COMPLAINT FILED 07/08/2014 OF JAN REICHARDT.**

| Date | Time | Department |
|------|------|------------|
| 07/08/2014 | 2:57 PM | |

**Minutes**

| Receipt: 140709-0393 | $1,000.00 | | | |
|---|---|---|---|---|
| 140709-0393-V Reference Number 3977 | | | | |
| Receipt Details | | | | Operator |
| *FEE | 140709-0393-V | C10/  1000.00 | Paymt | RCDMR |
| *REFNM | 140709-0393-V | Reference Number 3977 | | RCDMR |

# Civil Minutes

Calendar ▮▮▮          Home ▮▮▮

Complaints/Parties   Actions   Minutes   Pending Hearings   Case Report   Images   Perm   Judge's Notes   170 CCP

Case Type: [RIC - Riverside Civil ▾]      Select a Court: [A - Riverside Civil & Small Claims ▾]
Case Number: [          ]        Search

Case RIC1406794 - REICHARDT VS MET LIFE INC

**Action:** [(Choose) ▾]
**FAX FILING BY JAN REICHARDT ($1.50 PER PAGE).**

| Date | Time | Department |
|------|------|------------|
| 07/08/2014 | 2:58 PM | |

**Minutes**

| Receipt: 140709-0394 | $36.00 | | | | |
|---|---|---|---|---|---|
| 140709-0394-V Reference Number 3977 | | | | | |
| Receipt Details | | | | | Operator |
| *FEE | 140709-0394-V | M02/ | 36.00 | Paymt | RCDMR |
| *REFNM | 140709-0394-V | Reference Number 3977 | | | RCDMR |
| PRINT MINUTE ORDER | | | | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

**.RRD**

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

JUL 11 2014

REICHARDT VS MET LIFE I

**R**

CASE NO. RIC1406794

This case is assigned to the Honorable Judge John D. Molloy in Department 10  for all purposes.

The Case Management Conference is scheduled for 09/08/14 at  8:30 in Department 10.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 07/09/14                    by: _____

DAWN ROSENBLOOM, Deputy Clerk

ccadcc
6/25/14

**AMENDED**

AUG 0 8 2014    CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gregory G. Petersen | S.B. No.: 77744<br>Richard L. Hutchinson | S.B.: 92727<br>GREGORY G. PETERSEN, A Law Corporat<br>4425 Jamboree Road, Suite 175, Newport Beach, CA 92660<br>TELEPHONE NO.: 949.864.2200      FAX NO.: 949.640.8983<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>AUG 0 8 2014<br><br>Juliette Jones |

CAM

AUG 1 2 2014

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Riverside, CA 92501
CITY AND ZIP CODE: Riverside Historic Courthouse
BRANCH NAME:

CASE NAME:
Jan Reichardt, et al v. MetLife, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RIC 1406794 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/25/2014

Gregory G. Petersen
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# EXHIBIT C

8/29/2014

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Main Document   Report - Page 43 of 157 ial Claims

# RIVERSIDE SUPERIOR COURT
## PUBLIC ACCESS
### Civil Case Report

📷 **Camera indicates that a document may be purchased.**
**View Document Fee Schedule**

 **First Page icon indicates you can view the first page of a Complaint for free.**

Send me an email when this case is updated (click here) 

[ Print This Report ]

[ Close This Window ]

## Case RIC1406794 - REICHARDT VS MET LIFE INC

### Case RIC1406794 - Complaints/Parties

**Complaint Number:** 0001 — CMP Complaint of JAN REICHARDT
**Original Filing Date:** 07/08/2014
**Complaint Status:** ACTIVE
1 to 10 of 168 total records Next >

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | JAN REICHARDT | GREGORY G PETERSENALC | First Paper Fee Paid |
| 3 | Plaintiff | PHYLLIS ABBONDANZA | GREGORY G PETERSENALC | |
| 4 | Plaintiff | JOSEPH ACOSTA | GREGORY G PETERSENALC | |
| 5 | Plaintiff | DIANA AGNELLO | GREGORY G PETERSENALC | |
| 6 | Plaintiff | DENISE ALLEN | GREGORY G PETERSENALC | |
| 7 | Plaintiff | MARSA ANDERSON | GREGORY G PETERSENALC | |
| 8 | Plaintiff | MELISSA APOLLO | GREGORY G PETERSENALC | |
| 9 | Plaintiff | RAY ASTORGA | GREGORY G PETERSENALC | |
| 10 | Plaintiff | MARY AVERETTE | GREGORY G PETERSENALC | |
| 11 | Plaintiff | TAMMY AYALA | GREGORY G PETERSENALC | |

1 to 10 of 168 total records Next >

### Case RIC1406794 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|

| | 09/08/2014 8:30 AM DEPT. 10 | CASE MANAGEMENT CONFERENCE HEARING - COMPLEX CASE. | | |
|---|---|---|---|---|
| N | 08/08/2014 | AMENDED CIVIL CASE COVER SHEET FILED BY JAN REICHARDT | Not Applicable | 🖾 |
| | 07/08/2014 | CHANGE ATTORNEY ON JAN REICHARDT FROM PRO/PER TO GREGORY G PETERSENALC ON ALL COMPLAINTS | Not Applicable | |
| N | 07/08/2014 | SYSTEM GENERATED NOTICE RE: OF ASSIGNMEN TO DEPARTMENT. | Not Applicable | 🖾 |
| | 07/08/2014 | FAX FILING BY JAN REICHARDT ($1.50 PER PAGE). | Not Applicable | |

**Minutes**    Print Minute Order

   Receipt: 140709-0394        $36.00

| N | 07/08/2014 | SUMMONS ISSUED ON COMPLAINT FILED 07/08/2014 OF JAN REICHARDT | Not Applicable | 🖾 |
|---|---|---|---|---|
| | 07/08/2014 | COMPLEX CASE DESIGNATION FEE PAID ON COMPLAINT FILED 07/08/2014 OF JAN REICHARDT. | Not Applicable | |
| N | 07/08/2014 | CERTIFICATE OF COUNSEL FILED. THE ZIP CODE IS 92543. | Not Applicable | 🖾 |
| N | 07/08/2014 | COMPLAINT FILED - COMPLEX CASE - SUMMONS ISSUED. | Not Applicable | 🖾 1 |

**Minutes**    Print Minute Order

   Receipt: 140709-0370        $450.00

| | 07/08/2014 | CASE ASSIGNED TO DEPARTMENT 10 (COMPLEX CASE). | | |
|---|---|---|---|---|
| | 07/08/2014 | CASE MANAGEMENT CONFERENCE HEARING - COMPLEX CASE SET 9/08/14 AT 8:30 IN DEPT. 10. | | |
| | 07/08/2014 | RETURNED DOCUMENT: CIVIL CASE COVER SHEET SUBMITTED BY JAN REICHARDT. | Not Applicable | |

**Minutes**    Print Minute Order

THE COURT IS UNABLE TO PROCESS THE ENCLOSED DOCUMENT(S) FOR THE REASON(S) INDICATED BELOW:

RECEIVED FAX ON 7/8/14 UNABLE TO PROCESS THE CIVIL CASE COVER SHEET DUE TO DOCUMENT SUBMITTED

AS NOT A COMPLEX CASE. PLEASE CORRECT YOUR DOCUMENT TO REFLECT THAT IT IS A COMPLEX CASE

AND RESUBMIT FOR FILING.

REJECT NOTICE PRINTED

## Case RIC1406794 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 09/08/2014 8:30 AM DEPT. 10 | CASE MANAGEMENT CONFERENCE HEARING - COMPLEX CASE. | | |

Print This Report

Close This Window

Riverside Public Access 5.7.23 © 2014 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

# EXHIBIT D

B104 (FORM 104) (08/07)

**NOTE:  Removal By Debtor Of State Court Action In Which Debtor Is A Defendant**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANT |
|---|---|
| PEGGY KIRTON, an individual; and DIANA AGNELLO, an individual | VALLEY HEALTH SYSTEM, a California Local Health Care District; the VALLEY HEALTH SYSTEM RETIREMENT PLAN, a public employee retirement entity, JOEL BERGENFELD, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, VINAY M. RAO, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan, MICHELE BIRD, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan, MET LIFE, INC., in its fiduciary capacity as the administrator of the Valley Health System Retirement Plan, and DOES 1 through 200, inclusive |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Gregory G. Petersen<br>Anjana Gupta<br>Ramon Trujillo<br>The Petersen Law Firm A Law Corporation<br>3100 Airway Avenue, Suite 109<br>Costa Mesa, CA 92626<br>Telephone: 949-335-1300 | Charles D. Axelrod<br>Gary E. Klausner<br>Marina Fineman<br>Neeta Menon<br>Stutman, Treister & Glatt Professional Corporation<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br>Telephone:  310-228-5600 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other – Petitioners<br>☐ Trustee | ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED) |
|---|
| Petition for Writ of Mandate Pursuant to Code of Civil Procedures § 1085 RE: (1) Violation of Valley Health System Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[X]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
       false representation, actual fraud

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
       (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.

544150v1

**B104 (FORM 104) (08/07), Page 2**

| [ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>    **(continued next column)** | [ X ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $**100 million, plus** |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>  Valley Health System | BANKRUPTCY CASE NO.<br>  6:07-bk-18293-PC |

| DISTRICT IN WHICH CASE IS PENDING<br>  Central District of California | DIVISION OFFICE<br>  Riverside | NAME OF JUDGE<br>  Honorable Peter Carroll |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ NEETA MENON |
|---|

| DATE<br>September 22, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NEETA MENON |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                              Best Case Bankruptcy
544150v1

1    CHARLES D. AXELROD (STATE BAR NO. 39507)
     GARY E. KLAUSNER (STATE BAR NO. 69077)
2    MARINA FINEMAN (STATE BAR NO. 193065)
     NEETA MENON (STATE BAR NO. 254736)
3    STUTMAN, TREISTER & GLATT
     PROFESSIONAL CORPORATION
4    1901 Avenue of the Stars
     12th Floor
5    Los Angeles, CA 90067
     Telephone:  (310) 228-5600
6    Telecopy:  (310) 228-5788

7    Chapter 9 Counsel for Valley Health System

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10               **RIVERSIDE DIVISION**

| | |
|---|---|
| In re | ) Case No. 6:07-bk-18293-PC |
| | ) |
| | ) Chapter 9 |
| VALLEY HEALTH SYSTEM, a California | ) |
| Local Health Care District | **)NOTICE OF REMOVAL OF CIVIL** |
| | **)ACTION UNDER 28 U.S.C. § 1452(a)** |
| Debtor, | ) |
| | )Adv. Proc. No. _____ |
| PEGGY KIRTON, an individual; and DIANA | ) |
| AGNELLO, an individual, | ) |
| | ) |
| Petitioners, | ) |
| v. | ) |
| | ) |
| VALLEY HEALTH SYSTEM, a California | ) |
| Local Health Care District; the VALLEY | ) |
| HEALTH SYSTEM RETIREMENT PLAN, | ) |
| a public employee retirement entity, JOEL | ) |
| BERGENFELD, individually and in his | ) |
| capacity as a Trustee of the Valley Health | ) |
| System Retirement Plan, VINAY M. RAO, | ) |
| individually and in his capacity as a Trustee of | ) |
| the Valley Health System Retirement Plan, | ) |
| MICHELE BIRD, individually and in her | ) |
| capacity as a Trustee of the Valley Health | ) |
| System Retirement Plan, MET LIFE, INC., in | ) |
| its fiduciary capacity as the administrator of the | ) |
| Valley Health System Retirement Plan, and | ) |
| DOES 1 through 200, inclusive, | ) |
| | ) |
| Respondents. | ) |

1    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452(a), Federal Rule of

2    Bankruptcy Procedure 9027, Local Bankruptcy Rule 9027-1 and General Order 266 of the

3    United States District Court for the Central District of California, Valley Health System, the

4    debtor in the above-captioned chapter 9 case (the "District"), hereby removes all claims and

5    causes of action asserted by Peggy Kirton, an individual, and Diana Agnello, an individual

6    (collectively, the "Petitioners"), in that certain "Petition for Writ of Mandate Pursuant to Code of

7    Civil Procedure § 1085 RE: (1) Violation of Valley Health Systems [sic] Retirement Plan; (2)

8    Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief" (the

9    "Petition"), which was filed on August 26, 2010 and is pending as Case No. RIC 10017129 (the

10    "Litigation"), to the United States Bankruptcy Court for the Central District of California,

11    Riverside Division (this "Court"). A copy of the Petition is attached hereto as Exhibit A. In

12    support of removal, the District respectfully sets forth the following:

13    ## JURISDICTION AND VENUE

14    1.    The Litigation is a civil action over which this Court has original jurisdiction

15    pursuant to 28 U.S.C. § 1334. Indeed, as discussed below, this Court has exclusive jurisdiction over

16    the Litigation pursuant to 28 U.S.C. § 1334(e)(1).

17    2.    Venue of the removed action is proper in this Court pursuant to 28 U.S.C. §

18    1452(a), because this is the district in which the Litigation is pending.

19    3.    This notice of removal is timely filed pursuant to Federal Rule of Bankruptcy

20    Procedure 9027(a)(2).

21    4.    As required by Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local

22    Bankruptcy Rule 9027-1(d)(1), a compilation of all process and pleadings from the Litigation other

23    than the Petition is attached hereto as Exhibit B, and a copy of the docket in the Litigation is attached

24    hereto as Exhibit C.

25    ## BACKGROUND

26    5.    Among the benefits that the District offered to its employees prepetition

27    were retirement benefits under the "Valley Health System Retirement Plan Adopted January 1,

28    1971", as amended (the "VHS Retirement Plan").

2

1    6.    On April 26, 2010, this Court entered its "Order (i) Confirming First

2    Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, as

3    Modified February 19, 2010, and (ii) Granting Judgment for Valley Health System in Each

4    Challenge Action", confirming the District's "First Amended Plan for the Adjustment of Debts of

5    Valley Health System Dated December 17, 2009 as Modified February 19, 2010" (the "Plan").

6    Under the Plan, the District separately classified all claims held by eligible participants in the

7    VHS Retirement Plan into Class 2C.

8    7.    As part of the Plan, this Court approved the sale (the "Sale") of

9    substantially all of the District's assets to Physicians for Healthy Hospitals, Inc. Upon the Sale

10    closing, the Plan will become effective and binding on all parties in interest in this case.

11    **GROUNDS FOR REMOVAL**

12    8.    The Petitioners assert that they are former employees of the District and

13    have "acquired vested property and contractual rights to receive retirement benefits from" the

14    VHS Retirement Plan. *See* Petition at p. 2, ¶1. As such, the Petitioners have brought the

15    Litigation and have alleged that, among other things, since the commencement of the District's

16    fiscal year 1999, (i) the District failed to contribute amounts to the VHS Retirement Plan as

17    required by law, (ii) the Respondents have failed to perform their obligations to maintain the

18    VHS Retirement Plan as required by the plan and applicable law, and (iii) the Respondents have

19    violated the California Constitution and have breached certain contractual obligations by

20    rendering the retirement system actuarially unsound. Petitioners also seek declaratory relief and

21    damages in excess of $100 million.

22    9.    Each cause of action and the damages sought by Petitioners may directly

23    or indirectly impact the property of the District's bankruptcy estate as defined in section 541(a)

24    of the Bankruptcy Code, over which this Court has exclusive jurisdiction.[1] *See* 28 U.S.C. §

25    1334(e)(1). This matter therefore falls squarely within federal bankruptcy jurisdiction pursuant

26    _____

27    [1]    Although section 541 of the Bankruptcy Code is not incorporated into section 901, section 902(1) of the Bankruptcy Code provides that "'property of the estate', when used in a section that is made application in a case under this chapter by section 103(e) or 901 of this title, means property of the debtors". 11 U.S.C. § 902(1).

28

3

1  to 28 U.S.C. § 1334, because it arises in, arises under or relates to a proceeding under title 11.

2  *See id.* § 1334(b).

3         10.    Additionally, because the Litigation implicates substantive rights created

4  by the Bankruptcy Code, and implicates matters concerning the administration of the estate, as

5  well as the allowance or disallowance of claims against the estate or exemptions from property

6  of the District's estate, and the implementation of the District's confirmed Plan, the Litigation is a

7  core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (B) and/or (L).

8         11.    Whether the Petitioners have any claim against the assets of the District's

9  estate is a question for this Court, and therefore, this case is properly removed.

10

11  DATED:  September 22, 2010          /s/ Neeta Menon

12                                      CHARLES D. AXELROD,
                                        GARY E. KLAUSNER
13                                      MARINA FINEMAN, and
                                        NEETA MENON, Members of
14                                      STUTMAN, TREISTER & GLATT
                                        PROFESSIONAL CORPORATION
15                                      Chapter 9 Counsel for Valley Health System

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**Petition for Writ of Mandate Pursuant to Code of Civil Procedure § 1085 RE: (1) Violation of Valley Health System Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief**

AUG 26 2010

1  Gregory G. Petersen, SBN 77744
   GPetersen@PetersenLawFirm.Com
2  Anjana Gupta, SBN 263489
   AGupta@Petersenlawfirm.com
3  Ramon Trujillo, SBN 265672
   Rtrujillo@petersenlawfirm.com
4  THE PETERSEN LAW FIRM
   A Law Corporation
5  3100 Airway Avenue, Suite 109
   Costa Mesa, California 92626
6  Telephone: (949) 335-1300
   Facsimile: (714) 850-0274
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 26 2010

E. Cecilio

8  Attorneys for Petitioners PEGGY KIRTON
   and DIANA AGNELLO
9

10

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF RIVERSIDE

13

   PEGGY KIRTON, an individual; and DIANA      Case No: **RIC  10017129**
   AGNELLO, an individual;
                                                PETITION FOR WRIT OF MANDATE
              Petitioners,                      PURSUANT TO CODE OF CIVIL
                                                PROCEDURE § 1085 RE:
        vs.                                       (1) VIOLATION OF VALLEY
                                                      HEALTH SYSTEMS
18  VALLEY HEALTH SYSTEMS; a public                   RETIREMENT PLAN;
    entity and community hospital, the VALLEY     (2) VIOLATION OF CALIFORNIA
19  HEATH SYSTEMS RETIREMENT PLAN, a                  CONSTITUTION;
    public employee retirement entity, JOEL        (3) BREACH OF CONTRACT; AND
20  BERGENFELD, individually and in his           (4) DECLARATORY RELIEF
    capacity as a Trustee of the Valley Health
21  Systems Retirement Plan, VINAY M. RAO,
    individually and in his capacity as a Trustee of
22  the Valley Health Systems Retirement Plan,
    MICHELE BIRD, individually and in his
23  capacity as a Trustee of the Valley Health
    Systems Retirement Plan, Met Life, Inc., in its
24  fiduciary capacity as the administrator of the
    Valley Health Systems Retirement Plan, and
25  DOES 1 through 200, inclusive,

26            Respondents.

27

28

                    Writ of Mandate per CCP § 1085 – Page 1

EXHIBIT A
5

1.    Petitioners PEGGY KIRTON, an individual; and DIANA AGNELLO, an individual, are former employees of Valley Health Systems, a public entity and community hospital ("HOSPITAL"), who have acquired vested property and contractual rights to receive retirement benefits from the Valley Health System Retirement Plan ("PLAN").

2.    Respondent PLAN is an entity established in 1971 by the HOSPITAL and, in accordance with California Constitution article XVI; section 17, the PLAN provides retirement, disability, and death benefits to its members. Said PLAN is an independent *sui juris* entity with constitutionally mandated fiduciary duties to the Petitioners.

3.    Respondents Valley Health Systems Retirement Plan TRUSTEES Joel Bergenfeld, Vinay M. Rao, Michele Bird and other unknown named DOES (TRUSTEES) have administered the PLAN since its inception in 1971 and are responsible, in whole or in part, for the actions complained of herein and have breached their Constitutionally mandated obligations and fiduciary duties to the Petitioners and the Public.

4.    Respondent Met Life, Inc. (MET) is the administrator of the Valley Health Systems Retirement Plan, the PLAN, and responsible for the management and activities of the PLAN under the control and direction of the TRUSTEES and Board of the PLAN.

5.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Respondents DOES 1 to 200, inclusive, are unknown to Petitioners, who therefore sues said Respondents by such fictitious names. Specifically the identity of the TRUSTEES named as DOES have not been disclosed to the Petitioners or other members of the PLAN despite repeated requests for such information.

6.    Petitioners are informed and believes thereon alleges that each of the Respondents designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to Petitioners as herein alleged. Petitioners will seek leave of court to amend this complaint to set forth the true names and capacities of such named Respondents when their identities become known to him.

7.    Petitioners are informed and believe thereon allege that each defendant named in this action, including DOE Respondents, at all relevant times, was the agent, ostensible agent,

Writ of Mandate per CCP § 1085 – Page 2

1   servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the

2   other Respondents, and was at all times acting within the course and scope of his, her, or its

3   authority agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-

4   conspirator, and with the same authorization, consent, permission or ratification of each of the

5   other Respondents and one with another for the common purposes and designs alleged herein.

6       8.    Respondent PLAN and MET administers trust funds which are used to pay

7   various retirement, disability, and death benefits to which its members are entitled.

8       9.    Petitioners are members of PLAN.

9       10.   "The assets of a public pension or retirement system are trust funds and [are] held

10  for the exclusive purpose of providing benefits to participants in the pension or retirement system

11  and their beneficiaries and defraying reasonable expenses of administering the system." (Cal.

12  Const., art. XVI, § 17, subd. (a).)

13      11.   The "California Pension Protection Act of 1992" (hereinafter "ACT") has not

14  been complied with and the TRUSTEES, have not complied with the fiduciary and constitutional

15  requirements of the ACT which provides that:

16          "[n]otwithstanding any other provisions of law or this Constitution to the
            contrary, the retirement board of a public pension or retirement system
17          shall have plenary authority and fiduciary responsibility for investment of
            moneys and administration of the system, subject to all of the following:
18

19          (a)    The retirement board of a public pension or
            retirement system *shall have the sole and exclusive fiduciary
20          responsibility over the assets of the public pension or retirement
            system. The retirement board shall also have sole and exclusive
21          responsibility to administer the system in a manner that will assure
            prompt delivery of benefits and related services to the participants
22          and their beneficiaries. The assets of a public pension or
            retirement system are trust funds and shall be held for the
23          exclusive purposes of providing benefits to participants in the
            pension or retirement system and their beneficiaries and defraying
24          reasonable expenses of administering the system.*

25          (b)    The *members of the retirement board of a public
            pension or retirement system shall discharge their duties with
26          respect to the system solely in the interest of, and for the exclusive
            purposes of providing benefits to, participants and their
27          beneficiaries,* minimizing employer contributions thereto, and
            defraying reasonable expenses of administering the system. *A*
28

Writ of Mandate per CCP § 1085 – Page 3

1   *retirement board's duty to its participants and their beneficiaries*
2   *shall take precedence over any other duty.*

3       (c)    The members of the retirement board of a public
pension or retirement system shall discharge their duties with
respect to the system with the care, skill, prudence, and diligence
under the circumstances then prevailing that a prudent person
acting in a like capacity and familiar with these matters would use
in the conduct of an enterprise of a like character and with like
aims.

7       (d)    The members of the retirement board of a public
pension or retirement system shall diversify the investments of the
system so as to minimize the risk of loss and to maximize the rate
of return, unless under the circumstances it is clearly not prudent to
do so.

10      (e)    *The retirement board of a public pension or
retirement system, consistent with the exclusive fiduciary
responsibilities vested in it, shall have the sole and exclusive
power to provide for actuarial services in order to assure the
competency of the assets of the public pension or retirement
system.*

14      (f)    With regard to the retirement board of a public
pension or retirement system which includes in its composition
elected employee members, the number, terms, and method of
selection or removal of members of the retirement board which
were required by law or otherwise in effect on July 1, 1991, shall
not be changed, amended, or modified by the Legislature unless
the change, amendment, or modification enacted by the Legislature
is ratified by a majority vote of the electors of the jurisdiction in
which the participants of the system are or were, prior to
retirement, employed.

20      (g)    The Legislature may by statute continue to prohibit
certain investments by a retirement board where it is in the public
interest to do so, and provided that the prohibition satisfies the
standards of fiduciary care and loyalty required of a retirement
board pursuant to this section.

23      (h)    As used in this section, the term 'retirement board'
shall mean the board of administration, board of trustees, board of
directors, or other governing body or board of a public employees'
pension or retirement system; provided, however, that the term
'retirement board' shall not be interpreted to mean or include a
governing body or board created after July 1, 1991 which does not
administer pension or retirement benefits, or the elected legislative
body of a jurisdiction which employs participants in a public
employees' pension or retirement system." (Cal. Const., art. XVI,
§ 17).

Writ of Mandate per CCP § 1085 -- Page 4

EXHIBIT A
8

12. This suit is brought in the public interest because the members of the public, including citizens of and visitors to the region served by the HOSPITAL benefit from a solvent pension system, the PLAN, which (a) keeps promises to loyal public servants and therefore promotes public service, (b) reduces the specter of insolvency of the pension fund administered by PLAN Board of TRUSTEES ("Board"), and (c) reduces the chances of bankruptcy by the HOSPITAL and PLAN.

13. Petitioner's does not seek any relief greater than or different from the relief sought for the class of PLAN beneficiaries of which they are members.

14. This action, if successful, would confer a significant pecuniary benefit to the public trust fund administered by PLAN, its more than 2,000 members plus, and the general public.

15. Private enforcement is necessary because PLAN, MET and TRUSTEES have failed to prosecute these claims. This private enforcement has placed a disproportionate financial burden on Petitioners in relation to their stake in this matter.

16. Commencing on Thursday, August 19, 2010 the Respondents commenced the destruction of records by removing to official government records to a shredding truck, causing the shredding of thousands of pages of government records. No shredding logs have been prepared as to these documents and no public action by any Board of TRUSTEES has authorized any such destruction, to the Petitioners knowledge, in any public meeting concerning these records. Additionally, Petitioners are informed and believe that the Respondents are seeking and destroying electronic records at this time. Such conduct appears to violate the provisions of California Government Code §§ 5200 and 5201 and constitutes a crime. Petitioners gave notice of their intention to seek judicial relief against the PLAN and the TRUSTEES more than ten (10) days prior to the current destruction activities. No known compliance with the California Records Retention Act has been had in regard to these records and their destruction after notice of this action is contrary to law.

////

////

Writ of Mandate per CCP § 1085 – Page 5

## FIRST CAUSE OF ACTION – VIOLATION OF VALLEY HEALTH SYSTEM

## RETIREMENT PLAN

### (Against the all Respondents and DOES 1-200)

17.   Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

18.   The PLAN became effective January 1, 1971 and provides the HOSPITAL with clear guidelines as to the creation and funding of future PLAN debt and the manner in which the HOSPITAL is obligated to contribute to the PLAN.

19.   HOSPITAL created an unlawful funding strategy based on negotiation with the PLAN, and not based on actuarial science as required by law, in violation of their various fiduciary duties and the California Constitution.

20.   Beginning with its fiscal year in 1999 and in each and every fiscal year since, the HOSPITAL failed and refused to contribute amounts to PLAN required by law and Respondents have failed and refused to perform their obligations to maintain the PLAN as required by the PLAN documents and the California Constitution.

21.   The Respondents concealed the Hospital's violations of the PLAN requirements as well as the Underfunding of its pension trust fund and refuse to provide PLAN members with an accounting of the PLAN funds. Said refusals continue to this date.

22.   The Respondents concealed the Hospital's violations of the PLAN, as well as the Underfunding of its pension trust fund in statements made to PLAN members.

23.   The Respondents induced various PLAN TRUSTEES to violate their fiduciary duties to Petitioner's by enticing them, as HOSPITAL employees and agents, to favor the HOSPITAL over the PLAN in violation of the California Constitution and the PLAN document.

24.   Respondents' allowing the Underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Petitioners.

25.   By the conduct alleged, the Respondents actively participated with, aided, and abetted in PLAN'S breach of trust.

////

Writ of Mandate per CCP § 1085 – Page 6

26.    The Respondents participated with, aided, and abetted in PLAN'S breach of trust for defendant's own financial gain.

27.    The Respondents also concealed their participation and assistance with PLAN'S breach of trust.

28.    The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding.

29.    PLAN and the other Respondents have been unwilling to prosecute this action to recover assets belonging to the trust.

30.    This cause of action is brought on behalf of PLAN and its members and any recovery obtained in this cause of action will be paid to PLAN.

## SECOND CAUSE OF ACTION – VIOLATION OF CALIFORNIA CONSTITUTION

### (Against all the Respondents and DOES 1-200)

31.    Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

32.    From at least 1999 to the present the PLAN has not been funded by HOSPITAL as required by the PLAN document.

33.    From its fiscal year beginning in 1999 through its fiscal year beginning this year the HOSPITAL violated its obligations by failing to pay the PLAN earnable compensation as determined by the Plan's Actuary pursuant to the annual actuarial valuation required by law.

34.    The Respondents concealed the HOSPITAL violations PLAN document as well as the Underfunding of its pension trust fund, by concealing that such Underfunding would render HOSPITAL employee pension trust fund actuarially unsound.

35.    The Respondents induce the PLAN and/or TRUSTEES and the HOSPITAL to violate their fiduciary duties to Petitioners by enticing the Respondents with special benefits as employees of HOSPITAL and improper directions.

36.    Allowing the Underfunding was a constructive fraud and a breach by PLAN TRUSTEES of their fiduciary duties to the Petitioners.

Writ of Mandate per CCP § 1085 – Page 7

EXHIBIT A
11

37.    By conduct alleged the Respondents actively participated with, aided, and abetted in PLAN'S breach of trust.

38.    The Respondents participated with, aided, and abetted in PLAN'S breach of trust for Respondents own financial gain.

39.    The Respondents also concealed their participation and assistance with PLAN'S breach of trust.

40.    The pension trust fund administered by PLAN has suffered damages of at least $100 million as a result of the Underfunding.

41.    PLAN has been unwilling to prosecute this action to recover assets belonging to the trust.

42.    This cause of action is brought on behalf of PLAN and its members and any recovery obtained in this action will be paid to PLAN.

## THIRD CAUSE OF ACTION – BREACH OF IMPLIED AND EXPRESS CONTRACT

### (Against the TRUSTEES, HOSPITAL and PLAN)

43.    Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein.

44.    Petitioner's and the HOSPITAL have entered into a valid binding contract, under the terms of which Petitioners provided labor to the HOSPITAL in exchange for compensation, a portion of which included Petitioners' entitlement to receive defined pension benefits upon reaching retirement age under the PLAN.

45.    An implied and express covenant of the parties' contract required the PLAN and HOSPITAL to maintain an actuarially sound retirement system, as does the California Constitution.

46.    Petitioner's have a vested contractual right to an actuarially sound retirement system.

47.    The Hospital's Underfunding of the retirement system was actuarially unsound.

Writ of Mandate per CCP § 1085 – Page 8

EXHIBIT A
12

48.    The HOSPITAL'S Underfunding breached the contract between the HOSPITAL and Petitioners.

49.    Petitioners had performed all terms of the contract on their part to be performed.

50.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension trust fund in 1999 through the present.

51.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension trust.

52.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension trust by withholding financial statements from the Petitioners and others.

53.    The HOSPITAL concealed its breach, as well as the Underfunding of its pension trust by concealing that such Underfunding would render the PLAN fun actuarially unsound.

54.    As the result of the Hospital's breach of contract, Petitioner's have suffered damages in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

(Against All Respondents)

55.    Petitioner's incorporates by reference and realleges paragraph 1 through 16 as though fully set forth herein

56.    An actual and justiciable controversy have arisen, and now exists, between Petitioners, on the one hand, and the HOSPITAL, on the other hand, as to:

    a.    Whether the HOSPITAL have violated the PLAN document by failing to fund its retirement plan as required

    b.    The HOSPITAL breached its contract with Petitioner's by rendering the retirement system actuarially unsound.

57.    Pursuant to Code of Civil Procedure section 1060, Petitioners desire judicial determinations that:

    a.    The Respondents, HOSPITAL and PLAN violated the PLAN document by failing to fund its retirement plan as required

Writ of Mandate per CCP § 1085 – Page 9

EXHIBIT A
13

1    b.    The HOSPITAL and PLAN breached its contract with Petitioner's by
2  rendering the retirement system actuarially unsound.

3    58.    Such judicial determinations are necessary and appropriate at this time so that the
4  parties can ascertain their respective rights and duties in order to avoid the potential for a
5  multiplicity of costly judicial challenges by individual members of PLAN.

6    59.    There are no administrative remedies available to Petitioners to compel the relief
7  sought herein. Therefore, Petitioner's have exhausted all available administrative remedies.

8    60.    Petitioner's have no plain, speedy or adequate remedy at law.

9    61.    Petitioners are entitled to damages in an amount that will rectify the PLAN'S
10  Underfunding, which amount is in excess of $100 million.

11    WHEREFORE, Petitioner's prays Judgment:

12    1.    For damages payable to PLAN in the amount of the Underfunding, with interest,
13  since 1999.

14    2.    Following a duly noticed hearing, this Court render issue its Peremptory Writ of
15  Mandate commanding the Respondents on, Petitioners' First and Second Causes, of Action to:

16    a.    fund its retirement plan in accordance with the PLAN'S independent
17  Actuary pursuant to the annual actuarial valuation required by law.

18    b.    The Respondents disclose all information concealed by the Hospital as
19  regards its violations PLAN document, as well as the Underfunding of its pension trust fund, by
20  producing all books and records of the HOSPITAL and PLAN for inspection and review by the
21  PLAN members and their counsel, within fifteen days of the issuance of this Court's Alternative
22  Writ of Mandate, issued upon this Petition.

23    c.    That the Respondents take no action concealing or furthering that
24  Underfunding;

25    d.    That the Respondents take no action that renders the PLAN actuarially
26  unsound.

27    e.    The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to
28  Petitioners.

Writ of Mandate per CCP § 1085 – Page 10

f.      That the Respondents place all of the PLAN funds not already paid to the PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result of the constructive fraud and a breach by Respondents, including the PLAN TRUSTEES, of their fiduciary duties to the Petitioners.

g.      PLAN and TRUSTEES immediately prosecute any and all actions allowed or required to recover the PLAN corpus and other assets, belonging to the PLAN, from any and all persons and entities who have custody or control of such funds or assets, whether in a constructive trust or otherwise, under the supervision and direction of this Court and that this Court maintain jurisdiction to oversee the proper performance of this duty to the Petitioners and all PLAN members.

3.      Following a duly noticed hearing, this Court render issue its Judgment on Petitioners' Third Cause of Action to state that:

a.      As the result of the Hospital's breach of contract, Petitioner's have suffered damages in an amount to be proved at trial for the underfunding of the PLAN.

b.      That the PLAN is underfunded in an amount to be proved at trial

c.      That the Respondents, and each of them, as a result of their failures to comply with their Constitutional and Fiduciary duties have, have caused damages in an amount to be determined at trial to Petitioners and the PLAN.

d.      That, as the result of the Hospital's breach of contract, Petitioner's has suffered individual damages in an amount to be proved at trial.

4.      Following a duly noticed hearing, this Court render a judicial determination on Petitioners' Fourth Cause of Action that:

a.      The RESPONDENTS have violated the PLAN document by failing to fund its retirement plan as required

b.      The RESPONDENTS breached the contract with Petitioner's by rendering the retirement system actuarially unsound.

5.      This Court award Petitioner's their costs of suit herein.

////

Writ of Mandate per CCP § 1085 – Page 11

6.    This Court award Petitioners' counsel reasonable attorney fees in accordance with section 1021.5 of the Code of Civil Procedure and the common fund doctrine, and

7.    This Court award such other and further relief as it deems necessary and proper.

Dated: August 25, 2010

Respectfully submitted,

THE PETERSEN LAW FIRM
A Law Corporation

By: _____
Gregory G. Petersen
Attorney for Petitioners

Writ of Mandate per CCP § 1085 – Page 12

EXHIBIT A
16

AUG 2 6 2010    CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar Number, and address):
Gregory G. Petersen, Esq., Bar No. 77744
THE PETERSEN LAW FIRM, A Law Corporation
3100 Airway Avenue, Suite 109
Costa Mesa, California 92626
TELEPHONE NO.: (949) 335-1300    FAX NO.: (714) 850-0274
ATTORNEY FOR (Name): Peggy Kirton and Diana Agnello

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Peggy Kirton, et al. v. Valley Health Systems, et al.

FOR COURT USE ONLY

CASE NUMBER:
RIC 10017129

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [✓] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 25, 2010
Gregory G. Petersen
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A
17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**Process and Pleadings in the Litigation other than the Petition**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES

PEGGY KIRTON

    vs.                             CASE NO:  RIC 10017129

VALLEY HEALTH SYSTEMS

TO:

This case has been assigned to the HONORABLE Judge Mac R. Fisher
in Department 06 as the case management department.

All matters including, but not limited to, Fast Track hearings,
law and motion, and settlement conference hearings shall be heard
by the assigned judge until further order of the Court.

Any disqualification pursuant to CCP section 170.6 shall be filed
in accordance with that section.

The filing party shall serve a copy of this notice on all
parties.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California,County of Riverside and I am not a party to this action
or proceeding.In my capacity,I am familiar with the practices and
procedures used in connection with the mailing of correspondence.Such
correspondence is deposited in the outgoing mail of the Superior Court
Outgoing mail is delivered to and mailed by the United States Postal
Service,postage prepaid,the same day in the ordinary course of
business.I certify that I served a copy of the foregoing Notice and
Order of Assignment to Department for Case Management Purposes on
this date by depositing said copy as stated above.

Dated: 08/26/10

                        Court Executive Officer/Clerk

                    By
                        ELIZABETH S CECILIO                    Deputy Clerk

Notice 'CAD' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC10017129 on 8/26/10:

THE PETERSEN LAW FIRM, A LAW CORPO
3100 AIRWAY AVENUE
SUITE 109
COSTA MESA, CA 92626

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

**NOTICE OF STATUS HEARING**

PEGGY KIRTON

    vs.

VALLEY HEALTH SYSTEMS

Case No.RIC10017129

TO:   THE PETERSEN LAW FIRM, A LAW CORPORATION
3100 AIRWAY AVENUE
SUITE 109
COSTA MESA CA 92626

Notice is hereby given that a Status Hearing has been set for
09/27/10 at  8:30 in Department 06. If a judgment or
dismissal is filed before 09/27/10, this hearing will be taken
off calendar.

**CERTIFICATE OF MAILING**

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 08/26/10

Court Executive Officer/Clerk

By: _____

ELIZABETH S CECILIO, Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT C

### Docket in Litigation

544131v1

# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

### Civil Case Report

📷 **Camera indicates that a document may be purchased**
View Document Fee Schedule

| Print This Report |
| Close This Window |

## Case RIC10017129 - KIRTON VS VALLEY HEALTH SYSTEMS

### Case RIC10017129 - Complaints/Parties

Complaint Number: 1
Complaint Type:     Writ of Mandamus (Mandate)
Filing Date:        08/26/2010
Complaint Status:   ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Petitioner | PEGGY KIRTON | THE PETERSEN LAW FIRM, A LAW CORPORATION | First Paper Fee Paid |
| 2 | Petitioner | DIANA AGNELLO | THE PETERSEN LAW FIRM, A LAW CORPORATION | First Paper Fee Paid |
| 3 | Respondent | VALLEY HEALTH SYSTEMS | Unrepresented | Serve Required (WaitS) |
| 4 | Respondent | VALLEY HEATH SYSTEMS RETIREMENT PLAN | Unrepresented | Serve Required (WaitS) |
| 5 | Respondent | JOEL BERGENFELD | Unrepresented | Serve Required (WaitS) |
| 6 | Respondent | VINAY M RAO | Unrepresented | Serve Required (WaitS) |
| 7 | Defendant | MICHELE BIRD | Unrepresented | Serve Required (WaitS) |

### Case RIC10017129 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 09/27/2010 8:30 AM DEPT. 06 | STATUS HEARING - WRIT OF MANDATE | | |
| **Minutes** | | | | |
| NOTICE SENT TO THE PETERSEN LAW FIRM, A LAW CORPORATION ON 8/26/10 | | | | |
| | | | Not | 📷 |

EXHIBIT C

21

RIC10017129 Case Report - R  :side Civil & Small Claims

Page 2 of 2

| | | | | |
|---|---|---|---|---|
| N | 08/26/2010 | CERTIFICATE OF COUNSEL FILED. | Applicable | |
| | 08/26/2010 | STATUS HEARING - WRIT OF MANDATE SET 9/27/10 AT 8:30 IN DEPT. 06. | | |
| | 08/26/2010 | CASE ASSIGNED TO DEPARTMENT 06 - WRIT OF MANDATE. | | |
| | Minutes NOTICE SENT TO THE PETERSEN LAW FIRM, A LAW CORPORATION ON 8/26/10 | | | |
| | 08/26/2010 | PETITION AND PARTY INFORMATION ENTERED - WRIT OF MANDATE. | Not Applicable | |
| N | 08/26/2010 | PETITION FOR WRIT OF MANDATE FILED. | Not Applicable | ▣ |
| | Minutes Receipt: 100826-0488      $370.00 | | | |

### Case RIC10017129 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 09/27/2010 8:30 AM DEPT. 06 | STATUS HEARING - WRIT OF MANDATE | | |

```
Print This Report
```

```
Close This Window
```

Riverside Public Access 5.6.17 © 2010 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

EXHIBIT C
22

# EXHIBIT E

1  GARY E. KLAUSNER (STATE BAR NO. 69077)
   MARINA FINEMAN (STATE BAR NO. 193065)
2  STUTMAN, TREISTER & GLATT
   PROFESSIONAL CORPORATION
3  1901 Avenue of the Stars
   12th Floor
4  Los Angeles, CA 90067
   Telephone: (310) 228-5600
5  Telecopy: (310) 228-5788

6  Counsel for Valley Health System

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11  In re                              ) Case No. 6:07-bk-18293-PC
                                       )
12                                     ) Chapter 9
    VALLEY HEALTH SYSTEM, a California )
13  Local Health Care District         )
                                       ) NOTICE OF REMOVAL OF CIVIL
14                   Debtor,           ) ACTION UNDER 28 U.S.C. § 1452(a)
    JAN REICHARDT, an individual; and ROSIE )
15  DE LA ROSA, an individual; AILEEN ) Adv. Proc. No. _____
    GRISHAM, an individual; on behalf of all )
16  others similarly situated.         )
                                       )
17                                     )
               Plaintiffs/Petitioners, )
18                                     )
         v.                            )
19                                     )
    VALLEY HEALTH SYSTEM, A            )
20  CALIFORNIA LOCAL HEALTH CARE       )
    DISTRICT, RETIREMENT PLAN; GLENN   )
21  HOLMES, individually and in his capacity as a )
    Trustee of the Valley Health System )
22  Retirement Plan; MADELINE DREIER,  )
    individually and in her capacity as a Trustee of )
23  the Valley Health System Retirement Plan )
    AMELIA HIPPERT, individually and in her )
24  capacity as a Trustee of the Valley Health )
    System Retirement Plan; Dr. WILLIAM )
25  CHERRY, individually and in his capacity as a )
    Trustee of the Valley Health System )
26  Retirement Plan; TOM WILSON, individually )
    and in his capacity as a Trustee of the Valley )
27  Health System Retirement Plan; DEAN )
28

1  DEINES, individually and in his capacity as a )
2  Trustee of the Valley Health System )
   Retirement Plan; JOEL M. BERGENFELD, )
3  individually and in his capacity as a Trustee of )
   the Valley Health System Retirement Plan; )
4  VINAY M. RAO, individually and in his )
   capacity as a Trustee of the Valley Health )
5  System Retirement Plan; MICHELE BYRD, )
   individually and in her capacity as a Trustee of )
6  the Valley Health System Retirement Plan; )
7  METROPOLITAN LIFE INSURANCE )
   COMPANY in its fiduciary capacity as the )
8  insurance company holding the trust funds of )
   the Valley Health System Retirement Plan; and )
9  DOES 1 through 200, inclusive, )
                                                )
10                          Defendants/Respondents.)
                                                )
11

12         **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1452(a), Federal Rule of

13  Bankruptcy Procedure 9027, Local Bankruptcy Rule 9027-1 and General Order 266 of the

14  United States District Court for the Central District of California, Valley Health System, the

15  reorganized debtor in the above-captioned chapter 9 case (the "**District**"), hereby removes all

16  claims and causes of action asserted by Jan Reichardt, Rosie De La Rosa, and Aileen Grisham,

17  former employees of the District and as representatives in a collective action (the "**Petitioners**"),

18  in that certain *Petition For Writ of Mandate Pursuant To Code of Civil Procedure § 1985 RE:*

19  *(1) Violation of the California Constitution* (the "**Petition**"), which was filed on January 25, 2012

20  and is pending in the Superior Court of the State of California, County of Riverside as Case No.

21  RIC1201152 (the "**Litigation**"), to the United States Bankruptcy Court for the Central District of

22  California, Riverside Division (this "**Court**"). A copy of the Petition is attached hereto as

23  Exhibit A. In support of removal, the District respectfully sets forth the following:

24                          **JURISDICTION AND VENUE**

25         1.      The Litigation is a civil action over which this Court has original jurisdiction

26  pursuant to 28 U.S.C. § 1334. Indeed, as discussed below, this Court has exclusive jurisdiction over

27  the Litigation pursuant to 28 U.S.C. § 1334(e)(1).

28

559492v1                                        2

1         2.       Venue of the removed action is proper in this Court pursuant to 28 U.S.C. §

2  1452(a), because this is the district in which the Litigation is pending.

3         3.       This notice of removal is timely filed pursuant to Federal Rule of Bankruptcy

4  Procedure 9027(a)(2).

5         4.       As required by Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local

6  Bankruptcy Rule 9027-1(d)(1), a compilation of all process and pleadings from the Litigation other

7  than the Petition is attached hereto as <u>Exhibit B</u>, and a copy of the docket in the Litigation is attached

8  hereto as <u>Exhibit C</u>.

9                        **BACKGROUND**

10        5.       On April 26, 2010, this Court entered its "Order (i) Confirming First

11  Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, as

12  Modified February 19, 2010, and (ii) Granting Judgment for Valley Health System in Each

13  Challenge Action" (the "**Confirmation Order**"), confirming the District's "First Amended Plan

14  for the Adjustment of Debts of Valley Health System Dated December 17, 2009 as Modified

15  February 19, 2010" (the "**Chapter 9 Plan**").  The Plan became effective on October 13, 2010

16  (the "**Effective Date**").

17        6.       The Petition represents yet another attempt by counsel for Petitioners, who

18  has now organized several groups of the District's former employees, to circumvent the

19  discharge provisions of the Chapter 9 Plan.  The Litigation asserts claims against "Valley Heath

20  System, A California Local Health Care District, Retirement Plan" (defined in the Petition as the

21  "**PLAN**"); Vinay M. Rao, Glen Homes (erroneously sued as Glenn Holmes), Madeleine Dreier

22  (erroneously sued as Madeline Dreier), Amelia Hippert, Dr. William Cherry, Tom Wilson, Dean

23  Deines, Joel Bergenfeld, Michele Bird (erroneously sued as Michele Byrd) (collectively defined

24  in the Petition as the "**PLAN TRUSTEES**"); and the District (either directly or indirectly

25  through naming the PLAN), based, at least in part, on acts that occurred before the Effective

26  Date and have thereby been discharged.  The Litigation threatens the District's post-Effective

27  Date property that has been allocated to the District's creditors holding allowed claims under the

28  Chapter 9 Plan, and compromises the District's ability to implement and consummate the

1   Chapter 9 Plan as confirmed.  For all of these reasons, removal to this Court is proper and, as

2   discussed below, this Court has subject matter jurisdiction over the Litigation.

3                        **GROUNDS FOR REMOVAL**

4          7.      Petitioners assert that they are situated in the County of Riverside, State of

5   California and that they are members of the PLAN.  Petition at p. 5, ¶ 12.

6          8.      Petitioners also assert that the PLAN "is an independent *sui juris* entity

7   with constitutionally-mandated fiduciary duties to the Petitioners." Petition at p. 4, ¶ 6.

8          9.      Petitioners further assert that the PLAN TRUSTEES "are responsible, in

9   whole or in part, for the actions complained of herein and have breached their Constitutionally

10  mandated obligations and fiduciary duties to the Petitioners and to the Public."  The Petition

11  states that Respondents caused injuries and damages to Petitioners.  Petition at p. 4, ¶¶ 7, 8.

12  Petitioners also allege that the District "unlawfully stopped funding the PLAN and told the

13  employees that the PLAN was overfunded and additional contributions were not necessary."

14  Petition at p. 8, ¶ 23.  These are just a few examples of the numerous allegations made against

15  the PLAN and the PLAN TRUSTEES in the Petition, for which Petitioners seek specific and

16  non-specific relief against Respondents.

17         10.     The Petition is ambiguous as to whether the District is intended to be a

18  Respondent, however, it appears that the District may be the subject of certain purported claims

19  or causes of action and the District may be potentially liable for damages or other relief sought in

20  the Petition.

21         11.     First, the caption of the Petition names "Valley Health System, a

22  California Healthcare District, Retirement Plan" as a Respondent. However, notwithstanding the

23  Petitioners' assertion that the Plan is a *sui generis* entity that can be sued, it is not (indeed, this

24  Court has already so held in another adversary proceeding in this case in which Petitioners'

25  counsel in this action represented a different party); and, therefore the acts and omissions

26  complained of in the Petition might be legally attributable to the District.

27         12.     Second, the Petition fails to specify which entities or individuals, either

28  those named in the Petition as Respondents or otherwise, would be responsible for damages if

1    damages are awarded, or would be subject to other relief requested in the Petition.  Thus, it

2    appears that the District may be subject to potential damage claims and/or other relief requested

3    in the Petition.

4         13.    Third, as employees or directors of a public entity, the Respondent PLAN

5    TRUSTEES are entitled to be indemnified by the District under California Government Code

6    sections 825-825.6.  The District is thus potentially liable to each PLAN TRUSTEE for defense

7    costs and any payments that the PLAN TRUSTEES may be required to make as a result of a

8    settlement or judgment.  Accordingly, by asserting purported claims and causes of action against

9    the PLAN TRUSTEES, the Petitioners are circumventing the injunction and discharge provisions

10   of the Confirmation Order and putting at risk, property of the District.

11        14.    Because the time frame covered by the Petition is unspecified, the PLAN

12   is not a separate legal entity, and the District may be directly or indirectly liable for any damages

13   awarded to Petitioners as a result of the actions or inactions taken by the PLAN TRUSTEES, the

14   causes of action and the damages sought by Petitioners may directly or indirectly impact the

15   property of the District that has been allocated under the Chapter 9 Plan for payment to the

16   District's creditors holding allowed claims.

17        15.    This Court has subject matter jurisdiction over the Litigation because of,

18   *inter alia*, the close nexus between the Litigation and the District's chapter 9 case, as the

19   Litigation may potentially have had a profound and adverse impact on the District's chapter 9

20   case, its property and its ability to implement the Chapter 9 Plan.  Also, the Litigation requires a

21   determination of whether the causes of action are based on obligations governed by the

22   Confirmation Order, and the impact of the Confirmation Order's discharge and injunction

23   provisions on such claims, which should be resolved by this Court as this Court is intimately

24   familiar with the District's case and the proper procedural mechanisms that were enacted in

25   establishing deadlines for claims.  Finally, if the Litigation is prosecuted in the state court,

26   unfettered by the Confirmation Order, it is conceivable that Petitioners will be allowed to attach

27   or execute on property of the District and eliminate any distribution to those creditors who timely

28   filed claims and to whom distributions were allocated under the Chapter 9 Plan.  The Chapter 9

1   Plan provides for the payment of approximately $21 million to creditors. To date, only a fraction

2   of these funds have been distributed to priority creditors. Because unsecured creditors have still

3   not received any distributions as claims are still being adjudicated, the bulk of these funds

4   remains available. Therefore, the Litigation may not only impact the bankruptcy case, but it can

5   completely undermine the implementation of the Chapter 9 Plan that was overwhelmingly

6   accepted by voting creditors and approved by this Court.

7           16.     For all of these reasons, this matter falls squarely within federal

8   bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334, because it arises in, arises under or relates

9   to a proceeding under title 11. *See id.* § 1334(b). In addition, this Court has exclusive

10  jurisdiction over issues relating to the administration of the District's estate.[1] *See* 28 U.S.C. §

11  1334(e)(1). Not only does the Bankruptcy Court have subject matter jurisdiction to adjudicate

12  the Litigation, it is also the best suited tribunal to protect the District's assets and ensure that the

13  Chapter 9 Plan is properly implemented.

14          17.     Additionally, because the Litigation implicates substantive rights created

15  by the Bankruptcy Code, and implicates matters concerning the administration of the post-

16  confirmation estate, as well as the allowance or disallowance of claims against the estate, and the

17  implementation of the District's confirmed Chapter 9 Plan, the Litigation is a core proceeding

18  pursuant to 28 U.S.C. § 157 (b)(2)(A), (B) and/or (L).

19          18.     For all of these reasons, the Litigation is properly removed.

20

21  DATED: January 27, 2012                    /s/ Marina Fineman

22                                             GARY E. KLAUSNER and
                                               MARINA FINEMAN, Members of
23                                             STUTMAN, TREISTER & GLATT
                                               PROFESSIONAL CORPORATION
24                                             Chapter 9 Counsel for Valley Health System

25

26  ─────────────────────
    [1]  Although section 541 of the Bankruptcy Code is not incorporated into section 901, section
27  902(1) of the Bankruptcy Code provides that "'property of the estate', when used in a section
    that is made application in a case under this chapter by section 103(e) or 901 of this title,
28  means property of the debtors". 11 U.S.C. § 902(1).

# EXHIBIT "A"



1  Gregory G. Petersen, Esq., SBN 77744
   petersen@huntortmann.com
2  John Darling, Esq., SBN 156109
   darling@huntortmann.com
3  Alison Gibbs, Esq., SBN 257526
   gibbs@huntortmann.com
4  HUNT ORTMANN PALFFY NIEVES
   LUBKA DARLING & MAH, INC.
5  18301 Von Karman Avenue, Suite 330
   Irvine, California 92612
6  Phone: 949-335-3500    Fax: (949) 313-7849

7

8  Attorneys for Petitioners JAN REICHARDT,
   ROSIE DE LA ROSA and AILEEN GRISHAM

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF RIVERSIDE

13

14  JAN REICHARDT, an individual; and ROSIE       PETITION FOR WRIT OF MANDATE
    DE LA ROSA, an individual; AILEEN             PURSUANT TO CODE OF CIVIL
15  GRISHAM, an individual; on behalf of all      PROCEDURE § 1085 RE:
    others similarly situated.
16                                                (1) VIOLATION OF THE
                      Petitioners,                    CALIFORNIA CONSTITUTION
17
    vs.
18
    VALLEY HEATH SYSTEM, A
19  CALIFORNIA LOCAL HEALTH CARE
    DISTRICT, RETIREMENT PLAN; GLENN
20  HOLMES, individually and in his capacity as a
    Trustee of the Valley Health System
21  Retirement Plan; MADELINE DREIER,
    individually and in her capacity as a Trustee of
22  the Valley Health System Retirement Plan;
    AMELIA HIPPERT, individually and in her
23  capacity as a Trustee of the Valley Health
    System Retirement Plan; DR. WILLIAM
24  CHERRY, individually and in his capacity as a
    Trustee of the Valley Health System
25  Retirement Plan; TOM WILSON, individually
    and in his capacity as a Trustee of the Valley
26  Health System Retirement Plan; DEAN
    DEINES, individually and in his capacity as a
27  Trustee of the Valley Health System
    Retirement Plan; JOEL BERGENFELD,
28  individually and in his capacity as a Trustee of

                    Writ of Mandate per CCP § 1085 – Page 1

                              EXHIBIT A
                                  7

the Valley Health System Retirement Plan;
VINAY M. RAO, individually and in his
capacity as a Trustee of the Valley Health
System Retirement Plan; MICHELE BYRD,
individually and in her capacity as a Trustee of
the Valley Health System Retirement Plan;
METROPOLITAN LIFE INSURANCE
COMPANY in its fiduciary capacity as the
insurance company holding the trust funds of
the Valley Health System Retirement Plan; and
DOES 1 through 200, inclusive,

Respondents.

Writ of Mandate per CCP § 1085 – Page 2

EXHIBIT A
8

## INTRODUCTION

1.    Petitioners JAN REICHARDT, ROSIE DE LA ROSA, AILEEN GRISHAM, petitions this Court, pursuant to Code of Civil Procedure §1085 and Article XVI, § 17 of the California Constitution, for a Writ of Mandate directed to Respondents VALLEY HEALTH SYSTEM, A CALIFORNIA LOCAL HEALTH CARE DISTRICT, RETIREMENT PLAN, VINAY M. RAO, GLENN HOLMES, MADELINE DREIER, AMELIA HIPPERT, DR. WILLIAM CHERRY, TOM WILSON, DEAN DEINES, JOEL BERGENFELD, MICHELE BYRD, METROPOLITAN LIFE INSURANCE COMPANY commanding them to comply with Article XVI, § 17 of the California Constitution, including but not limited to, subdivision (f).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under Code of Civil Proc. §1085, and Article VI section 10 of the California Constitution.

3.    Venue is proper in this Court. The acts and omissions complained of herein occurred in this County and Respondents are situated in this County.

## GENERAL ALLEGATIONS

4.    Petitioners JAN REICHARDT, an individual; and ROSIE DE LA ROSA, an individual, AILEEN GRISHAM, an individual and all other similarly situated individuals ("PLAN PARTICIPANTS") are former employees of Valley Health System, a California Local Health Care District, ("HOSPITAL"), each of whom has acquired a vested property and contractual right to receive retirement benefits from the Valley Health System, A California Local Health Care District, Retirement Plan ("PLAN").

5.    The "Valley Health System Retirement Plan" ("PLAN DOCUMENT"), was created in 1971 and is allegedly in effect, *to the extent it has not been superseded by law.* However, significant statutory, constitutional and decisional changes are not reflected in the PLAN DOCUMENT which requires that the relevant statutory and constitutional requirements be followed.

6.    Respondent PLAN is an entity established in 1971 by the HOSPITAL and, in accordance with California Constitution article XVI §17. The PLAN provides retirement,

Writ of Mandate per CCP § 1085 – Page 3

1  disability and death benefits to its members. Said PLAN is an independent *sui juris* entity with
2  constitutionally-mandated fiduciary duties to the Petitioners.

3      7.      Respondents PLAN TRUSTEES ("PLAN TRUSTEES") Vinay M. Rao, Glenn
4  Holmes, Madeline Dreier, Amelia Hippert, Dr. William Cherry, Tom Wilson, Dean Deines, Joel
5  Bergenfeld, Michele Byrd, and other unknown named DOES ("PLAN TRUSTEES") are
6  responsible, in whole or in part, for the actions complained of herein and have breached their
7  Constitutionally-mandated obligations and fiduciary duties to the Petitioners and the Public.

8      8.      Respondent METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE")
9  is the insurance company which is supposedly holding the trust funds of the PLAN for the
10 benefit of the Petitioners and Plan Participants as required by law and is responsible, in whole or
11 in part, for the actions complained of herein and have breached their Constitutionally-mandated
12 obligations and fiduciary duties to the Petitioners and the Public.

13      9.      The true names or capacities, whether individual, corporate, associate, or
14 otherwise, of Respondents DOES 1 to 200, inclusive, are unknown to Petitioners, who therefore
15 sues said Respondents by such fictitious names.

16      10.     Petitioners are informed and believes thereon alleges that each of the Respondents
17 designated herein as a DOE is responsible in some manner for the events and happenings herein
18 referred to, and caused injury and damages proximately thereby to Petitioners as herein alleged.
19 Petitioners will seek leave of court to amend this complaint to set forth the true names and
20 capacities of such named Respondents when their identities become known to him.

21      11.     Petitioners are informed and believe thereon allege that each Respondent named
22 in this action, including DOE Respondents, at all relevant times, was the agent, ostensible agent,
23 servant, employee, representative, assistant, joint venturers, aiders and/or abettors and/or co-
24 conspirator of each of the other Respondents, and was at all times acting within the course and
25 scope of his, her, or it's the authority the agent, ostensible agent, servant, employee,
26 representative, joint venturer, and/or co-conspirator, with the same authorization, consent,
27 permission or ratification of each of the other Respondents and who, one with another for the
28 common purposes and designs alleged herein committed the wrongs alleged in this action.

Writ of Mandate per CCP § 1085 – Page 4

12.    Petitioners are members of PLAN.

13.    The California Pension Protection Act of 1992 (enacted by passage of Proposition 162), Art. XVI, § 17 of the California Constitution, was amended to grant retirement boards "plenary authority and fiduciary responsibility for investment of moneys and administration of the system...." The amendment is subject to the subdivisions which follow and the law, as enacted, and includes a statement of "Purpose and Intent":

14.    Art. XVI, § 17 applies to all retirement boards in the State of California. The amendment states in pertinent part (in italics) as follows:

"Notwithstanding any other provisions of law or this Constitution to the contrary, the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system, subject to all of the following:

(a) The retirement board of a public pension or retirement system shall have the sole and exclusive fiduciary responsibility over the assets of the public pension or retirement system. *The retirement board shall also have sole and exclusive responsibility to administer the system in a manner that will assure prompt delivery of benefits and related services to the participants and their beneficiaries. The assets of a public pension or retirement system are trust funds and shall be held for the exclusive purposes of providing benefits to participants in the pension or retirement system and their beneficiaries and defraying reasonable expenses of administering the system.*

(b) The *members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system solely in the interest of, and for the exclusive purposes of providing benefits to, participants and their beneficiaries,* minimizing employer contributions thereto, and defraying reasonable expenses of administering the system. *A retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty.*

(c) The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims.

(d) The members of the retirement board of a public pension or retirement system shall diversify the investments of the system so as to minimize the risk of loss and to maximize the rate of return, unless under the circumstances it is clearly not prudent to do so.

Writ of Mandate per CCP § 1085 — Page 5

1

2

3

4

(e) *The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system.*

5

6

7

8

9

(f) With regard to the retirement board of a public pension or retirement system which includes in its composition elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed.

10

11

12

(g) The Legislature may by statute continue to prohibit certain investments by a retirement board where it is in the public interest to do so, and provided that the prohibition satisfies the standards of fiduciary care and loyalty required of a retirement board pursuant to this section.

13

14

15

16

17

(h) As used in this section, the term 'retirement board' shall mean the board of administration, board of trustees, board of directors, or other governing body or board of a public employees' pension or retirement system; provided, however, that the term 'retirement board' shall not be interpreted to mean or include a governing body or board created after July 1, 1991 which does not administer pension or retirement benefits, or the elected legislative body of a jurisdiction which employs participants in a public employees' pension or retirement system."

18

(see Cal. Const., art. XVI, § 17)

19

20

15.   In pertinent part, the Declaration of Purpose is as follows:

21

"Section Three.  Purpose and Intent.  The People of the State of California hereby declare that their purpose and intent in enacting this measure is as follows:

22

23

(a) To protect pension funds so that retirees and employees will continue to be able to enjoy a basic level of dignity and security in their retirement years.

24

25

(b) To give voters the right to approve changes in the composition of retirement boards containing elected retirees or employee members.

…

26

27

28

(d) To ensure that the assets of public pension systems are used exclusively for the purpose of efficiently and promptly providing benefits and services to participants of these systems, and not for other purposes.

Writ of Mandate per CCP § 1085 – Page 6

(e) To give the sole and exclusive power over the management and investment of public pension funds to the retirement boards elected or appointed for that purpose, to strictly limit the Legislature's power over such funds, and to prohibit the Governor or any executive or legislative body of any political subdivision of this state from tampering with public pension funds.

(f) To ensure that all actuarial determinations necessary to safeguard the competency of public pension funds are made under the sole and exclusive direction of the responsible retirement boards.

(g) To affirm the legal principle that a retirement board's duty to its participants and their beneficiaries takes precedence over any other duty."

(See Historical Notes, 3 West's Ann. Const. (1996 ed.) following art. XVI, § 17, p. 114.)

16.    The PLAN became effective January 1, 1971 and at the time of formation the employer, plan sponsor, and plan administrator was Valley Health System a "California Local Health District" which is a political subdivison of the State of California.

17.    The PLAN DOCUMENT, which was written in 1971, does not accurately set forth the duties and responsibilities under which the PLAN must operate since it has not been amended to comply with legislative and constitutional changes or decisional law.

18.    The PLAN DOCUMENT fails to comply with the subsequent Amendments to the California Constitution (i.e., California Pension Protection Act of 1992); as well as fails to comply with Constitutional requirements stemming from the seminal cases of *Abbott v. City of Los Angeles* (1958) 50 Cal. 2d 438 and *Claypool v. Wilson* (1992) 4 Cal. App. 4th 646.

19.    Petitioners have a constitutional and statutory vested right to receive their pension from the PLAN as forth in numerous annual statements from the PLAN. For example, Aileen L. Grisham, as a Petitioner herein, has annual employee benefit statements for 1986, 1992 through May 4, 1999. The most recent statement of May 4, 1999 states that her retirement date is November 1, 2018 and further states that she was 100% vested as of May 4, 1999. Ms. Grisham's estimated lifetime monthly pension payment was then stated to be $952.23.

20.    Each Petitioner herein has been given a similar pension statement for each year of their employment up to the year 1999.

Writ of Mandate per CCP § 1085 – Page 7

1     21.    Under California law, the pension benefit vested for each participant under the

2    PLAN was at the time of employment and not the date of retirement. (see *Betts v. Board of*

3    *Administration* (1978) 21 Cal. 3d 859, 863; *Cory v. Valdez* (1983) 139 Cal. App. 3d 773, 783-

4    784).

5     22.    "Retirement Statements" provided to Plan Participants, unequivocally stated that

6    the plan was fully paid for by the HOSPITAL and should be viewed as an important addition to

7    pensioners retirement income planning.

8     23.    In May 4, 1999, the HOSPITAL unlawfully stopped funding the PLAN and told

9    the employees that the PLAN was overfunded and additional contributions were not necessary.

10     24.    All benefits of the PLAN, including but not limited to interest on the funds,

11    remains the property of the pension trust. As such, any interest accruing on the trust since the

12    PLAN was frozen in May 4, 1999 accretes to the PLAN trust.

13     25.    The Valley Health System Summary Plan Description ("PLAN SUMMARY")

14    identified the PLAN trustees were Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia T.

15    Tuller, and William Blase who were employees of the HOSPITAL.

16     26.    At the December, 2011 meeting of the HOSPITAL Board of Directors, Glenn

17    Holmes, Madeline Dreier, Vinay Rao, Amelia Hippert, Tom Wilson, Dr. William Cherry and

18    Denis Deines ("HOSPITAL BOARD"), and John Marshall, attorney for the HOSPITAL,

19    announced for the first time to Plan Participants:

20    (a) That they claimed to have appointed the members of the HOSPITAL BOARD to be

21    the Trustees of the PLAN;

22    (b) That the approximate amount of money, supposedly being held in trust for them, was

23    approximately fifty one million dollars ($51,000,000.00).

24    (c) The HOSPITAL BOARD, through its counsel, stated that the HOSPITAL BOARD,

25    indicated that it was to vote on authorizing the disbursement of the PLAN trust funds to

26    MET LIFE to fund a group of retirees who have already commenced receiving pension

27    benefit payments, in derogation to the PLAN DOCUMENT, which does not authorize the

28

1   proposed disbursement to the limited category of Plan Participants set forth by the

2   HOSPITAL BOARD.

3   (d) The HOSPITAL BOARD seeks to disburse approximately forty-seven million dollars

4   ($47,000,000.00) to the aforementioned group of retirees already receiving benefit

5   payments. The HOSPITAL BOARD seeks to further allocate the remaining three million

6   ($3,000,000.00) among those Plan Participants who were fifty-five (55) or older on July

7   31, 2010 (which is the date HOSPITAL BOARD terminated the PLAN) but were not

8   receiving benefits. Any Plan Participants who were under fifty-five (55) on July 31, 2010

9   will receive no benefits.

10      27.     Pursuant to the HOSPITAL BOARD's unlawful proposed disbursement of PLAN

11  funds, approximately 1,614 Plan Participants, including Petitioners, will receive either

12  substantially less than their vested pension benefits or no pension benefits at all.

13      28.     Rightly or wrongly, in defining the group of pension payees, the HOSPITAL

14  BOARD has exceeded its authority. The HOSPITAL BOARD's actions violate the provisions

15  of the California Constitution, the California statutory scheme that regulates public employee

16  pensions, unlawfully converts the trust funds of the Plan Participants to the personal desires of

17  the HOSPITAL BOARD all of which acts are *ultra vires*.

18      29.     At no time, except in the December 2011 meeting, has the HOSPITAL BOARD,

19  composed of seven (7) members, claimed to be the PLAN TRUSTEES. In fact, as set forth in

20  the PLAN SUMMARY the only PLAN Trustees identified consisted of five (5) trustees who

21  were participants and HOSPITAL employees. As such, the number of trustees was, in 1991,

22  five (5) and not seven (7). The change in the composition of the PLAN board of trustees is

23  constitutionally prohibited as set forth herein.

24      30.     The statement of the HOSPITAL BOARD's counsel, John Marshall, that it had

25  appointed the members of its Board of Directors as trustees of the PLAN significantly altered the

26  management and administration of the PLAN by increasing number of trustees from five (5) to

27  seven (7) (thereby eliminating HOSPITAL employees/Plan Participants as trustees), improperly

28  dominated the PLAN TRUSTEES with individuals who were or are not employees of the

Writ of Mandate per CCP § 1085 – Page 9

1    HOSPITAL without notice to the Plan Participants.  These changes drastically altered the

2    composition of the PLAN Board of Trustees without the legally required vote of the

3    "jurisdictional electorate" as required by the California Constitution.

4        31.    Properly appointed or elected Plan Trustees have a duty under state, federal and

5    common law  to preserve and protect the assets of the pension trust fund Said duties are fiduciary

6    in nature, and may include, but are not limited to, an obligation first and foremost to pursue the

7    funds of the plan participants from whatever source they may be secreted.

8        32.    The PLAN must also protect the participants against improper diversion of trust

9    funds including attempts to divert such funds by way of PLAN termination, bankruptcy of the

10   plan sponsor, appointment of unqualified trustees or trustees with a conflict of interest such as

11   the current self-appointed HOSPITAL BOARD as PLAN TRUSTEES seeking to disseminate

12   the PLAN pension funds in the HOSPITAL's best interests contrary to the Plan Participants best

13   interest or any other interests which would diminish or divest plan participants of their vested

14   pension rights.

15       33.    Individual respondents falsely claiming to be trustees they have made false and

16   misleading statements, which were untruthful and knowingly false when made to deceive Plan

17   Participants into allowing the HOSPITAL BOARD to benefit the HOSPITAL to plan

18   participants serious financial detriment.  Such false and misleading statements include but are not

19   limited to:

20       (a) Representing to Plan Participants that HOSPITAL BOARD is the lawfully-appointed

21       Trustee of the PLAN,

22       (b)That it had authority to dissolve the PLAN, that it had authority to manage and

23       administer the PLAN,

24       (c)That it could disburse PLAN funds,

25       (d) That it had authority to freeze the PLAN and in other ways ratified the wrongs

26       committed by the mismanagement of the PLAN funds,

27       (e) The mismanagement includes, the failure to properly invest pension funds under

28       prudent investor rule, and

Writ of Mandate per CCP § 1085 – Page 10

(f) To issue annual reports and financial statements; to pay the required actuarial- sound, annual contribution's to the PLAN, and

(e) Publishing false and misleading information about the PLAN and its financial status.

34.    This suit is brought in the public interest because the members of the public, including citizens of and visitors to the region served by the HOSPITAL, who benefit from a PLAN, which (a) keeps promises to loyal public servants and therefore promotes public service, and (b) maintains the integrity of the properly appointed or elected retirement board's exclusive power over the management and investment of public pension funds who were elected or appointed for that purpose as set forth below.

35.    Petitioners do not seek any relief greater than or different from the relief sought for the class of PLAN beneficiaries of which they are members.

36.    Granting the relief sought, would confer a significant pecuniary benefit to the public trust fund administered by the PLAN, its more than 1,614 Plan Participants, and the general public.

37.    Private enforcement is necessary because PLAN, METLIFE and TRUSTEES have failed to prosecute these claims or protect the interests of the Plan Participants. This private enforcement has placed a disproportionate financial burden on Petitioners in relation to their stake in this matter.

38.    The California Tort Claims Act, California Government (Gov't) Code sections 810-996.6 requires that all California public entities register on the roster of public entities. The PLAN, nor the HOSPITAL, are registered on the California Registry of Public Entities with the Secretary of State. Therefore, the PLAN and the HOSPITAL have waived any rights or protections arising under the Act. Absent that failure the California Tort Claims Act does not apply to the claims here seeking injunctive relief, extraordinary relief or relief under the United States and/or California Constitutions.

//

//

//

Writ of Mandate per CCP § 1085 – Page 11

1

## FIRST CAUSE OF ACTION – VIOLATION OF CALIFORNIA CONSTITUTION

2

(Against all the Respondents and DOES 1-200)

3     39.    Petitioners incorporate by reference and reallege paragraph 1 through 38 as

4    though fully set forth herein.

5     40.    The California Constitution sets forth the fiduciary and constitutional

6    requirements applicable to a retirement board's administration, management and investment of

7    public pensions.

8     41.    The California Constitution states, in pertinent part, that:

9

10    "the retirement board of a public pension or retirement system shall have plenary
      authority and fiduciary responsibility for investment of moneys and administration of the

11    system". Further, "The retirement board of a public pension or retirement system shall
      have the sole and exclusive fiduciary responsibility over the assets of the public

12    pension or retirement system." see Cal. Const., ar. XVI, §17 (a) (bold, underline
      emphasis added).

13

14    "With regard to the retirement board of a public pension or retirement system which
      includes in its composition elected employee members, the number, terms, and

15    method of selection or removal of members of the retirement board which were
      required by law or otherwise in effect on July 1, 1991, shall not be changed,

16    amended, or modified by the Legislature unless the change, amendment, or
      modification enacted by the Legislature is ratified by a majority vote of the electors

17    of the jurisdiction in which the participants of the system are or were, prior to

18    retirement, employed. see Cal. Const., ar. XVI, §17 (f) (bold, underline emphasis

19    added).

20     42.    At the December, 2011 meeting of the HOSPITAL BOARD, John Marshall,

21    attorney for the HOSPITAL stated that on or around April 2011, the HOSPITAL BOARD

22    appointed itself as Trustees of the PLAN. Mr. Marshall claimed that the meeting was duly

23    noticed thereby implying that employees were provided notice of the anticipated appointment.

24    However, the HOSPITAL BOARD meeting minutes from the April to November 2011 meetings

25    do not reflect or show that the appointment of HOSPITAL BOARD as Trustees to the PLAN

26    occurred. The December, 2011 meeting minutes have not been approved, however, no such

27    appointment of the HOSPITAL BOARD was made during that meeting either.

28

Writ of Mandate per CCP § 1085 – Page 12.

43.    The HOSPITAL BOARD is not the public agency authorized to publish an agenda for the PLAN, which is an independent body inasmuch the PLAN is a *sui juris* public entity responsible for the administration of the trust funds to the exclusion of the HOSPITAL BOARD as set forth under the California Pension Protection Act.  As a result, the HOSPITAL BOARD has no authority to set matters on the PLAN's agenda or give notice of the PLAN's proposed action as such violates the public notice provisions of the Ralph M. Brown Act.

44.    Prior to the December 2011 of the HOSPITAL BOARD, Petitioners and Plan Participants were not aware of the claim that HOSPITAL BOARD was now improperly attempting to act as the Trustees of the PLAN.  Petitioners and Plan Participants were not provided an opportunity to vote or elect the HOSPITAL BOARD as Trustees of the PLAN as no election of PLAN Trustees has been held, at the very least, in the last ten (10) years.

45.    The HOSPITAL BOARD failed to comply with California Constitution Art. XVI, §17, subd. (f).  In pertinent part, subdivision (f) states that any changes, amendment or modification to a retirement board in terms of composition of elected employee members, number of members, member terms, and method of selection or removal of members in effect on July 1, 1991, shall not occur unless ratified by a majority vote of the jurisdiction's electorate.  The HOSPITAL BOARD did not seek such Constitutionally-mandated approval from the electorate, prior to claiming to have appointed its members as the Trustees of the PLAN.

46.    As a result of the HOSPITAL BOARD's failure to comply with California Constitution Art. XVI, §17, subd. (f), the current PLAN TRUSTEES do not constitute a lawfully- appointed or elected retirement board under the Constitution.  Indeed, the HOSPITAL BOARD members, albeit claiming to act as the PLAN trustees, never published any minutes of any meeting of the PLAN or any agenda for the PLAN as required by law.

47.    As a result of the HOSPITAL BOARD's failure to comply with California Constitution Art. XVI, §17, subd. (f), the current PLAN TRUSTEES are without authority to act on behalf of the Plan Participants in any way.

48.    Petitioners and Plan Participants have a beneficial interest that the PLAN and its trustees comply with the requirements of the California Constitution; however, HOSPITAL

Writ of Mandate per CCP § 1085 -- Page 13

1  BOARD members claiming to act as PLAN TRUSTEES have violated this duty by appointing

2  themselves as the PLAN TRUSTEES in violation of the terms of Art. XVI §17, subdivision (f)

3  of the California Constitution.

4      49.  Petitioners and Plan Participants are entitled to extraordinary and injunctive relief

5  to prevent the unlawfully self-designated HOSPITAL BOARD members from acting as the

6  PLAN TRUSTEES or from exercising any power or control over the PLAN, including, but not

7  limited to, enjoining them from attempting to act as the PLAN, attempting to act under the

8  PLAN, attempting to give notice of actions resting solely within the jurisdiction of the PLAN or

9  otherwise pretending to be the PLAN.

10      50.  Petitioners have performed all conditions precedent to the filing of the petition.

11  No other adequate remedy exists under statute, regulation or other provisions of law.

12      51.  There are no administrative remedies available to Petitioners to compel the relief

13  sought herein. Therefore, Petitioner's have exhausted all available administrative remedies.

14      52.  Petitioner's have no plain, speedy or adequate remedy at law.

15      53.  Petitioners are entitled to damages in an amount to be shown upon proof at trial.

16      WHEREFORE, Petitioner's prays Judgment:

17      1.  Following a duly noticed hearing, this Court should issue its Peremptory Writ of

18  Mandate commanding the Respondents on Petitioners' First Causes of Action to:

19          a.  Take no action as they are acting in excess of their authority.

20          b.  That the Respondent PLAN TRUSTEES be compelled to comply with

21  Article XVI §17 of California Constitution with including, subdivision (f), which requires that

22  any changes in the composition of a public pension retirement board, including modification of

23  elected employee members, number of members, terms, and method of selection or removal of

24  members of the board, be ratified by a majority vote of the electors of the jurisdiction in which

25  plan participants are or were employed.

26          c.  The PLAN and/or the TRUSTEES cease to violate their fiduciary duties to

27  Petitioners.

28

1   d.   That the Respondents place all of the PLAN funds not already paid to the

2   PLAN in a segregated account under the control of the PLAN, in a constructive trust, as a result

3   of the constructive fraud and breach by Respondents, including the PLAN TRUSTEES, of their

4   fiduciary duties to the Petitioners.

5   2.   This Court award Petitioners' their costs of suit herein.

6   3.   This Court award Petitioners' counsel reasonable attorney fees in accordance with

7   applicable California or Federal law including but not limited to section 1021.5 of the Code of

8   Civil Procedure and the common fund doctrine, and

9   4.   This Court award such other and further relief as it deems necessary and proper.

10

11   Dated: January 25, 2012

12                                              Respectfully submitted,

13

14   By:

15                                              HUNT ORTMANN PALFFY NIEVES
                                                LUBKA DARLING & MAH, INC.
16                                              Gregory Petersen
                                                Attorneys for Petitioners
17

18

19

20

21

22

23

24

25

26

27

28

Writ of Mandate per CCP § 1085 – Page 15

01/23/2012 11:47 FAX  9517661917                 Mail Plus More                          ☑0001/0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I have read the foregoing Petition for Writ of Mandate and know its contents.

I am a former employee of Valley Health System, a California Local Health Care District, who has acquired vested property and contractual rights to receive retirement benefits from the Valley Health System, A California Local Health Care District, Retirement Plan, and I am a party to this action, and therefore authorized to make this verification for and on Petitioners and other similarly situated individuals behalf, and I make this verification for that reason. The matters stated in it are true of my own knowledge except as to those matters that are stated on information and belief, and as to those matters I believe them to be true.

Executed on January 23, 2012, at ___Hemet___, California

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___Rosie De La Rosa___
Print Name of Signatory

___Signature___

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.

EXHIBIT A
22

# EXHIBIT "B"

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** VALLEY HEALTH SYSTEM, A
**(AVISO AL DEMANDADO):** CALIFORNIA LOCAL HEALTH CARE
DISTRICT, RETIREMENT PLAN; GLENN HOLMES, individually
and in his capacity as a Trustee of the Valley Health
System Retirement Plan; (Additional Parties
Attachment form is attached)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 25 2012

M. Criel

**YOU ARE BEING SUED BY PLAINTIFF:** JAN REICHARDT, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual; and
ROSIE DE LA ROSA, an individual; AILEEN GRISHAM, an
individual; on behalf of all others similarly
situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE! The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Riverside County Superior Court
4050 Main Street
Riverside, CA 92501

CASE NUMBER:
(Número del Caso): RIC 1201453

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Gregory G. Petersen; Katherine Odenbreit    (949)335-3500    949) 3137840
HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
18301 Von Karman Avenue, Suite 330
Irvine, CA 92612

DATE:    JAN 2 5 2012    Clerk, by M. Criel , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

   under:  ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

EXHIBIT B
23

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Reichardt, etc. v. Valley Health System Retirement Plan | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

MADELINE DREIER, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; AMELIA HIPPERT, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; DR. WILLIAM CHERRY, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; TOM WILSON, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; DEAN DEINES, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; JOEL BERGENFELD, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; VINAY M. RAO, individually and in his capacity as a Trustee of the Valley Health System Retirement Plan; MICHELE BYRD, individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; METROPOLITAN LIFE INSURANCE COMPANY in its fiduciary capacity as the insurance company holding the trust funds of the Valley Health System Retirement Plan; and DOES 1 through 200, inclusive,

Page _____ of _____
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT B
24



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ INDIO 46-200 Oasis St., Indio, CA 92201 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ MORENO VALLEY 13880 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 | ☐ MURRIETA 30765-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ TEMECULA 41002 County Center Dr. Ste. 100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Katherine J. Odenbreit, SBN 184619
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
18301 Von Karman Avenue, Suite 330
Irvine, CA 92612
TELEPHONE NO: (949) 335-3500    FAX NO. (Optional):
E-MAIL ADDRESS (Optional): odenbreit@huntortmann.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 25 2012

M. Criel

CASE NUMBER: RIC1201152

PLAINTIFF/PETITIONER: JAN REICHARDT, ROSIE DE LA ROSA, ET AL

DEFENDANT/RESPONDENT: VALLEY HEALTH SYSTEM RETIREMENT PLAN

**CERTIFICATE OF COUNSEL**

All civil cases shall be filed in the following courthouses based on the zip code of the area in which the cause of action arose.

The undersigned certifies that this matter should be tried or heard in the following court:

| ☐ Banning | ☐ Blythe | ☐ Hemet | ☐ Murrieta |
|---|---|---|---|
| ☐ Moreno Valley | ☒ Riverside | ☐ Indio | ☐ Temecula |

For the reasons specified below:

☒ The action arose in the zip code of:    92543    or
City/Community of:    Hemet

☐ The action concerns real property located in the zip code of: _____ or
City/Community of: _____

☐ The Defendant resides in the zip code of: _____ or
City/Community of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    01/25/11

Katherine J. Odenbreit
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _(signature)_
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 (Rev. 1/1/12)

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 3115
riverside.courts.ca.gov/localrules/localrules.shtml

EXHIBIT B
25

1  Gregory G. Petersen, Esq., SBN 77744
   Petersen@huntortmann.com
2  John Darling, Esq., SBN 156109
   darling@huntortmann.com
3  Alison Gibbs, Esq., SBN 257526
   gibbs@huntortmann.com
4  **HUNT ORTMANN PALFFY NIEVES**
   **LUBKA DARLING & MAH, INC.**
5  18301 Von Karman Avenue, Suite 330
   Irvine, California 92612
6  Phone:  949-335-3500    Fax: (949) 313-7849

7  Attorneys for Petitioners

8

**F I L E D**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 26 2012    GLV

JAN 26 2012

R

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF RIVERSIDE**

11                                          VIA FAX Filing

12  JAN REICHARDT, an individual; and ROSIE    Case No. RIC 1201152
    DE LA ROSA, an individual; AILEEN
13  GRISHAM, an individual; on behalf of all    Assigned for all purposes to:
    others similarly situated.                  Honorable Sharon J. Waters, Dept. 10

14              Petitioners,                     **REQUEST FOR JUDICIAL NOTICE IN**
                                                 **SUPPORT OF EX PARTE APPLICATION**
15  vs.                                          **FOR THE ISSUANCE OF A**
                                                 **TEMPORARY RESTRAINING ORDER**
16  VALLEY HEATH SYSTEM, A                       **AND ORDER TO SHOW CAUSE RE:**
    CALIFORNIA LOCAL HEALTH CARE               **PRELIMINARY INJUNCTION AGAINST**
17  DISTRICT, RETIREMENT PLAN; GLENN           **ALL RESPONDENTS**
    HOLMES, individually and in his capacity as
18  a Trustee of the Valley Health System       Date: January 27, 2012
    Retirement Plan; MADELINE DREIER,           Time: 8:30 a.m.
19  individually and in her capacity as a Trustee of    Dept: 10
    the Valley Health System Retirement Plan;
20  AMELIA HIPPERT, individually and in her
    capacity as a Trustee of the Valley Health
21  System Retirement Plan; DR. WILLIAM
    CHERRY, individually and in his capacity as a
22  Trustee of the Valley Health System
    Retirement Plan; TOM WILSON, individually
23  and in his capacity as a Trustee of the Valley
    Health System Retirement Plan; DEAN
24  DEINES, individually and in his capacity as a
    Trustee of the Valley Health Systems
25  Retirement Plan; JOEL BERGENFELD,
    individually and in his capacity as a Trustee of
26  the Valley Health System Retirement Plan;
    VINAY M. RAO, individually and in his
27  capacity as a Trustee of the Valley Health
    System Retirement Plan; MICHELE BYRD,
28

1                                               Case No. RIC 1201152

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR THE  ISSUANCE OF A
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION



individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; METROPOLITAN LIFE INSURANCE COMPANY in its fiduciary capacity as the insurance company holding the trust funds of the Valley Health System Retirement Plan; and DOES 1 through 200, inclusive,

                    Respondents.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
1801 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949.335.5500 • Fax (949) 313-7869

2
Case No. RIC 1201152

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1    Pursuant to Evidence Code §§ 451, 452, and 453, Petitioners JAN REICHARDT, ROSIE

2    DE LA ROSA and  AILEEN GRISHAM, \respectfully request the Court take judicial notice of the

3    following in support of Petitioners' Ex Parte Application for a Temporary Restraining Order and

4    Order to Show Cause Re: Preliminary Injunction Against All Respondents:

5        Exhibit 1:    Opinion of Bill Lockyear, Attorney General, State of California dated

6    March 18, 2003 (Op. Ca. Att'y Gen. 02-608  (2003)).

7        The foregoing document is proper subject for judicial notice under Evid. Code §452( c).

8

9    DATED: January 26, 2012

                                    HUNT ORTMANN PALFFY NIEVES
                                    LUBKA DARLING & MAH, INC.

10

11

12    By:    _____

            GREGORY G. PETERSEN
            Attorneys for Petitioners

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3                    Case No. RIC 1201152
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR THE  ISSUANCE OF A
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# EXHIBIT "1"

TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

---

| | : | |
|---|---|---|
| OPINION | : | No. 02-608 |
| of | : | March 18, 2003 |
| BILL LOCKYER | : | |
| Attorney General | : | |
| ANTHONY S. DA VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE JACK SCOTT, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:

May the board of retirement of a county employees retirement association appoint an alternate for the eighth office on the board, which office is held by a retired member elected by the retired members of the association, without the approval of the jurisdiction's electorate?

CONCLUSION

The board of retirement of a county employees retirement association may appoint an alternate for the eighth office on the board, which office is held by a retired member elected by the retired members of the association, without the approval of the jurisdiction's electorate.

1                                    02-608

EXHIBIT B
30

## ANALYSIS

The Constitution requires that any changes in the method of selecting the members of a board of retirement of a county employees retirement association be approved by the jurisdiction's electorate. Subdivision (f) of section 17 of article XVI of the Constitution states:

> "With regard to the retirement board of a public pension or retirement system which includes in its composition elected employee members, the number, terms, and method of selection or removal of members of the retirement board which were required by law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified by the Legislature unless the change, amendment, or modification enacted by the Legislature is ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed."

The question presented for resolution is whether this constitutional provision is applicable when the board of retirement of a county employees retirement association appoints an alternate for the board's eighth office, which office is held by a retired member elected by the retired members of the association. We conclude that the constitutional provision is inapplicable to the appointment or election of an alternate.

The Legislature has enacted a comprehensive statutory scheme, the County Employees Retirement Law of 1937 (Gov. Code, §§ 31450-31898),[1] to provide for retirement benefits for county employees. (See *Traub v. Board of Retirement* (1983) 34 Cal.3d 793; 80 Ops.Cal.Atty.Gen. 11 (1997); 79 Ops.Cal.Atty.Gen. 95 (1996).) Two related statutes are the focus of this opinion. Under the terms of section 31520.1, county employees retirement associations have a governing board consisting of nine members, with the eighth member being "a retired member elected by the retired members of the association . . . ." Of the other eight members of the board, one is the county treasurer, one is a safety member of the association, two are non-safety members of the association, and four are members of the public (one of whom may be a county supervisor). Section 31520.1 also authorizes the possible appointment of an alternate, who must be a safety member of the association. If there is an alternate, section 31520.1 provides in part:

> "The alternate member provided for by this section shall vote as a member of the board only in the event the second, third, seventh, or eighth

---

[1] All references hereafter to the Government Code are by section number only.

2                                                                02-608

member is absent from a board meeting for any cause, or if there is a vacancy with respect to the second, third, seventh, or eighth member, the alternate member shall fill such vacancy until a successor qualifies. The alternate shall sit on the board in place of the seventh member when a member of the same service is before the board for determination of his retirement."

Accordingly, "by law . . . in effect on July 1, 1991" (Cal. Const., art. XVI, § 17, subd. (f)), an alternate could be selected under the terms of section 31520.1 to vote for the eighth member on the board if the latter were absent and to fill the vacancy in the eighth office if one were to arise.

In 1992, the Legislature enacted section 31520.5 (Stats. 1992, ch. 96, § 1) and amended the statute in 2000 (Stats. 2000, ch. 486, § 1) and in 2001 (Stats. 2001, ch. 168, § 1). Section 31520.5 provides:

"(a)    Notwithstanding Section 31520.1, in any county subject to Articles 6.8 (commencing with Section 31639) and 7.5 (commencing with Section 31662.2), the board of retirement may, by majority vote, appoint, from a list of nominees submitted by an organization consisting solely of retired members, an alternate retired member to the office of the eighth member, who shall serve until the expiration of the current term of the current eighth member and thereafter the alternate retired member shall be elected separately by the retired members of the association in the same manner and at the same time as the eighth member is elected.

"(b)    The term of office of the alternate retired member shall run concurrently with the term of office of the eighth member. The alternate retired member shall vote as a member of the board only in the event the eighth member is absent from a board meeting for any cause. If there is a vacancy with respect to the eighth member, the alternate retired member shall fill that vacancy until a successor qualifies. The alternate retired member shall be entitled to the same compensation as the eighth member only if the alternate retired member is present and acting for the eighth member during the entire meeting.

"(c)    If this section is made applicable in any county, by the appointment of an alternate eighth member, the alternate safety member shall not sit and act for the eighth member."

3                                    02-608

The issue to be resolved is whether the appointment and election of an alternate as authorized in section 31520.5 constitutes a change in "the number, terms, and method of selection or removal of members of the retirement board" for purposes of the Constitution. If so, the change must first be "ratified by a majority vote of the electors of the jurisdiction in which the participants of the system are or were, prior to retirement, employed." (Cal. Const., art. XVI, § 17, subd. (f).)

We do not believe that section 31520.5 constitutes a modification in the selection of retirement board members. The number of persons on the board remains at nine. Only one person may hold the office of the eighth member both before and after the enactment of section 31520.5. An alternate is not a "member" of the board for purposes of the constitutional voter approval requirement since there cannot be two eighth members. While an alternate on a board may have certain rights and meet certain qualifications (see, e.g., *Candlestick Properties, Inc. v. San Francisco Bay Conservation etc. Com.* (1970) 11 Cal.App.3d 557, 567-569; 82 Ops.Cal.Atty.Gen. 29 (1999); 78 Ops.Cal.Atty.Gen. 285 (1995)), we believe the constitutional voter approval requirement only applies to the number, terms, and method of selection of the regular members of a retirement board.

Our determination is confirmed by an examination of the purposes of the voter approval requirement as expressed when the requirement was added to the Constitution. The requirement was part of an initiative measure, Proposition 162, on the General Election ballot of November 3, 1992. The background for the proposed constitutional amendment was described by the Legislative Analyst as follows:

"Public pension systems in California provide retirement benefits to a wide range of state and local government employees—such as teachers, firefighters, and police officers. The largest of these pension systems are the state's Public Employees' Retirement System (PERS) and the State Teachers' Retirement System (STRS). In addition, there are over 100 other public retirement systems that serve counties, cities, special districts, and the University of California.

"Funds for payment of retirement benefits under these public retirement systems come from assets held in trust by each system's governing board. These assets include contributions from employees and employers, plus income earned on the investment of these contributions. The members of many public retirement systems elect some members of their governing boards. The State Constitution requires each board to use fund assets to: (1) provide benefits to members of the system and their beneficiaries, (2) minimize employer contributions, and (3) pay reasonable administrative costs.

4    02-608

EXHIBIT B
33

"The Constitution specifies the general authority and responsibilities of public pension systems. Within these limits, the Legislature can change various administrative functions and activities of public pension systems. For example, recent legislation removed the actuarial function from the PERS Board and placed this function under a State Actuary appointed by the Governor and confirmed by the Legislature. (A primary function of the actuary is to determine the employer's annual contribution rate.) In addition, recent legislation also allowed the use of certain PERS assets to offset employer contribution costs." (Ballot Pamp., Gen. Elec. (Nov. 3, 1992) analysis of Prop. 162 by Legislative Analyst, p. 37.)

The proponents of the initiative described its purposes as follows:

"Do you believe politicians should be able to raid the pension funds of retirees?

"That's exactly what they have done--and will continue to do--unless we pass PROPOSITION 162.

"A YES vote on PROPOSITION 162 will prevent politicians from raiding the pension funds of firefighters, police officers and other active and retired public employees.

"It's not right to allow politicians to balance their budgets on the backs of seniors and retirees. For many retirees who have worked hard all of their lives, their only source of dignity and security is the pension they earned. They depend on those pensions to survive.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
(*Id.*, argument in favor of Prop. 162, p. 38.)

The stated purposes of Proposition 162 would not be substantially served by requiring voter approval of the method of appointment or election of an alternate on a retirement board. An "alternate" is not a board member for the purposes of preventing "politicians from raiding the pension funds of firefighters, police officers and other active and retired public employees."

We conclude that the board of retirement of a county employees retirement association may appoint an alternate for the eighth office on the board, which office is held

5

02-608

EXHIBIT B
34

by a retired member elected by the retired members of the association, without such method of selection being submitted to the jurisdiction's electorate for approval.

*****

6                                                    02-608

Serve Michele Bird and Joel Bergenfeld at below address

**Contact Us**

We want to hear from you! If you have any questions or
comments concerning Physicians for Healthy Hospitals
(including Hemet Valley Medical Center and Menifee Valley
Medical Center), our services, or this web site, please feel free
to contact us. Click Here to make comments or suggestions.



Hemet Valley Medical Center
1117 E. Devonshire Ave.
Hemet, CA 92543
(951) 652-2811

951) 791-4298 Office
(951) 925-6323 Fax

TDD Telephone
(951) 765-4980

*Left message w/
CEO office
Joel Bernald*

*8:57 a.m*

*Michakob Met Life*

*gave 9:00*
*and*
*note uls messy*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 18301 Von Karman Avenue, Suite 330, Irvine, CA 92612.

On January 26, 2012, I served the following document(s) described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AGAINST ALL RESPONDENTS** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I am readily familiar with Hunt Ortmann Palffy Nieves Darling & Mah, Inc.'s practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Irvine, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 26, 2012, at Irvine, California.



Susan Fleming

HUNT ORTMANN PALFFY NIEVES
DARLING & MAH, INC.

**SERVICE LIST**

1

2

3  Metropolitan Life Insurance Company        Valley Health System,
   c/o CT Corporation System                  A California Local Health Care District,
4  818 W. 7th Street                Retirement Plan
5  Los Angeles, CA 90017                       1117 East Devonshire Avenue
                                               Hemet, CA 92543
6

7  Glenn Holmes                                Madeline Dreier
   c/o John Marshall, General Counsel for VHS  c/o John Marshall, General Counsel for VHS
8  1117 East Devonshire Avenue                 1117 East Devonshire Avenue
9  Hemet, CA 92543                             Hemet, CA 92543

10

11 Amelia Hippert                              Dr. William Cherry
   c/o John Marshall, General Counsel for VHS  c/o John Marshall, General Counsel for VHS
12 1117 East Devonshire Avenue                 1117 East Devonshire Avenue
   Hemet, CA 92543                             Hemet, CA 92543
13

14 Tom Wilson                                  Dean Deines
15 c/o John Marshall, General Counsel for VHS  c/o John Marshall, General Counsel for VHS
   1117 East Devonshire Avenue                 1117 East Devonshire Avenue
16 Hemet, CA 92543                             Hemet, CA 92543

17

18

19 Joel Bergenfeld                             Vinay M. Rao
   Physicians for Healthy Hospitals            c/o John Marshall, General Counsel for VHS
20 1117 East Devonshire Avenue                 1117 East Devonshire Avenue
   Hemet, CA 92543                             Hemet, CA 92543
21

22 Michele Byrd
23 Physicians for Healthy Hospitals
   1117 East Devonshire Avenue
24 Hemet, CA 92543

25

26

27

28

*HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.*
*18301 VON KARMAN AVENUE, SUITE 330*
*IRVINE, CALIFORNIA 92612*
*Tel (949) 252-2300 • Fax (949) 252-2909*

1 | Gregory G. Petersen, Esq., SBN 77744
Petersen@huntortmann.com
2 | John Darling, Esq., SBN 156109
darling@huntortmann.com
3 | Alison Gibbs, Esq., SBN 257526
gibbs@huntortmann.com
4 | **HUNT ORTMANN PALFFY NIEVES**
**LUBKA DARLING & MAH, INC.**
5 | 18301 Von Karman Avenue, Suite 330
Irvine, California 92612
6 | Phone:  949-335-3500    Fax:  (949) 313-7849

7 | Attorneys for Plaintiffs

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 26 2012

GLV

JAN 26 2012 R

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVESIDE**

10

11 | VIA FAX FILING

JAN REICHARDT, an individual; and ROSIE
12 | DE LA ROSA, an individual; AILEEN
GRISHAM, an individual; on behalf of all
13 | others similarly situated.

14 | Plaintiffs,

15 | vs.

16 | VALLEY HEATH SYSTEM, A
CALIFORNIA LOCAL HEALTH CARE
17 | DISTRICT, RETIREMENT PLAN; GLENN
HOLMES, individually and in his capacity as
18 | a Trustee of the Valley Health System
Retirement Plan; MADELINE DREIER,
19 | individually and in her capacity as a Trustee of
the Valley Health System Retirement Plan;
20 | AMELIA HIPPERT, individually and in her
capacity as a Trustee of the Valley Health
21 | System Retirement Plan; DR. WILLIAM
CHERRY, individually and in his capacity as a
22 | Trustee of the Valley Health System
Retirement Plan; TOM WILSON, individually
23 | and in his capacity as a Trustee of the Valley
Health System Retirement Plan; DEAN
24 | DEINES, individually and in his capacity as a
Trustee of the Valley Health Systems
25 | Retirement Plan; JOEL BERGENFELD,
individually and in his capacity as a Trustee of
26 | the Valley Health System Retirement Plan;
VINAY M. RAO, individually and in his
27 | capacity as a Trustee of the Valley Health
System Retirement Plan; MICHELE BYRD,

Case No. RIC 1201152

*EX PARTE* **APPLICATION FOR THE
ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY
INJUNCTION AGAINST ALL
RESPONDENTS; MEMORANDUM OF
POINTS AND AUTHORITIES;
DECLARATIONS OF GREGORY
PETERSEN, ESQ, ALISON C. GIBBS
ESQ; JAN REICHARDT AND ROSIE DE
LA ROSA IN SUPPORT THEREOF**

[Filed Concurrently with [Proposed]
Temporary Restraining Order And Order To
Show Cause Re Preliminary Injunction and
Request for Judicial Notice]

Date: January 27, 2012    30
Time: 8:30 a.m.   930
Dept: 10    12   930

28 |

1

Case No. RIC 1201152

*EX PARTE* APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT B
39



individually and in her capacity as a Trustee of the Valley Health System Retirement Plan; METROPOLITAN LIFE INSURANCE COMPANY in its fiduciary capacity as the insurance company holding the trust funds of the Valley Health System Retirement Plan; and DOES 1 through 200, inclusive,

Defendants.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
1300 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax (949) 313-7949

2                                                    Case No. RIC 1201152

EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

1     **PLEASE TAKE NOTICE** that on January 27, 2012 at 8:30 a.m., or as soon thereafter as

2  the matter may be heard, in Department 10 of the above entitled court, located at 4050 Main Street

3  Riverside, California 92501, Petitioners JAN REICHARDT, ROSIE DE LA ROSA, and AILEEN

4  GRISHAM (the "Petitioners") will and hereby does make an *Ex Parte* Application for (1) a

5  Temporary Restraining Order; and (2) an Order to Show Cause Re: Preliminary Injunction in the

6  form of the Proposed Order attached hereto.

7     The Plaintiffs seek immediate relief because, before the matter can be fully heard and

8  adjudicated, immediate and irreparable injury will result to the Plaintiffs and other similarly

9  situated individuals, as Respondents Valley Health System, A California Health District,

   Retirement Plan; Glenn Holmes; Madeline Dreier; Amelia Hippert; Dr. William Cherry; Tom

10  Wilson; Dean Deines, Vinay Rao and Metropolitan Life Insurance Company ("Respondents"):

11     (a) Are illegally administering and managing a public pension fund in violation of Article

12  XVI §17 of the California Constitution.

13     (b)  Respondents Valley Health System, A California Health District, Retirement Plan;

14  Glenn Holmes; Madeline Dreier; Amelia Hippert; Dr. William Cherry; Tom Wilson; Dean Deines,

15  Vinay Rao have informed plan participants that on January 30, 2011 it will take a vote to authorize

16  Respondent Metropolitan Life Insurance Company to disburse substantially all of the Valley

17  Health System Retirement Plan pension funds currently be held in trust to fund a limited category

18  of retirees.  Pursuant to Respondents' unlawful proposed disbursement of Retirement Plan funds,

19  approximately 1,614 Plan Participants, including Petitioners, will receive either significantly less

20  than their fully-vested pension benefits or no pension benefits at all.

21     (c) Respondents will suffer no harm by being enjoined from taking further illegal actions

22  relating to the Retirement Plan or its funds that they should never have had the authority to

23  administer in the first place.  Even assuming, Respondents have authority to disburse the pension

24  funds, Respondents will suffer minimal, to no harm as, Respondents have admitted that there is no

25  sense of urgency in authorizing disbursement of the funds at this time.

26     (d) On the other hand, the Petitioners and Plan Participants whose pension benefits are at

27  stake will suffer grave, irreparable harm if Respondents are not enjoined from disbursing the

28  Pension Funds under the Valley Health System Retirement Plan because once the pension funds

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18001 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-385-5500 • Fax (949) 385-7849

3              Case No. RIC 1201152
EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

HUNT ORTMANN PALFFY NIEVES
LUBKA, DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-833-3500 • Fax (949) 313-7849

1    are disbursed it will be impossible to undo the disbursement.

2        Petitioners request an Order to show cause why a preliminary injunction should not be

3    ordered restraining and enjoining Respondents from taking any further action under Valley Health

4    System Retirement Plan, including: (a) ceasing from acting as the Retirement Plan Trustees or

5    from exercising any power or control over the Retirement Plan and (b) ceasing from managing

6    and/or administering the Retirement Plan and Pension Funds, attempting to give effect to the terms

7    of the Retirement Plan including attempting to disburse Pension Funds, attempting to give notice

8    to Plan Participants of actions resting solely within the jurisdiction of the Retirement Plan, until

9    Article XVI §17 of the California Constitution is complied with, including, subdivision (f), which

10    requires that any changes in the composition of a public pension retirement board, including

11    modification of elected employee members, number of members, terms, and method of selection

12    or removal of members of the board, be ratified by a majority vote of the electors of the

13    jurisdiction in which plan participants are or were employed.

14        Pending hearing on the Order to Show Cause, Petitioners' further request that Respondents

15    be restrained and enjoined from taking any further action relating to, managing, administering,

16    affecting or otherwise under the Valley Health System Retirement Plan.

17        Petitioners support this motion through the specific facts recited in the attached

18    memorandum of points and authorities and declarations submitted herewith.  Further, Petitioners

19    are likely to succeed on the merits in showing that Respondents has and continues to take action in

20    violation of Article XVI §17 of the California Constitution. Immediate and irreparable injury will

21    occur if Respondents are not restrained from these acts; and the harm to the Petitioners and other

22    similarly situated pension participants in denying the Order outweighs any harm to Respondents.

23        This application is made pursuant to Code of Civil Procedure § 527, a applicable

24    California Rules of Court, and is based on the attached memorandum of points and authorities and

25    accompanying Declarations of Gregory Petersen, Alison C. Gibbs, Jan Reichardt, Rosie De La

26    Rosa, the record to date in this action, and such other and further evidence as the Court may allow

27    at the hearing. Petitioners support this motion through the specific facts recited in the attached

28    memorandum of points and authorities and declarations submitted herewith.

    On January 26, 2012, before 10:00 a.m., a good faith attempt to give each Respondent

4

Case No. RIC 1201152

EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

1 │ notice of this *Ex Parte* application was made. However, counsel for Petitioners has not received

2 │ confirmation from any Respondent as to whether they intend to appear or oppose this Application.

3 │ See Declaration of Alison C. Gibbs submitted herewith, ¶¶1-5 (A true and correct copy of notice

4 │ provided to each Respondent is attached thereto as Exhibit "A").

5 │

6 │ DATED: January ___, 2012          HUNT ORTMANN PALFFY NIEVES
                                        LUBKA DARLING & MAH, INC.

7 │

8 │

9 │                                   By: _____
                                           GREGORY G. PETERSEN
10 │                                        Attorneys for Plaintiffs.

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

*(vertical text, left margin)* HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC. 18301 VON KARMAN AVENUE, SUITE 330 IRVINE, CALIFORNIA 92612 Tel 949-553-3500 • Fax (949) 313-7849

5                                                    Case No. RIC 1201152
EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT B
43

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

2

3

### I. INTRODUCTION.

4

5    Put simply, the fully-vested pensions of approximately one thousand and fourteen (1,614)

6    employees are at stake.

7    Petitioners are former employees of Valley Health System, a California Local Health Care

8    District ("Hospital") and are pension participants under an public employer-funded defined benefit

plan maintained for the benefit of the Hospital's public employees ("Retirement Plan"). A rogue

9    Board of Directors from the Hospital ("Hospital Board") has unlawfully appointed itself as

10    trustees of the Retirement Plan in violation of Article XVI §17 of the California Constitution

11    ("Constitution" also referred to as the "California Pension Protection Act of 1992").

12    The Hospital Board does not have authority over the administration of the Retirement Plan

13    nor does it have the power to take any actions under the Plan. The Constitution unequivocally

14    states only duly appointed or elected retirement boards have plenary and sole authority to

15    manage and administer public pension funds.

16    Notwithstanding these Constitutional mandates, the Hospital Board is holding a board

17    meeting on January 30, 2011[1] in order to discuss taking action with regard to disbursing the

18    Retirement Plan pension funds. The Hospital Board has informed plan participants that on

19    January 30, 2011 it will take a vote to authorize Defendant Metropolitan Life Insurance Company

20    to disburse substantially all of the pension funds currently be held in trust to fund a limited

21    category of retirees who commenced receiving pension benefit payments under the Retirement

22    Plan prior to or on July 31, 2010[2]. Specifically, the Hospital Board has claimed that

23    approximately fifty one-million dollars ($51,000,000.00) is currently be held in the pension trust,

24    of that amount, the Hospital Board seeks to disburse approximately forty-seven million dollars

25
26    [1] Declarations of Rosie De La Rosa ("Rosa Dec.") and Jan Reichardt ("Reichardt Dec.") submitted herewith ¶6, respectively.

27    [2] Rosa Dec. ¶6, Reichardt Dec. ¶6. On July 31, 2010, the Hospital terminated the Retirement Plan.

28                                                                                    1                                                    Case No. RIC 1201152

EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18081 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-553-5500 • Fax (949) 313-7849

1   ($47,000,000.00) to the aforementioned group of retirees already receiving benefit payments[3].

2   The Hospital Board seeks to further allocate the remaining three million ($3,000,000.00) among

3   those former employees who were fifty-five (55) or older in July 2010, but were not receiving

4   benefits.  Any employee who was under fifty-five (55) will receive no benefits[4].  **Pursuant to the**

5   **Hospital Board's unlawful proposed disbursement of Retirement Plan funds, approximately**

6   **1,614 Plan Participants, including Petitioners, will receive either significantly less than their**

7   **fully-vested pension benefits or no pension benefits at all[5].**

8       The Hospital Board's *ultra vires* actions and proposed disbursement of the Retirement Plan

9   Pension Funds, unless enjoined, will cause immediate and irreparable harm by placing Petitioners

10  and other Plan Participants at imminent and serious risk of losing, in some cases, their entire

    pension benefits.

11      Petitioners request an order to show cause why the Court should not preliminary enjoin

12  Respondents from taking any further action under Retirement Plan, until Article XVI §17 of the

13  California Constitution is complied with, which requires that public pensions be solely

14  administered and managed by a retirement board, and further requires under subdivision(f)  that

15  any changes in the composition of a public pension retirement board, including modification of

16  elected employee members, number of members, terms, and method of selection or removal of

17  members of the board, be ratified by a majority vote of the electors of the jurisdiction in which

18  plan participants are or were employed.

19      Petitioners' further request on an *ex parte* basis that the Court issue an order requiring that

20  the unlawfully, self-designated Hospital Board immediately cease from acting as the Retirement

21  Plan Trustees or from exercising any power or control over the Retirement Plan, including, but not

22  limited to, enjoining them from managing and/or administering the Retirement Plan and Pension

23  Funds, attempting to give effect to the terms of the Retirement Plan including attempting to

24  disburse Pension Funds, attempting to give notice to Plan Participants of actions resting solely

25

26  [3] Rosa Dec. ¶6, Reichard Dec. ¶6.

    [4] *Id.*

27  [5] *Id.*  Declaration of Gregory Petersen submitted herewith ("Petersen Dec.") ¶5.

28
                                                                2                          Case No. RIC 1201152
    EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
                            SHOW CAUSE RE: PRELIMINARY INJUNCTION

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel  949-253-5500 • Fax (949) 253-7649

1  within the jurisdiction of the Retirement Plan or otherwise pretending to be the Retirement Plan.

2  Entry of an *ex parte* order is necessary to protect Petitioners and other Plan Participants fully-

3  vested pension benefits, to prevent further harm to them and the public, and to preserve the status

4  quo.

5      II. <u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>.

6      The Retirement Plan is a trust created and administered solely for the benefit of its

7  members. The Retirement Plan was adopted January 1, 1971, and has been amended. Petersen

8  Dec., ¶2, Ex. "A": Valley Health System Retirement Plan.

9      In May 1999, the Hospital stopped funding the Retirement Plan and "froze" the Plan so

10  participants would accrue no future benefits under the Plan. Petersen Dec. ¶2, Ex. "A", Section

11  4.8, p. 14. At the time, the Hospital told its participant-employees that the Retirement Plan was

12  overfunded and additional contributions were not necessary. Rosa Dec. ¶5; Reichardt Dec. ¶5.

13  Under the Retirement Plan, Each plan participant's interest in his or her benefits became fully-

14  vested[6] when the plan was frozen. *Id*; Petersen Dec. ¶2, Ex. "A": Section 4.8, p.14.

15      On December 13, 2007 the Hospital filed a Chapter 9 petition. Petersen Dec. ¶6 . The

16  Bankruptcy Court entered its order approving the Hospital's Chapter 9 Plan of Adjustment on

17  April 27, 2010. The Chapter 9 Plan provided that benefit plan participants "**will be entitled to the**

18  **same rights and benefits to which such participants are currently entitled under the VHS**

19  **Retirement Plan.**" Petersen Declaration ¶6.[7]

20

[6] For clarification purposes, where a public entity creates a pension system, the right to that pension
21  immediately vests when an employee accepts employment. The employee, of course, must then fulfill his
or her obligations and meet all conditions necessary to mature the pension. (See *Pasadena Police Officers*
22  *Assn.* v. *City of Pasadena* (1983) 147 Cal.App.3d 695, 701 ; *Betts* v. *Board of Administration* (1978) 21
Cal.3d 859, 863). On May 4, 1999, each participant's benefit became "fully" vested at the percentages
23  indicated on their annual statements received from the Retirement Plan.

24  [7] On August 26, 2010, a former employee, Peggy Kirton, of the Hospital filed a Petition for Writ of
Mandate in state court against the Hospital essentially alleging that the Hospital had failed to adequately
25  fund the pension plan pursuant to the retirement plan agreement and the California Constitution. see Case
No. RIC 10017129, *Kirton, et al.* v. *Valley Health Systems, et al., in the Superior Court of California.*
26  Subsequently, the state court action was removed to the Bankruptcy Court and ultimately dismissed.The
plaintiff appealed the dismissal order. On appeal, the Ninth Circuit Bankruptcy Appellate Panel posed the
27  question to the Hospital as to how the Bankruptcy Court had jurisdiction over the issues presented in the
Writ of Mandate, which may constitute a collateral issue not properly subject to the Court's jurisdiction.

28      (footnote continued)

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18001 VON KARMAN AVENUE, SUITE 230
IRVINE, CALIFORNIA 92612
Tel 949-335-3300 • Fax (949) 315-7849

Case No. RIC 1201152

3

EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT B
46

1    On or around mid-December of 2011 the Hospital Board consisting of Glenn Holmes,

2    Madeline Dreier, Vinay Rao, Amelia Hippert, Tom Wilson, Dr. William Cherry and Denis Deines

3    ("Hospital Board"), and the Hospital's attorney, John Marshall, held a public board meeting and

4    announced for the first time to Plan Participants that they appointed the members of the Hospital

5    Board to be the Trustees of the Retirement Plan back in April of 2011. Rosa Dec. ¶6; Reichardt

6    Dec. ¶6. Mr. Marshall claimed that the meeting was duly noticed thereby implying that

7    employees were provided notice of the anticipated appointment. *Id.* However, Plan Participants,

8    including Petitioner do not recall receiving any notice of said meeting. *Id.* Nor do he Hospital

9    Board's meeting minutes from the April to November 2011 meetings reflect or show that the

10    appointment of the Hospital Board as Trustees to the Retirement Plan occurred. Petersen Dec. ¶4.

11    The December 2011 meeting minutes have not been approved, however, no such appointment of

12    the Hospital Board was made during that meeting either. *Id.*

13    In addition, it was also announced during the December 2011 Hospital Board meeting that

14    the approximate amount of money, supposedly being held in trust for Plan Participants was

15    approximately fifty one million dollars ($51,000,000.00). Rosa Dec. ¶6; Reichardt Dec. ¶6. The

16    Hospital Board indicated through its counsel that it was to vote on authorizing the disbursement of

17    the Retirement Plan trust funds to Metropolitan Life Insurance Company ("Met Life") to fund a

18    group of retirees who on or before July 31, 2010 (which is the date the Hospital terminated the

19    Retirement Plan) had already commenced receiving pension benefit payments, in derogation to the

20    Retirement Plan which does not authorize the proposed disbursement to the limited category of

21    Plan Participants set forth by the Hospital Board. Rosa Dec. ¶6; Reichardt Dec. ¶6. Under the

22    Hospital Board's proposed disbursement, approximately forty-seven million dollars

23    ($47,000,000.00) of pension funds will be disbursed to the aforementioned group of retirees

24    already receiving benefit payments. *Id.* The remaining three million ($3,000,000.00) will be

25    disbursed among those Plan Participants who were fifty-five (55) or older when the plan

The Appellate Panel ordered supplemental briefing on the matter, plaintiff Kirton's deadline to file her
26    supplemental briefing is February 6, 2012. Petersen Dec. ¶6.. The Writ of Mandate currently before this
Court to which this *Ex Parte* Application is based is unaffected by the Hospital's Bankruptcy filing as the
27    acts complained of here are post-petition acts brought against the Hospital Board and Plan Trustees
involving the Retirement Plan and the pension funds..

28

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
1830 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-833-3500 • Fax (949) 313-7649

4                                          Case No. RIC 1201152
**EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION**

1  terminated, but were not receiving benefits. *Id.* Any Plan Participants who were under fifty-five

2  (55) when the plan terminated will receive no benefits. *Id.*

3      Pursuant to the Hospital Board's unlawful proposed disbursement of the Retirement Plan

4  pension funds, approximately 1,614 Plan Participants, including Petitioners, will receive either

5  substantially less than their vested pension benefits or no pension benefits at all. Rosa Dec. ¶6;

6  Reichardt Dec. ¶6; Petersen Dec. ¶5.

7      At no time, except in the December 2011 meeting, has the Hospital Board, which is

8  composed of seven (7) members, claimed to be the Trustees of the Plan. Rosa Dec. ¶6; Reichardt

9  Dec. ¶6. In fact, Valley Health System Summary Plan Description ("Retirement Plan Summary"),

   identified Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia T. Tuller, and William Blase,

10 who were employees of the Hospital as the Retirement Plan trustees. Petersen Dec. ¶3, Ex. "B":

11 Retirement Plan Summary, p. 9; Rosa Dec. ¶7; Reichardt Dec. ¶7.

12     On January 23, 2012, Petitioners filed a Writ of Mandate pursuant to California Code of

13 Civil Procedure § 1085 and Article XVI, § 17 of the California Constitution directing the

14 Retirement Plan, the Hospital Board who are unlawfully serving as the Retirement Plan Trustees

15 and Met Life to comply with Article XVI, § 17 of the California Constitution, which requires that

16 public pensions be solely administered and managed by a retirement board, and further requires

17 any change in a retirement board, including modification of elected employee members, number

18 of members, terms, and method of selection or removal of members of the board, be ratified by a

19 majority vote of the electors of the jurisdiction in which plan participants are or were employed.

20 **III. THE LEGAL STANDARD FOR INTERIM INJUNCTIVE RELIEF.**

21     The primary purpose of a preliminary injunction is to preserve the status quo until a court

22 can make a final determination on the merits of the action. (See *Continental Baking Co. v. Katz*

23 (1968) 68 Cal.2d 512, 528 ). A temporary restraining order ("TRO") is properly granted on ex

24 parte notice in order to maintain the status quo or to prevent irreparable injury pending a hearing

25 on the Application for a preliminary injunction. (Code Civ. Proc., § 527(c); see also 6 Witkin, Cal.

26 Procedure (4th ed. 1997) Provisional Remedies, § 286, p. 227).

27     The test most frequently used by California trial courts in deciding whether to issue a TRO

28 and/or preliminary injunction requires the evaluation of two interrelated factors:

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-285-5300 • Fax (949) 315-7869

5                                                    Case No. RIC 1201152
EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT B
48

1   (1) the likelihood that the plaintiff will succeed on the merits of its claims at trial; and

2   (2) the harm that plaintiff is likely to suffer if the TRO and/or preliminary injunction does

3   not issue, balanced against the harm that the defendant is likely to suffer if they do issue.

4   (*Cohen v. Board of Supervisors* (1985) 40 Cal. 3 d 277; 6 Witkin, *supra*, § 296, pp. 235-

5   236).

6   When addressing these factors, the plaintiff must prove the likelihood that it will suffer

7   immediate and irreparable harm due to the inadequacy of other, legal, remedies. (*Triple A*

8   *Machine Shop v. California* (1989) 213 Cal. App. 3d 131, 138. "[T]he greater the plaintiff's

9   showing on one, the less must be shown on the other to support an injunction." *Butt v. State*, 4 Cal.

10   4th 668, 677-78 (1992).

11   **IV. INTERIM INJUNCTIVE RELIEF SHOULD ISSUE.**

12   The standards for granting interim injunctive relief are satisfied in this case.

13   First, Respondents are illegally administering and managing a public pension fund in

14   violation of Article XVI §17 of the California Constitution. Second, Respondents will suffer no

15   harm by being enjoined from taking further illegal actions relating to the Retirement Plan or its

16   funds that they should never have had the authority to administer in the first place.

17   On the other hand, the Petitioners and Plan Participants whose pension benefits have been

18   jeopardized have suffered and will continue to suffer significant harm as a result of Hospital's

19   violation of the California Pension Protection Act.  Injunctive relief enjoining the Hospital

20   Board  is essential, because once the pension funds are disbursed by Met Life it will be

21   impossible to undo the disbursement.

22   **A. Petitioners Are Likely To Succeed On The Merits.**

23   This Court has authority to enforce the provisions of Article XVI §17 of the California

24   Constitution under California Code of Civil Procedure §§ 1085-1086 which provides that a Writ

25   of Mandate may issue to "any inferior tribunal, corporation, board, or person, to compel the

26   performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or

27   station," upon the verified petition of any party beneficially interested and lacking a "plain, speedy

28   and adequate remedy, in the ordinary course of law."  As stated herein and in Plaintiff's Writ of

Mandate, Petitioners lack any speedy and adequate remedy in the ordinary course of law to

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18001 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-235-3300 • Fax (949) 335-7869

6                                   Case No. RIC 1201152
EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

1   prevent Respondents from illegally administering and managing their pension funds, see Writ of

2   Mandate attached hereto.   Further, Petitioners have a substantial likelihood of proving that the

3   Hospital Board's actions in relation to the Retirement Plan have been and continue to be illegal

4   and unconstitutional. *Id.*

5       i. Respondents Acts Are in Violation of Article XVI §17 of the California
        Constitution.

6

7       The "California Pension Protection Act of 1992 (enacted by passage of Proposition 162),"

8   Art. XVI, § 17, was amended to grant the retirement board of a public pension or system "plenary

9   authority and fiduciary responsibility for investment of moneys and administration of the

10  system...." The purpose and intent of the measure was, and remains, to protect pension funds by

11  giving pension boards the sole authority to administer the funds for the benefit of its participants.

12  Claiming plenary authority under Art. XVI, § 17, Respondents, including the Hospital Board, have

13  and continue to engage in a series of actions that conflict with this constitutional and statutory

14  authority.

15      Article XVI, §17 granted "**plenary authority**" over the "**administration of the system**" in

16  the initial paragraph of the amendment to "retirement boards"[8].  The initial paragraph is made

17  "subject to all" of the subdivisions that follow.  The subdivisions serve to define the authority and

18  responsibility granted to retirement boards. Article XVI, section 17, subdivision (a)  provides that

19  the retirement board  shall have "sole and exclusive fiduciary responsibility over the assets of

20  the public pension or retirement system...."and "shall have sole and exclusive responsibility to

21  administer the system in a manner that will assure prompt delivery of benefits and related services

22  to the participants and their beneficiaries." (emphasis deleted.)  In this context, the "plenary

23  authority" that is granted over the "administration of the system" goes to the management of the

    assets and their delivery to members and beneficiaries of the system.  These provisions apply to all

24

25  [8] Art. XVI, §17 subd. (h) states: "the term 'retirement board' shall mean the board of administration, board
    of trustees, board of directors, or other governing body or board of a public employees' pension or
26  retirement system; provided, however, that the term 'retirement board' shall not be interpreted to mean or
    include a governing body or board created after July 1, 1991 which does not administer pension or
27  retirement benefits, or the elected legislative body of a jurisdiction which employs participants in a public
    employees' pension or retirement system."

28

                                                    7                        Case No. RIC 1201152
    EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
                        SHOW CAUSE RE: PRELIMINARY INJUNCTION

                                          EXHIBIT B
                                             50

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 370
IRVINE, CALIFORNIA 92612
Tel 949-553-3500 • Fax (949) 313-7949

1   retirement boards of a public pension or system in the State of California and shall be liberally

2   interpreted to effect their purpose. (see Article XVI sections 17 & 5, respectively)

3        Article XVI, section 17, subdivision (f) concerns the powers of the retirement board and

4   the changes to its composition. Specifically, subdivision (f) declares:

5        "With regard to the retirement board of a public pension or retirement system which
         includes in its composition elected employee members, the number, terms, and method
6        of selection or removal of members of the retirement board which were required by
         law or otherwise in effect on July 1, 1991, shall not be changed, amended, or modified
7        by the Legislature unless the change, amendment, or modification enacted by the
         Legislature is ratified by a majority vote of the electors of the jurisdiction in which
8        the participants of the system are or were, prior to retirement, employed. (bold,
         underline emphasis added).

9

10  As stated *supra*, prior to the December 2011 meeting, the Hospital Board, composed of seven (7)

11  members, had never claimed to be the Trustees (or Board of Trustees) of the Retirement Plan. As

12  set forth in a document entitled "Valley Health System Retirement Plan Summary Plan

13  Description", five (5) trustees are identified each of whom, are participants and former employees

14  of the Hospital. Petersen Dec. ¶3, Ex. "B": Retirement Plan Summary, p. 9; Rosa Decl. ¶7;

15  Reichardt Dec. ¶7. The appointment of the Hospital's Board of Directors as trustees of the

16  Retirement Plan significantly altered the management and administration of the Retirement Plan

17  by increasing number of trustees from five (5) to seven (7) (thereby eliminating Hospital

18  employees/Plan Participants as trustees) and improperly dominated the Retirement Plan Trustees

19  with individuals who were not employees of the Hospital without notice to the Plan Participants.

20  Rosa Decl. ¶7; Reichardt Dec. ¶7; Petersen Dec. ¶4. The Constitution requires that any changes to

21  the board of retirement be approved by the jurisdiction's electorate. These changes altered the

22  composition of the Retirement Plan Board of Trustees without the legally required vote of the

23  "jurisdictional electorate" as required by the California Constitution.

24        A March 18, 2003 opinion published by the Office of the California Attorney General is

25  instructive. A member of the California State Senate requested an opinion regarding what

26  constitutes a change in the number, terms and method of selection or removal of members of the

27  retirement board. (see Request for Judicial Notice submitted herewith ("RJN"), Ex."1": Op. Ca.

28  Att'y Gen. 02-608 (2003)). Specifically, the a board of retirement of a county employees

    retirement association sough to appoint an alternate to the board. RJN, Ex. "1", p. 4. Ultimately,

8                                                      Case No. RIC 1201152
EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT B
51

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18001 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-955-5500 • Fax (949) 313-7869

1  the Office of the Attorney General did not find that the appointment of an alternate member

2  constituted a modification in selection of board members as the number of board member

3  remained the same. *Id.* In other words, an alternate was not deemed a "member" of the board for

4  purposes of the constitutional voter approval requirement: "...we believe the constitutional voter

5  approval requirement only applies to the number, terms, and method of selection of the regular

6  members of a retirement board." *Id.*

7      Even assuming the Hospital Board could show that it did not violate subdivision (f) of the

8  Article XVI §17, the appointment of itself as the Board of Trustees of the Retirement Plan, would

9  be a sham appointment in violation of the Constitution. Indeed, the Retirement Plan provides that

10  the Hospital as the Employer "may, in its sole discretion, retain full authority to direct the

11  manner in which some or all of the Plan's assets are invested, managed, acquired or disposed

12  of by the Trustee". Petersen Dec. ¶2, Ex. "A": Retirement Plan, Section 13.1 "Employer to Select

13  Trustee", p. 37. (emphasis added). The Retirement Plan further states: "The **Employer** will be

14  responsible for the general administration of the Plan..."..."The **Employer** will have the right to

15  interpret and construe the Plan and to determine all questions of eligibility and of the status, rights

16  and benefits of Participants and other persons under the Plan." Petersen Dec. ¶2, Ex. "A":

17  Retirement Plan, Section 13.1 "Employer to Select Trustee", p. 38. (emphasis added) These

18  provisions not only conflict with the direct provisions Article XVI §17 which give the sole and

19  exclusive power over the management and investment of public pension funds to the retirement

20  board, *not the employer*.

21      **B. The Relative Interim Harm Favors Petitioners.**

22      In determining the relative interim harm, courts look at factors including the inadequacy of

23  other remedies, the degree of irreparable injury, and the necessity of preserving the status quo.

24  *14859 Moorpark Homeowner's Ass'n v. VRT Corp.*, 63 Cal. App. 4th 1396, 1402 (1998). Here,

25  other remedies are clearly inadequate, as, without the protection of an injunction, Petitioners and

26  Plan Participants right to their fully-vested pension benefits will be extinguished without recourse.

27      In contrast to the great and irreparable harm to Plan Participants, Respondents will suffer

28  no harm by being enjoined from taking further illegal actions relating to the Retirement Plan in

    violation of the Constitution and the California Pension Protection Act. Irreparable harm may

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949.535.5300 • Fax (949) 315-7949

9

Case No. RIC 1201152

EX PARTE APPLICATION FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  ensue in the context of violating duly passed legislation particularly when the violation of the law

2  causes the injury at issue.  The passage of a statute is, by definition, an implied finding by a

3  legislative body that violations of that law will harm the public and ought, if necessary, be

4  restrained.  *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 698 (2d Cir. 1966).  "Irreparable injury

5  should be presumed from the very fact that the statute has been violated."  *United States v. Hayes*

6  *Int'l Corp*, 415 F.2d 1038, 1045 (5th Cir. 1969).  Even assuming that they have authority to

7  disburse the pension funds, Respondents will suffer minimal, to no harm as, the Hospital Board

8  has admitted that there is no sense of urgency in authorizing disbursement of the funds at this

9  time.  See Rosa Dec. ¶6; Reichardt Dec. ¶6.

10     **VI. NO BOND IS REQUIRED TO OBTAIN A TRO.**

11     No bond is required to obtain a TRO.  *City of South S. F. v. Cypress Lawn Cemetery Ass'n,*

12  11 Cal. App. 4th 916, 920 (1992).  As the requested TRO would require only that Respondents'

13  preserve the status quo, until a ruling on the preliminary injunction, the Court should exercise its

14  discretion not to require a bond.

15     **VI. CONCLUSION.**

16     For the reasons set forth above, Petitioners' respectfully request that the Court grant the

17  relief requested.

18  Dated: January 26, 2012               By:   _Gregory Petersen_

19                                               GREGORY G. PETERSEN
                                                 Attorneys for Petitioners.
20

21

22

23

24

25

26

27

28

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18300 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-535-3500 • Fax (949) 313-7069

## DECLARATION OF GREGORY PETERSEN

I, Gregory Petersen, certify and declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California and I am one of the attorneys of record in the within action.  If sworn as a witness I would be competent to testify to the following facts of which I am personally familiar:

2.    Attached hereto as **Exhibit A** is true and correct copy of the Valley Health System, A California Local Health Care District, Retirement Plan.

3.    Attached hereto as **Exhibit B** is true and correct copy of the Valley Health System, Retirement Plan Summary of Plan Description.

4.    I have personally reviewed the Valley Health System Board of Director's meeting minutes from the April to November 2011 meetings and they do not reflect or show that the appointment of the Hospital Board as Trustees to the Retirement Plan occurred.

5.    If the Valley Health System Board of Directors, I have knowledge, on information and belief, through my communications with numerous Plan Participants, that under proposed disbursement of Retirement Plan funds, approximately 1,614 Plan Participants, including Petitioners, will receive either significantly less than their fully-vested pension benefits or no pension benefits at all.

6.    I am attorney of record in another pending case against Valley Health System ("Hospital")  Case No. RIC 10017129, *Kirton, et al.* v. *Valley Health Systems, et al., in the Superior Court of California*, which is currently on appeal in the Bankruptcy Court.   As such have personal knowledge of the Hospital's Bankruptcy proceedings. On December 13, 2007 the Hospital filed a Chapter 9 petition.  The Bankruptcy Court entered its order approving the Hospital's Chapter 9 Plan of Adjustment on April 27, 2010. The Chapter 9 Plan provided that benefit plan participants "will be entitled to the same rights and benefits to which such participants are currently entitled under the VHS Retirement Plan" which was reflected in Chapter 9 Plan at § IV.F  On appeal, the Ninth Circuit Bankruptcy Appellate Panel posed the question to the Hospital as to how the Bankruptcy Court had jurisdiction over the issues presented in the Writ of Mandate, which may constitute a collateral issue not properly subject to the Court's jurisdiction. The

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18001 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-535-5300 • Fax (949) 513-7269

1
**DECLARATION OF GREGORY PETERSEN**

1    Appellate Panel ordered supplemental briefing on the matter, plaintiff Kirton's deadline to file her

2    supplemental briefing is February 6, 2012.

3

4        I hereby declare under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.  Executed on January 26, 2012, at Irvine, California.

6

7        _____

8              Gregory Petersen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
18301 VON KARMAN AVENUE, SUITE 330
IRVINE, CALIFORNIA 92612
Tel 949-335-3500 • Fax (949) 331-7369

2

DECLARATION OF GREGORY PETERSEN

# EXHIBIT "A"

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC Main Document    Page 134 of 157    Entered 01/27/12 13:10:58    Desc
Main Document    Page 59 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 6 of 47



EXHIBIT 1                                                        4

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC    Main Document    Page 135 of 157    Entered 01/27/12 13:10:58    Desc
Main Document    Page 60 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 7 of 47

## INTRODUCTION

This Plan shall be known as Valley Health System Retirement Plan (hereinafter called the "Plan"). The Plan is intended to qualify under the Internal Revenue Code, any amendments thereto, and the Treasury Department regulations and rulings thereunder. The Plan was originally effective January 1, 1971 and was restated effective May 3, 1994, with retroactive provisions under the Tax Reform Act of 1986 effective January 1, 1989. It is now necessary for the Employer to amend the Plan to include provisions in compliance with Uruguay Round Agreements Act (commonly referred to as GATT), the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), the Small Business Job Protection Act of 1996 (SBJPA), the Taxpayer Relief Act of 1997 (TRA), and the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA "98) (collectively referred to as "GUST"). Accordingly, the Employer hereby amends and restates the Plan effective January 1, 2001, or, with respect to qualification provisions under GUST, retroactively to such earlier date as required thereunder.

EXHIBIT 1    5

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC    Main Document    Page 136 of 157    Entered 01/27/12 13:10:58    Desc
                         Main Document    Page 61 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
                         Main Document    Page 8 of 47

## ARTICLE I

## DEFINITIONS

### 1.1    ANNUAL EARNINGS

"Annual Earnings" means all compensation paid during a calendar year by the Employer, before any payroll deductions for taxes or any other purposes, to a Participant for services rendered.

Notwithstanding the foregoing, the amount of Annual Earnings for determining all benefits provided under the Plan for each Participant during each Plan Year shall mean the maximum amount of compensation (as defined pursuant to Section 414(s) of the Code and the Regulations issued thereunder):

(a)    Adjusted Limit. The Annual Earnings of each Participant taken into account for any Plan Year shall mean the maximum amount of compensation (as defined herein as "Annual Earnings" pursuant to Section 414(s) of the Code and the Regulations issued thereunder) that shall be taken into account for each Participant during each Plan Year for determining all benefits provided under the Plan, as provided herein. The annual Compensation Limit for each Participant for any Plan Year shall be the amount provided for in Section 401(a)(17)(A) of the Code, as adjusted by the Commissioner of Internal Revenue for increases in the cost-of-living in accordance with Code Section 401(a)(17)(B). The cost-of-living adjustment in effect for a calendar year applies to annual Compensation for the determination period that begins with or within such calendar year. Such amount is $170,000 for the Plan Year beginning in 2001 and $200,000 for the Plan Year beginning January 1, 2002. The cost-of-living adjustment in effect for a calendar year applies to any period, not exceeding 12 months, over which compensation is determined beginning in such calendar year. If a determination period consists of fewer than 12 months, the annual

BN05\LRP\639524

-2-

EXHIBIT 1                                                                    6

EXHIBIT B
59

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC    Main Document    Page 137 of 157    Entered 01/27/12 13:10:58    Desc
Main Document    Page 62 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 9 of 47

Compensation Limit will be multiplied by a fraction, the numerator of which is the number of months in the determination period, and the denominator of which is 12.

1.2    AVERAGE FINAL EARNINGS

"Average Final Earnings" means the average of a Participant's Annual Earnings during a specified number of consecutive years of his last ten years of employment that produces the highest such average.

The specified number of years shall be whichever of the following yields the greater retirement benefit: (i) three (3), but calculated without regard to Service rendered or salary earned on or after April 1, 1991; or (ii) five (5).

1.3    CODE

"Code" means the Internal Revenue Code of 1986, as amended.

1.4    EARLY RETIREMENT DATE

"Early Retirement Date" means the date an Employee attains age 55.

1.5    EFFECTIVE DATE

The Plan is effective January 1, 1971.

1.6    EMPLOYEE

"Employee" means each regular full-time employee and regular part-time employee employed and compensated for services by the Employer, whose customary employment is for more than twenty hours per week.

1.7    EMPLOYER

"Employer" means Valley Health System, a California local health care district.

-3-

EXHIBIT 1    7

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Main Document    Page 138 of 157
Case 6:12-ap-01032-PC    Doc 1    Filed 01/27/12    Entered 01/27/12 13:10:58    Desc
Main Document    Page 63 of 79
Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 10 of 47

1.8    GROUP ANNUITY CONTRACT

"Group Annuity Contract" means the group annuity contract issued by the Insurance
Company to the Employer to provide benefits in accordance with the Plan.

1.9    HOUR OF SERVICE

"Hour of Service" means each hour for which an employee is paid, or entitled to payment,
for the performance of duties for the Employer. These hours shall be credited to the
employee for the computation period or periods in which the duties are performed.

1.10    INSURANCE COMPANY

"Insurance Company" means the insurance company providing insurance products to the
Employer for the purpose of investing Plan assets and providing benefits under the Plan.

1.11    NORMAL RETIREMENT DATE

"Normal Retirement Date" means the date an Employee attains age 65.

1.12    PARTICIPANT

"Participant" means an Employee who is participating in the Plan in accordance with
Article II and further, any former Employee who has terminated employment with the
Employer with rights to a benefit in accordance with Section 6.1 of the Plan and who has not
yet received his entire nonforfeitable retirement benefit.

1.13    PERIOD OF SEVERANCE

"Period of Severance" means, for any person, an interruption in his or her Service under the
Plan. A Period of Severance shall begin with the date the person no longer is credited with
Service under the Plan and end on the date the employee returns to active employment. A
person whose employment with the Employer is terminated for any reason shall be deemed
to have incurred a one year Period of Severance if he fails to return to active employment as

-4-

EXHIBIT 1                                              8

Case 6:14-ap-01236-PC   Doc 1   Filed 09/10/14   Entered 09/10/14 18:19:58   Desc
Main Document   Page 139 of 157
Case 6:12-ap-01032-PC   Doc 1   Filed 01/27/12   Entered 01/27/12 13:10:58   Desc
Main Document   Page 64 of 79
Case 6:10-ap-01566-PC   Doc 5   Filed 10/22/10   Entered 10/22/10 19:20:16   Desc
Main Document   Page 11 of 47

an employee and render one (1) or more Hours of Service before the first annual anniversary of the date of such termination.

1.14   **PLAN YEAR**

"Plan Year" means the twelve-consecutive-month period beginning each January 1 and ending the following December 31.

1.15   **SERVICE**

"Service" means all periods of employment rendered by the Participant to the Employer, except that it will not include any periods of irregular status, per diem status, non-benefit status or unpaid leave of absence. Service shall include unused Extended Sick Leave ("ESL"), calculated as one month of Service each 173.33 hours of ESL accrued by the Participant.

All periods of a person's Service, whether or not consecutive, shall be aggregated. Service shall be measured in elapsed years and fractions of years whereby each twelve (12) complete calendar months shall constitute one (1) year, each completed calendar month shall constitute one-twelfth (1/12th) of a year and partial calendar months which when aggregated equal thirty (30) days shall constitute one-twelfth (1/12th) of a year.

1.16   **TRUST AGREEMENT**

"Trust Agreement" means the Trust Agreement for the Valley Health System Retirement Plan, as set forth in the Trust Agreement of that title and as such agreement may be amended from time to time.

1.17   **TRUST FUND**

"Trust Fund" means the fund established pursuant to the terms of the Trust Agreement for the accumulation of contributions and payment of benefits under the Plan and shall include, but is not limited to, insurance contracts.

-5-

WSWH\3457\620571

EXHIBIT 1

9

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC    Main Document    Page 140 of 157    Entered 01/27/12 13:10:58    Desc
Main Document    Page 65 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 12 of 47

1.18    **TRUSTEE**

"Trustee" means the person or persons, bank, trust company and/or insurance company designated by the Employer to hold and invest the Trust Fund and to pay benefits and expenses as authorized by the Committee in accordance with the terms and provisions of the agreement by and between the Employer and such person or persons, bank, trust company and/or insurance company.

-6-

**EXHIBIT 1**                                    **10**

Case 6:14-ap-01236-PC   Doc 1   Filed 09/10/14   Entered 09/10/14 18:19:58   Desc
Main Document   Page 141 of 157
Case 6:12-ap-01032-PC   Doc 1   Filed 01/27/12   Entered 01/27/12 13:10:58   Desc
Main Document   Page 66 of 79
Case 6:10-ap-01566-PC   Doc 5   Filed 10/22/10   Entered 10/22/10 19:20:16   Desc
Main Document   Page 13 of 47

## ARTICLE II

## ELIGIBILITY AND PARTICIPATION

**2.1    ELIGIBILITY**

Each Employee who was covered under the Plan immediately before January 1, 1987 will continue to be a Participant on January 1, 1987.

Each other Employee in the employ of the Employer on January 1, 1987 and each Employee who enters the employ of the Employer after that date will become a Participant on the later of January 1, 1987 and the first day of a month coincident with or following the date on which he has completed two years of Service and attained his 25th birthday.

Notwithstanding the foregoing, effective January 1, 1998, Employees of Valley Health Care Management Services, LLC, who would otherwise be eligible to participate in this Plan, shall not be eligible to participate.

**2.2    REEMPLOYMENT**

If a Participant terminates employment and is later reemployed following a one year Period of Severance, he may participate again as of his reemployment date upon completion of one year of Service following his reemployment date.

If a Participant terminates employment and is later reemployed before he incurs a one year Period of Severance, he may participate again on the first day of the month coincident with or next following the reemployment date.

If an Employee who was not yet a Participant terminates employment and is later reemployed, he may become a Participant upon satisfying the eligibility requirements of Section 2.1, counting Service before termination of employment for the purpose of the Service requirements in Section 2.1.

-7-

EXHIBIT 1                                                    11

EXHIBIT B
64

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Main Document    Page 142 of 157
Case 6:12-ap-01032-PC    Doc 1    Filed 01/27/12    Entered 01/27/12 13:10:58    Desc
Main Document    Page 67 of 79
Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 14 of 47

Notwithstanding the provisions of Section 4.3, if a Participant is reemployed after commencement of payments, the following provisions, whichever is applicable, will apply.

(a)    If the Participant is reemployed before the Normal Retirement Date, payment of any retirement benefit will be suspended and the amount of retirement benefits to be paid on the Participant's subsequent retirement will be determined in accordance with Section 4.5.

(b)    If the Participant is reemployed after his Normal Retirement Date, he will be allowed to resume coverage under the Plan. Any retirement benefits to which he is entitled on account of his prior coverage under the Plan will continue to be paid without interruption; however, no prior Service will be recognized in the determination of benefits accrued subsequent to his reemployment date.

(c)    If the Participant is reemployed before the Normal Retirement Date, any option of Article V which was in effect immediately before the Participant's reemployment will be null and void. The Participant will be entitled to elect one of the options in Article V.

-5-

EXHIBIT i

12

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Main Document    Page 143 of 157
Case 6:12-ap-01032-PC    Doc 1    Filed 01/27/12    Entered 01/27/12 13:10:58    Desc
Main Document    Page 68 of 79
Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 15 of 47

## ARTICLE III

### RETIREMENT DATES

**3.1    NORMAL RETIREMENT DATE**

Effective July 1, 1986, the Normal Retirement Date of a Participant will be the first day of the month coinciding with or next following his or her 65th birthday.  The Participant's retirement benefit will commence on his Normal Retirement Date except as otherwise provided in Section 3.2 or 3.3.

**3.2    EARLY RETIREMENT DATE**

The Early Retirement Date of a Participant will be the first day of any month on or after his or her attainment of age 55 and prior to his Normal Retirement Date as of which he elects to have his Early Retirement Benefit commence.

A former Participant who has become entitled to a vested benefit, determined pursuant to Section 6.1, when he terminated employment shall be entitled to elect to begin receiving an Early Retirement Benefit on any Early Retirement Date after he has attained age 55.

**3.3    DEFERRED RETIREMENT DATE**

If a Participant remains in the active employ of the Employer after his Normal Retirement Date, the Participant's retirement benefit will commence on his Deferred Retirement Date, which will be the first day of the month coinciding with or next following his actual retirement date, unless an earlier distribution date is required pursuant to the provisions of Section 4.3.

-9-

EXHIBIT 1                                                                13

Case 6:14-ap-01236-PC   Doc 1   Filed 09/10/14   Entered 09/10/14 18:19:58   Desc
Main Document   Page 144 of 157
Case 6:12-ap-01032-PC   Doc 1   Filed 01/27/12   Entered 01/27/12 13:10:58   Desc
Main Document   Page 69 of 79

Case 6:10-ap-01566-PC   Doc 5   Filed 10/22/10   Entered 10/22/10 19:20:16   Desc
Main Document   Page 16 of 47

## ARTICLE IV

## RETIREMENT AND DEATH BENEFITS

4.1   RETIREMENT BENEFITS AT OR AFTER NORMAL RETIREMENT DATE

Each Participant whose retirement benefit is payable commencing at or after his Normal Retirement Date will be entitled, subject to Section 6.1, to an annual retirement benefit equal to 1½ percent of that part of his or her Average Final Earnings up to and including the Integration Level plus 2 percent of that part of his Average Final Earnings in excess of the Integration Level, multiplied by the number of years of his Service, counting each completed month as one-twelfth of a year.

The Integration Level shall be whichever of the following yields the greater retirement benefit:   (i) $9,000, but with the retirement benefit calculated without regard to Service rendered on or after April 1, 1991; or (ii) the greater of $10,000 or one-half of the covered compensation, as such term is defined in 401(1)(5)(E) of the Code, of an individual who attains social security retirement age in the current Plan year.

4.2   RETIREMENT BENEFIT PRIOR TO NORMAL RETIREMENT DATE

Effective July 1, 1986, each Participant whose retirement benefit is payable commencing prior to his Normal Retirement Date will be entitled to receive an annual retirement benefit computed pursuant to Section 4.1 and reduced by .41667 of 1 percent for each month, or fraction thereof, (5 percent per annum), from the date of commencement to his Normal Retirement Date.

A Participant who has not separated from Service and has attained age 53 on or before December 31, 1994, may elect to retire as an Early, Normal, or Deferred Retirement Date which is no earlier than November 29, 1993, and no later than December 31, 1994, and receive a retirement benefit commencing on the first day of the month coincident with or next following his/her separation from service, determined as follows:

WPDOCS\6349\ABS074                                -10-

EXHIBIT 1                                                     14

EXHIBIT B
67

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC   Main Document   Page 145 of 157
Doc 1    Filed 01/27/12    Entered 01/27/12 13:10:58    Desc
Main Document    Page 70 of 79

Case 6:10-ap-01566-PC    Doc 5    Filed 10/22/10    Entered 10/22/10 19:20:16    Desc
Main Document    Page 17 of 47

(a)    The number of years of Service used to determine his Accrued Benefit in accordance
with Section 4.1 of the Plan will be increased by two years.

(b)    If applicable, the reduction for early commencement of his Accrued Benefit in
accordance with Section 4.2 of the Plan will be determined as though the Participant
was actually two years older than his/her actual age at the time of his benefit
commencement.

4.3    PAYMENT OF BENEFITS

One-twelfth of the annual retirement benefit provided for a Participant will be payable
monthly for life from the applicable commencement date in accordance with Article III to
the date of the last payment due preceding the death of the Participant, subject to the
provisions of Article V. In no event shall payment commence later than the first day of April
following the calendar year in which he or she terminates employment or attains age 70-1/2,
whichever is later.

4.4    ACCRUED BENEFIT AND ACCRUED MONTHLY BENEFIT

A Participant's Accrued Benefit at any time is the annual rate of retirement benefit computed
for him in accordance with Section 4.1 as of the date of determination.  A Participant's
Accrued Monthly Benefit is equal to one-twelfth of his Accrued Benefit.

4.5    RETIREMENT BENEFIT FOLLOWING REEMPLOYMENT AFTER RETIREMENT

Effective January 1, 1982, if the Participant's retirement benefit payments had commenced
on an Early Retirement Date and he is reemployed prior to his Normal Retirement Date,
payment of such retirement benefits will be suspended as of the day the Participant is
reemployed, and the annual rate of retirement benefit payable on his Normal Retirement Date
or his Deferred Retirement Date will be recalculated equal to the sum of:

(a)    the Accrued Benefit as of the Early Retirement Date preceding the Participant's
reemployment, multiplied by a factor as provided in Section 14.2, and

-11-

IMPAC\1257\626674

*EXHIBIT 1*

15

# EXHIBIT "C"

# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

## Civil Case Report



**Camera indicates that a document may be purchased**
**View Document Fee Schedule**

### Case RIC1201152 - REICHARDT VS VALLEY HEALTH SYSTEM

### Case RIC1201152 - Complaints/Parties

**Complaint Number:** 0001 — WM Writ of Mandamus (Mandate) of JAN REICHARDT
**Original Filing Date:** 01/25/2012
**Complaint Status:** ACTIVE
1 to 10 of 15 total records Next >

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Petitioner | JAN REICHARDT | HUNT ORTMANN PALFFY NIEVES LUBKA DARLING HA | First Paper Fee Paid |
| 2 | Petitioner | ROSIE DE LA ROSA | HUNT ORTMANN PALFFY NIEVES LUBKA DARLING HA | First Paper Fee Paid |
| 3 | Petitioner | AILEEN GRISHAN | HUNT ORTMANN PALFFY NIEVES LUBKA DARLING HA | First Paper Fee Paid |
| 4 | Respondent | VALLEY HEALTH SYSTEM | Unrepresented | Serve Required (WaitS) |
| 5 | Respondent | RETIREMENT PLAN | Unrepresented | Serve Required (WaitS) |
| 6 | Respondent | GLENN HOLMES | Unrepresented | Serve Required (WaitS) |
| 7 | Respondent | MADELINE DREIER | Unrepresented | Serve Required (WaitS) |
| 8 | Respondent | AMELIA HIPPERT | Unrepresented | Serve Required (WaitS) |
| 9 | Respondent | DR WILLIAM CHERRY | Unrepresented | Serve Required (WaitS) |
| 10 | Respondent | TOM WILSON | Unrepresented | Serve Required (WaitS) |

1 to 10 of 15 total records Next >

Case 6:14-ap-01236-PC   Doc 1   Filed 09/10/14   Entered 09/10/14 18:19:58   Desc
Case 6:12-ap-01032-PC  Main Document    Filed 01/27/12   Page 148 of 157
RIC1201152 Complaints - Riverside Civil/ Small Claim   Page 73 of 79        Page 1 of 1
Doc 1   Filed 01/27/12   Entered 01/27/12 13:10:58   Desc
Main Document    Page 73 of 79

# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

### Complaints / Parties

#### Case RIC1201152 - REICHARDT VS VALLEY HEALTH SYSTEM

**Complaint Number:** 0001 — WM Writ of Mandamus (Mandate) of JAN REICHARDT
**Original Filing Date:** 01/25/2012
**Complaint Status:** ACTIVE
< Previous 11 to 15 of 15 total records

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 11 | Respondent | DEAN DEINES | Unrepresented | Serve Required (WaitS) |
| 12 | Respondent | JOEL BERGENFELD | Unrepresented | Serve Required (WaitS) |
| 13 | Respondent | VINAY M RAO | Unrepresented | Serve Required (WaitS) |
| 14 | Respondent | MICHELE BYRD | Unrepresented | Serve Required (WaitS) |
| 15 | Respondent | METROPOLITAN LIFE INSURANCE COMPANY | Unrepresented | Serve Required (WaitS) |
| < Previous 11 to 15 of 15 total records | | | | |



Riverside Public Access 5.7.2 © 2012 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

Case 6:14-ap-01236-PC    Doc 1    Filed 09/10/14    Entered 09/10/14 18:19:58    Desc
Case 6:12-ap-01032-PC Main Document Filed 01/27/12 Page 149 of 157 01/27/12 13:10:58    Desc
RIC1201152 Case Report - Riverside Civil & Small Claims Page 74 of 79    Page 1 of 2
Main Document

## Case RIC1201152 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 03/01/2012 8:30 AM DEPT. 10 | STATUS HEARING - WRIT OF MANDATE | · | |
| **Minutes** | Print Minute Order | NOTICE SENT TO HUNT ORTMANN PALFFYNIEVES LUBKA DARLING HA ON 1/25/12 | | |
| | 01/30/2012 9:30 AM DEPT. 12 | EX PARTE HEARING RE TEMPORARY RESTRAINING ORDER. | | |
| N | 01/26/2012 | REQUEST FOR JUDICIAL NOTICE FILED | Not Applicable | 🖾 |
| N | 01/26/2012 | EX PARTE APPLICATION TO/FOR TEMPORARY RESTRAINING ORDER BY JAN REICHARDT FILED | Not Applicable | 🖾 |
| **Minutes** | Print Minute Order | Receipt: 120126-0630    $40.00 | | |
| | 01/26/2012 | EX PARTE HEARING SET ON 1/30/12 AT 9:30 IN DEPT 12 | | |
| | 01/26/2012 | AMENDED PETITION FOR WRIT OF MANDATE FILED BY JAN REICHARDT, ROSIE DE LA ROSA, AILEEN GRISHAN | Not Applicable | N/A |
| N | 01/25/2012 | CERTIFICATE OF COUNSEL FILED. | Not Applicable | 🖾 |
| | 01/25/2012 | STATUS HEARING - WRIT OF MANDATE SET 3/01/12 AT 8:30 IN DEPT. 10. | | |
| N | 01/25/2012 | SUMMONS ON WRIT OF MANDAMUS (MANDATE) FILED 01/25/2012 OF JAN REICHARDT FILED | Not Applicable | 🖾 |
| | 01/25/2012 | PETITION AND PARTY INFORMATION ENTERED - WRIT OF MANDATE. | Not Applicable | |
| | 01/25/2012 | CASE ASSIGNED TO DEPARTMENT 10 - WRIT OF MANDATE. | | |
| **Minutes** | Print Minute Order | NOTICE SENT TO HUNT ORTMANN PALFFYNIEVES LUBKA DARLING HA ON 1/25/12 | | |
| N | 01/25/2012 | PETITION FOR WRIT OF MANDATE FILED. | Not Applicable | 🖾 |
| **Minutes** | Print Minute Order | Receipt: 120125-0459    $410.00 | | |

## Case RIC1201152 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 01/30/2012 9:30 AM DEPT. 12 | EX PARTE HEARING RE TEMPORARY RESTRAINING ORDER. | | |

| 03/01/2012 8:30 AM DEPT. 10 | STATUS HEARING - WRIT OF MANDATE | | | |

Print This Report

Close This Window

Riverside Public Access 5.7.2 © 2012 ISD Corporation. All Rights Reserved. www.isd-corp.com
Contact Us

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1901 Avenue of the Stars, Twelfth Floor, Los Angeles, CA 90067.

The foregoing document described **"NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1452(a)"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 27, 2012 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Andrew K Alper on behalf of Creditor Key Equipment Finance Inc.
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Robert S Altagen on behalf of Creditor John Ruffner
rsaink@earthlink.net

Terri H Andersen on behalf of U.S. Trustee United States Trustee (RS)
terri.andersen@usdoj.gov

Kathryn M Barnes on behalf of Creditor c/o Kathryn Barnes Valley Medical Staffing, Inc.
kbarnes@thelen.com

Daniel l Barness on behalf of Creditor Jessica Lopez
daniel@barnesslaw.com

Mark Bradshaw on behalf of Creditor Hemet Community Medical Group Inc
mbradshaw@shbllp.com

Michael E Busch on behalf of Creditor BETA Healthcare Group
michael.busch@fnf.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com

Traci L Cotton on behalf of Creditor UT System obo UT MD Anderson Cancer Center
tcotton@utsystem.edu

Jennifer Witherell Crastz on behalf of Creditor Beckman Coulter, Inc.
jcrastz@hemar-rousso.com

Melissa Davis on behalf of Creditor KM Strategic Management LLC
mdavis@shbllp.com

Timothy J Farris on behalf of U.S. Trustee United States Trustee (RS)
timothy.j.farris@usdoj.gov

Marina Fineman on behalf of Debtor Valley Health System
mfineman@stutman.com

H Alexander Fisch on behalf of Counter-Defendant Valley Health System
afisch@stutman.com

Yolanda Flores-Burt on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_
559510v.1                                                                                                **F 9013-3.1.PROOF.SERVICE**

yflores1@sbcglobal.net, yfloresb@yfblaw.com

Heather Fowler on behalf of Interested Party Prime Healthcare Management, Inc.
heather.fowler@lw.com, colleen.rico@lw.com

Roger F Friedman on behalf of Creditor Kali Chaudhuri
rfriedman@rutan.com

Fred Gaines on behalf of Debtor In Possession Valley Health System
fgaines@gaineslaw.com

Peter J Gurfein on behalf of Interested Party Physicians for Healthy Hospitals, Inc.
pgurfein@lgbfirm.com, cscott@LGBFirm.com

Mark S Horoupian on behalf of Interested Party Prime Healthcare Management LLC
mhoroupian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Allan H Ickowitz on behalf of Creditor Kaiser Foundation Hospitals
aickowitz@nossaman.com, mbonilla@nossaman.com

Jeffrey L Kandel on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
jkandel@pszjlaw.com

Sheri Kanesaka on behalf of Creditor Catholic Healthcare West
sheri.kanesaka@bryancave.com, theresa.macaulay@bryancave.com

Q Scott Kaye on behalf of Creditor U.S. Bank, National Association, as trustee
qskaye@mwe.com

John W Kim on behalf of Creditor Kaiser Foundation Hospitals
jkim@nossaman.com

Bradford Klein on behalf of Interested Party Courtesy NEF
brad.e.klein@gmail.com

Robert A Klyman on behalf of Interested Party Prime Healthcare Services, Inc.
robert.klyman@lw.com

Stuart I Koenig on behalf of Creditor Blue Cross Of California
Skoenig@cmkllp.com

Jean LeBlanc on behalf of Creditor U.S. Bank, National Association, as trustee
jleblanc@mwe.com

Paul J Leeds on behalf of Creditor Healthcare Management Solutions, Inc.
leedsp@higgslaw.com, reisingc@higgslaw.com

Dana N Levitt on behalf of Creditor U.S. Bank, National Association, as trustee
dlevitt@mwe.com, WSmith@mwe.com

Michael S Lurey on behalf of Creditor Catholic Healthcare West
michael.lurey@lw.com, colleen.rico@lw.com

Bryant C MacDonald on behalf of Interested Party Inland Psychiatric Medical Group
Maclaw51@verizon.net

Samuel R Maizel on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
smaizel@pszjlaw.com, smaizel@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
559510v.1

F 9013-3.1.PROOF.SERVICE

David J Mccarty on behalf of Counter-Claimant Aetna Health Management LLC
dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com

Neeta Menon on behalf of Debtor Valley Health System
nmenon@rutterhobbs.com

Scott H Olson on behalf of Creditor SEIU United Healthcare Workers West and Joint Employer Education Fund
solson@seyfarth.com

Thomas J Polis on behalf of Creditor DaVita Inc
tom@polis-law.com

Uzzi O Raanan on behalf of Creditor Siemens Financial Services, Inc.
uor@dgdk.com, DanningGill@Gmail.com

Christian L Raisner on behalf of Creditor Local 121 RN
bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

Christopher O Rivas on behalf of Creditor General Electric Capital Corporation
crivas@reedsmith.com

Stephanie M Seidl on behalf of Counter-Claimant Aetna Health Management LLC
sseidl@sheppardmullin.com

Leonard M Shulman on behalf of Creditor Hemet Community Medical Group Inc
lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Healthcare Group
jerrys@psdslaw.com, bonniec@psdslaw.com

Nathan M Smith on behalf of Interested Party Prime Healthcare Services, Inc.
nsmith@perkinscoie.com

Adam M Starr on behalf of Creditor Anaheim Memorial Hospital
starra@gtlaw.com

Jason D Strabo on behalf of Creditor U.S. Bank, National Association, as trustee
jstrabo@mwe.com, losangelestrialdocket@mwe.com

Derrick Talerico on behalf of Creditor SCAN Health Plan
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

Wayne R Terry on behalf of Creditor BANK OF THE WEST
wterry@hemar-rousso.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Andrea M Valdez on behalf of Creditor Universal Health Services
avaldez@fulbright.com

Michael S Winsten on behalf of Creditor DaVita Inc
mike@winsten.com

David M Wiseblood on behalf of Creditor c/o Christian L. SEIU-United Healthcare Workers West
dwiseblood@seyfarth.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
559510v.1

**F 9013-3.1.PROOF.SERVICE**

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **January 27, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED BY OVERNIGHT MAIL (VIA FEDERAL EXPRESS):**

Honorable Peter H. Carroll
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street
Suite 1534/Courtroom 1539
Los Angeles, CA  90012

Gregory G. Petersen, Esq.
HUNT ORTMANN PALFFY NIEVES
LUBKA DRLING & MAH, INC.
18301 Von Karman Avenue, Suie 330
Irvine, CA  92612

PACHULSKI, STANG, ZIEHL & JONES LLP
Attn:  Sam Maizel, Esq. And Jeff Kandel, ESq.
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA  90067

John B. Marshall, Esq.
Lewitt, Hackman, Shapiro, Marshall & Harlan
16633 Ventura Boulevard
11th Floor
Encino, CA  91436

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**SERVIED BY PERSONAL DELIVERY:**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 27, 2012 | Debra G. Ige | /s/ Debra G. Ige |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
559510v.1

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1452(a)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 10, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Robert S Altagen    rsaink@earthlink.net
- Terri H Andersen    terri.andersen@usdoj.gov
- Kathryn M Barnes    kbarnes@thelen.com
- Daniel I Barness    daniel@barnesslaw.com
- Manuel A Boigues    bankruptcycourtnotices@unioncounsel.net
- Mark Bradshaw    mbradshaw@shbllp.com, sswartzell@shbllp.com
- Michael E Busch    michael.busch@fnf.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
- Traci L Cotton    tcotton@utsystem.edu
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Timothy J Farris    timothy.j.farris@usdoj.gov
- Marina Fineman    mfineman@stutman.com
- H Alexander Fisch    afisch@stutman.com
- Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
- Anthony A Friedman    aaf@lnbyb.com
- Roger F Friedman    rfriedman@rutan.com
- Fred Gaines    fgaines@gaineslaw.com
- Paul R. Glassman    pglassman@sycr.com
- Peter J Gurfein    pgurfein@lgbfirm.com, marizaga@lgbfirm.com;kalandy@lgbfirm.com;levans@lgbfirm.com;cboyias@lgbfirm.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;ppenn@ecf.inforuptcy.com
- Allan H Ickowitz    aickowitz@nossaman.com, mbonilla@nossaman.com
- Jeffrey L Kandel    jkandel@pszjlaw.com
- Sheri Kanesaka    generalmail@alvaradoca.com
- Q Scott Kaye    qskaye@mwe.com
- John W Kim    jkim@nossaman.com, jplaine@nossaman.com
- Gary E Klausner    gek@lnbyb.com
- Bradford Klein    bklein@wrightlegal.net, jevaristo@wrightlegal.net
- Robert A Klyman    robert.klyman@lw.com, kathryn.bowman@lw.com
- Stuart I Koenig    Skoenig@cmkllp.com
- Jean LeBlanc    jleblanc@mwe.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1
- Paul J Leeds    leedsp@higgslaw.com, reisingc@higgslaw.com
- Dana N Levitt    dlevitt@mwe.com, WSmith@mwe.com

2
- Melissa Davis Lowe    mdavis@shbllp.com
- Michael S Lurey    michael.lurey@lw.com, colleen.rico@lw.com

3
- Bryant C MacDonald    Maclaw51@verizon.net

4
- Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
- David J McCarty    dmccarty@sheppardmullin.com

5
- Neeta Menon    nmenon@btlaw.com
- Scott H Olson    solson@vedderprice.com,

6
  ecfdocket@vedderprice.com,jcano@vedderprice.com,jparker@vedderprice.com

7
- Gregory G Petersen    , linnda@ggpetersenlaw.com
- Gregory G Petersen    gpetersen@petersenlawfirm.com, linnda@ggpetersenlaw.com

8
- Thomas J Polis    tom@polis-law.com
- Uzzi O Raanan    uor@dgdk.com,

9
  DanningGill@gmail.com;uraanan@ecf.inforuptcy.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net,

10
  craisner@unioncounsel.net

11
- Christopher O Rivas    crivas@reedsmith.com
- Stephanie M Seidl    sseidl@sheppardmullin.com

12
- Leonard M Shulman    lshulman@shbllp.com
- Gerald N Sims    jerrys@psdslaw.com, bonniec@psdslaw.com

13
- Nathan M Smith    nate@ethanbrownlaw.com
- Adam S Starr    starra@gtlaw.com, laik@gtlaw.com

14
- Jason D Strabo    jstrabo@mwe.com, cgilbert@mwe.com

15
- Derrick Talerico    dtalerico@lntlaw.com, nlockwood@lntlaw.com;jokeefe@lntlaw.com
- Wayne R Terry    wterry@hemar-rousso.com

16
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez    avaldez@fulbright.com

17
- Michael S Winsten    mike@winsten.com
- David M Wiseblood    dwiseblood@wisebloodlaw.com,

18
  dmwadmin@wisebloodlaw.com

19
**2.  SERVED BY UNITED STATES MAIL**: On **September 10, 2014**, I served the following persons

20
and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a
true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid,

21
and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
completed no later than 24 hours after the document is filed.

22
Gregory G. Petersen                              Gregory G. Petersen
Gregory G. Petersen, ALC                  Gregory G. Petersen, ALC

23
4425 Jamboree Road, Suite 175          21163 Newport Coast Drive, Suite 600
Newport Beach, CA  92660                   Newport Coast, CA  92612

24

25
☐ Service information continued on attached page

26
**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR,

27
on **September 10, 2014**, I served the following persons and/or entities by personal delivery, overnight
mail service, or (for those who consented in writing to such service method), by facsimile transmission

28
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or
overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

1

**Served via Overnight Mail**
The Honorable Peter H. Carroll
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 230
Santa Barbara, CA 93101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 10, 2014 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**