Gail E. Cohen (SBN 93210)
gcohen@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:   213-614-7399

Robert E. Hess (SBN 178042)
rhess@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, CA 92612-2427
Telephone:  949-757-2800
Facsimile:   949-752-6313

Attorneys for
Metropolitan Life Insurance Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| JAN REICHARDT, et al., | Bankruptcy Case No. 6:07-bk-18293-PC |
| Plaintiffs, | |
| vs. | Chapter 9 |
| THE VALLEY HEALTH SYSTEM RETIREMENT PLAN, et al., | Adv. Proc. No. 6:14-ap-01236-PC |
| Defendants. | METROPOLITAN LIFE INSURANCE COMPANY'S **AMENDED** NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT |
| | FRCP 12(c); 56 |
| | Hearing
Date:     June 11, 2015
Time:    10:00 a.m.
Place:    1415 State Street
              Courtroom 201
              Santa Barbara, CA 93101 |

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
8th Floor
Irvine, CA 92612-2427
949-757-2800

36040343v1 0963319

1    PLEASE TAKE NOTICE that a hearing will be held on June 11, 2015 at 10:00 a.m. at Courtroom 201 located at 1415 State Street in Santa Barbara, California 93101, to consider this motion for judgment pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, for summary judgment (the "Motion") by Metropolitan Life Insurance Company ("MetLife").

    PLEASE TAKE FURTHER NOTICE that this Motion is based upon Local Bankruptcy Rule 9013-1, this Amended Notice of Motion and Motion, the previously filed Memorandum of Points and Authorities, the previously filed Request for Judicial Notice, and such other and further evidence and legal argument as may be presented by MetLife prior to or at the hearing on the Motion.

    The Motion is based on the grounds that Plaintiffs have failed to state a plausible claim against MetLife, and they cannot cure the deficiencies in their claims by amendment. More specifically, MetLife is entitled to judgment as a matter of law because Plaintiffs' claims against MetLife constitute an improper attempt to circumvent the discharge and injunction provisions of Valley Health System's ("VHS") Chapter 9 Bankruptcy Plan and the subsequent Confirmation Order entered April 26, 2010, and are without merit as established by the prior rulings of this Court and the Bankruptcy Appellate Panel, each of which has addressed the substance of such claims. Further, Plaintiffs cannot hold MetLife liable, as a matter of law, for the alleged underfunding of the VHS Retirement Plan (the "Plan"), which is the core claim in this action; they cannot establish that MetLife violated any duties under the terms of the Plan that caused their claimed damages; and, finally, they cannot establish that MetLife breached any other duty which makes it responsible for any of the conduct that purportedly caused their alleged damages.

    Plaintiffs' claims for relief pled against MetLife also fail as a matter of law for the following additional reasons:

1

36040343v1 0963319

1        <u>Plaintiffs' Second Claim for Breach of Fiduciary Duty</u> fails because Plaintiffs
2 have failed to show (1) the existence of a fiduciary duty owed to them by MetLife;
3 (2) breach of any such alleged fiduciary duty; and/or (3) damage proximately caused
4 by any such alleged breach.  Plaintiffs' factual allegations in support of their breach
5 of fiduciary duty claim are entirely conclusory in nature

6        <u>Plaintiffs' Third and Fourth Claims for Fraud and Negligent Misrepresentation</u>
7 fail for lack of specificity.  Plaintiffs' factual allegations in support of their breach of
8 fiduciary duty claim lack the requisite specificity and do not meet the heightened
9 pleading standard of Federal Rule of Civil Procedure 9(b), especially as pled against
10 MetLife, a corporate defendant.  Additionally, to the extent the fraud and negligent
11 misrepresentation claims are based on MetLife's alleged failure to disclose certain
12 facts, Plaintiffs have failed to show that MetLife had a duty to disclose such facts.
13 The fraud and negligent misrepresentation claims are also without merit because
14 Plaintiffs have not alleged and cannot prove a causal connection between MetLife's
15 alleged omissions and their alleged loss.

16        <u>Plaintiffs' Seventh Claim for Relief for Accounting</u> fails because Plaintiffs
17 have failed to show that a relationship exists between the Plaintiffs and MetLife that
18 requires an accounting, and/or that some balance is due Plaintiffs that can only be
19 ascertained by an accounting.

20        <u>Plaintiffs' Eighth Claim for Injunctive Relief</u> fails because injunctive relief is
21 simply a remedy, and as such Plaintiffs' eighth claim for relief is dependent upon the
22 viability or plausibility of Plaintiffs' other claims, which, for the reasons
23 summarized herein, are fatally deficient.

24        <u>Plaintiffs' Ninth Claim for Violation of the California Constitution</u> is entirely
25 redundant to Plaintiffs' other claims, and therefore it fails for the same reasons that
26 Plaintiffs' against MetLife are not viable.

27        <u>Plaintiff's' Tenth Claim for Relief for Breach of Implied and Express Contract</u>
28 fails for the following reasons: (1) to the extent it is based upon alleged breaches of

36040343v1 0963319

1 the Plan, it is improperly pled against MetLife because MetLife was not a party to
2 the Plan, which was a contract between VHS and its employees; and (2) to the
3 extent it is based on a contract other than the Plan, because Plaintiffs have neither
4 identified any such contract nor pled its specific terms, and they are unable to do so
5 because there is no valid and binding contract between Plaintiffs and MetLife under
6 which MetLife could be held liable to Plaintiffs for breach of contract.

7 <u>Plaintiffs' Eleventh Claim for Declaratory Relief</u> fails because it improperly
8 seeks to redress past wrongs (*i.e.*, the alleged underfunding of the Plan and failure to
9 disclose same) and is not based on a justiciable controversy.

10 PLEASE TAKE FURTHER NOTICE that this Motion is based upon the
11 evidence that is attached to MetLife's Request for Judicial Notice filed in support of
12 the Motion. In the event the Court considers such evidence to be extrinsic and
13 beyond the scope of evidence properly considered under Federal Rule of Civil
14 Procedure 12(c), MetLife requests, in the alternative, that the Court convert this
15 Motion to a motion for summary judgment.

16 PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy
17 Rule 9013-1(f), opposition to the Motion, if any, must be filed with the Court and
18 served upon counsel for MetLife fourteen (14) days prior to the hearing date set
19 forth above, must contain a complete written statement of all reasons for such
20 opposition, together with declarations and copies of any evidence upon which the
21 opposition relies, and a responding memorandum of points and authorities.

22 WHEREFORE, MetLife respectfully requests the Court to enter an order: (1)
23 granting the Motion and entering judgment in favor of MetLife and against
24 Plaintiffs, and (2) granting such other and further relief as is just and proper under
25 the circumstances.

26
27
28

3

1

2   DATED: April 20, 2015                    HINSHAW & CULBERTSON LLP

3
                                             By: /s/ *Gail E. Cohen*
4                                                GAIL E. COHEN
                                                 ROBERT E. HESS
5                                                Attorneys for
                                                 Metropolitan Life Insurance Company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28