FILED & ENTERED

JUL 24 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>VALLEY HEALTH SYSTEM,<br><br>                Debtor.<br><br>JAN REICHARDT, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>THE VALLEY HEALTH SYSTEM<br>RETIREMENT PLAN, et al.,<br><br>                Defendants. | Case No. 6:07-bk-18293-PC<br><br>Adversary No. 6:14-ap-01236-PC<br><br>Chapter 9<br><br>**MEMORANDUM RE: PLAINTIFFS' MOTION FOR REMAND AND METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT**<br><br>Date: June 11, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>        Courtroom # 201<br>        1415 State Street<br>        Santa Barbara, CA 93103 |

       Plaintiffs, Jan Reichardt, et al. (collectively, "Reichardt") seeks an order remanding the above referenced adversary proceeding to the Superior Court of California, County of Riverside, pursuant to 28 U.S.C. § 1452(b) and FRBP 9027(d).[1] Defendant, Metropolitan Life Insurance

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule"

1

Company ("MetLife") and Debtor, Valley Health System ("VHS") oppose the motion. MetLife also moves for a judgment on the pleadings, or alternatively, a summary judgment, which is opposed by Reichardt. Having considered the pleadings, evidentiary record, and arguments of counsel, the court will deny Reichardt's motion and stay further action in this adversary proceeding, including a determination of MetLife's motion, based upon the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in bankruptcy cases.

## I.  STATEMENT OF FACTS

VHS is a local healthcare district formed in 1946 pursuant to the State of California Local Health Care District Law, Cal. Health & Safety Code § 32000, et seq. Prime Healthcare Mgm't, Inc. v. Valley Health Sys. (In re Valley Health Sys.), 429 B.R. 692, 700 (Bankr. C.D. Cal. 2010). On December 13, 2007, VHS filed a voluntary petition under chapter 9 of the Bankruptcy Code. Id. at 702. On the petition date, VHS owned and operated a skilled nursing facility, together with three hospitals that provided comprehensive health care services and 24-hour emergency medical services to residents in Riverside County, California. Id. at 700.

After determining that VHS was eligible for relief under chapter 9, the court entered an order for relief in the case on February 20, 2008. See In re Valley Health Sys., 383 B.R. 156, 165 (Bankr. C.D. Cal. 2008). Three years later, the court confirmed the First Amended Plan for the Adjustment of Debts of Valley Health System Dated December 17, 2009 (as modified) (the "Chapter 9 Plan") by order entered on April 26, 2010.[2] On October 14, 2010, VHS notified creditors and parties in interest of the Chapter 9 Plan's Effective Date – October 13, 2010.

---

references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

[2] Order (i) Confirming First Amended Plan for Adjustment of Debts of Valley Health System Dated December 17, 2009, as Modified February 19, 2010, and (ii) Granting Judgment for Valley Health System in Each Challenge Action [Dkt. # 881] entered April 26, 2010 (the "Confirmation Order").

2

VHS's Chapter 9 Plan and Confirmation Order provide for the discharge of VHS's prepetition debts and enjoin claimants from pursuing any action or proceeding on account of such debts.[3]"

On the petition date, VHS had a retirement plan for its employees (the "VHS Retirement Plan"). The VHS Chapter 9 Plan specifically addressed the treatment of claims by participants in the VHS Retirement Plan. Section I.A.(64) of VHS's Chapter 9 Plan states:

> **VHS Retirement Plan** means the "Valley Health System Retirement Plan Adopted January 1, 1971", as amended. Under section 4.8 of the VHS Retirement Plan, the plan was frozen effective May 4, 1999, such that the "Accrued Benefit" of each plan participant was frozen as of this date, and participants have accrued no benefits under the plan since such date.[4]

Participants in the VHS Retirement Plan are defined in Section I.A.(22) as "**Defined Benefit Plan Participants**."[5] The interests of Defined Benefit Plan Participants are treated as unimpaired in Class 2C of VHS's Chapter 9 Plan, which states in pertinent part:

> Defined Benefit Plan Participants will be entitled to the same rights and benefits to which such participants are currently entitled under the VHS Retirement Plan and the MetLife Group Annuity Contract,[[6]] and such participants shall have no recourse to the District or to any assets of the District, and shall not be entitled to receive any distribution under this Plan. Instead, all unallocated amounts held by MetLife Group, pursuant to the VHS Retirement Plan and the MetLife Group Annuity Contract, will continue to be made available to provide retirement benefits for all participants in the manner indicated under the provisions of the VHS Retirement Plan and the MetLife Group Annuity Contract. Accordingly, the treatment of Allowed Class 2C Claim holders set forth herein shall not affect any legal, equitable or contractual rights to which the VHS Retirement Plan participants are entitled.[7]

---

[3] Chapter 9 Plan, 23:26-24:6; Confirmation Order, 3:18-4:16.

[4] Chapter 9 Plan, 10:3-6.

[5] Id. at 5:10-11.

[6] "MetLife Group Annuity Contract means the MetLife Group Annuity Contract No. 884 as amended, pursuant to which the VHS Retirement Plan is administered by MetLife Group." Id. at 6:17-19.

[7] Id. at 16:8-22.

3

On July 18, 2014, Reichardt filed a complaint against The Valley Health System Retirement Plan, MetLife, and the following individuals: Geoffrey Lang, Lloyd Dunn, Myron Grindheim, Patricia Tuller, William Blasé, William Cherry, Glenn Holmes, Madeleine Dreier, Vinay M. Rao, Amelia Hippert, Tom F. Wilson, Dean Deines, Joel Bergenfeld, and Michele Byrd (collectively, the "Plan Trustees"), in Case No. RIC 1406794, styled <u>Reichardt, et al. v. The Valley Health System Retirement Plan, et al.</u>, in the Superior Court of California, County of Riverside ("<u>Reichardt II</u>"), seeking, among other things, damages for an alleged underfunding of the VHS Retirement Plan. Reichardt and the other 151 named plaintiffs claim to be beneficiaries under the VHS Retirement Plan.[8] On September 10, 2014, VHS removed the action to this court pursuant to 28 U.S.C. § 1452(a) and FRBP 9027. In the Removal Notice, VHS states:

---

[8] VHS charges that "this is the third lawsuit commenced in California State Court, following confirmation of [VHS's] Plan, seeking millions of dollars of damages resulting from [VHS's] alleged failure to fund its retirement plan." Notice of Removal of Civil Action Under 28 U.S.C. § 1452(a) [Dkt. # 1] filed September 10, 2014 ("Removal Notice"), at 5:19-21. The court agrees, taking judicial notice of the following facts:

On August 26, 2010, Peggy Kirton and Diana Agnello filed a Petition for Writ of Mandate Pursuant to Code of Civil Procedure § 1085 Re: (1) Violation of Valley Health Systems Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief in Case No. RIC 10017129, styled <u>Kirton, et al. v. Valley Health Systems, et al.</u>, in the Superior Court of California, County of Riverside ("<u>Kirton</u>"). On September 22, 2010, VHS removed <u>Kirton</u> to this court. <u>Kirton</u> was denominated Adversary No. 6:10-ap-01566-PC. On January 18, 2011, the court dismissed the complaint in <u>Kirton</u> against all defendants without leave to amend and thereafter denied the plaintiffs' motion for reconsideration. On March 13, 2012, the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") vacated the court's dismissal order on the ground that it lacked subject matter jurisdiction and instructed the court to remand <u>Kirton</u> to the state court. <u>Kirton v. Valley Health Sys. (In re Valley Health Sys.)</u>, 471 B.R. 555, 569 (9th Cir. BAP 2012) ("<u>Kirton I</u>"), <u>rev'd</u>, 584 Fed. Appx. 477 (9th Cir. 2014). On August 7, 2014, the Ninth Circuit reversed the BAP, determined that this court had subject matter jurisdiction of Kirton's claims and remanded "with instructions that the BAP determine all of the remaining substantive issues raised on appeal from the bankruptcy court." <u>Kirton v. Valley Health Sys. (In re Valley Health Sys.)</u>, 584 Fed. Appx. 477, 480 (9th Cir. 2014). On February 24, 2015, the BAP affirmed both the dismissal order and reconsideration order. <u>Kirton v. Valley Health Sys. (In re Valley Health Sys.)</u>, 2015 WL 777685, *7 (9th Cir. BAP 2015) ("<u>Kirton II</u>"). On March 26, 2015, <u>Kirton II</u> was appealed to the Ninth Circuit where it is currently pending.

4

> This Court has subject matter jurisdiction over Reichardt II because of, inter alia, the close nexus between Reichardt II and [VHS's] chapter 9 case, as Reichardt II may potentially have had a profound and adverse impact on [VHS's] chapter 9 case, its property and its ability to implement the Chapter 9 Plan. Also, Reichardt II requires a determination of whether the causes of action are based on obligations governed by the Confirmation Order, and the impact of the Confirmation Order's discharge and injunction provisions on such claims, which should be resolved by this Court as this Court is intimately familiar with [VHS's] case and the proper procedural mechanisms that were enacted in establishing deadlines for claims. Finally, if Reichardt II is prosecuted in state court, unfettered by the Confirmation Order, it is conceivable that Plaintiffs will be allowed to attach or execute on property of [VHS] and eliminate any distribution to those creditors who timely filed claims and to whom distributions were allocated under the Chapter 9 Plan. The Chapter 9 Plan provides for payment of approximately $21 million to creditors. To date, only a fraction of these funds have been distributed to priority creditors. Because unsecured creditors have still not received any distributions as claims are still being adjudicated, the bulk of these funds remains available. Therefore, Reichardt II may not only impact the bankruptcy case, but it can completely undermine the implementation of the Chapter 9 Plan that was overwhelmingly accepted by voting creditors and approved by this Court.[9]

Two concerns prompted VHS to remove Reichardt II to this court:

> First, the caption of the Complaint names "Valley Health System Retirement Plan" as a Defendant. However, notwithstanding [Reichardt's] assertion that the PLAN is separate public entity that can be sued, it is not . . . and, therefore the acts and omissions complained of in the Complaint might be legally attributable to [VHS] and [VHS] may be subject to potential damage claims and/or other relief requested in the Complaint.

On January 25, 2012, Jan Reichardt, Rosie De La Rosa, and Aileen Grisham filed a Petition for Writ of Mandate Pursuant to Code of Civil Procedure § 1085 Re: (1) Violation of the California Constitution in Case No. RIC 120152, styled Reichardt, et al. v. Valley Health System, et al., in the Superior Court of California, County of Riverside ("Reichardt I"). On January 27, 2012, VHS removed Reichardt I to this court. Reichardt I was denominated Adversary No. 6:12-ap-01032-PC. VHS filed an answer in Reichardt I on March 23, 2015.

Peggy Kirton and Diana Agnello, the named plaintiffs in Kirton, and Jan Reichardt, Rosie De La Rosa, and Aileen Grisham, the named plaintiffs in Reichardt I, are among the 152 plaintiffs named in Reichardt II.

---

[9] Removal Notice, 9:11-28 (emphasis added).

>   Second, as employees or directors of a public entity, the Defendant PLAN
>   TRUSTEES are entitled to be indemnified by [VHS] under California
>   Government Code sections 825-825.6  [VHS] is thus potentially liable to each
>   PLAN TRUSTEE for defense costs and any payments that the PLAN TRUSTEES
>   may be required to make as a result of a settlement or judgment.  Accordingly, by
>   asserting purported claims and causes of action against the PLAN TRUSTEES,
>   [Reichardt is] circumventing the injunction and discharge provisions of the
>   Confirmation Order and putting at risk, property of [VHS].[10]

On October 20, 2014, Reichardt filed a motion with the United States District Court for the Central District of California seeking a withdrawal of the reference for "cause" pursuant to 28 U.S.C. § 157(d), arguing that (1) the claims made the basis of Reichardt II are non-core; (2) Reichardt is entitled to a trial by jury; and (3) Reichardt "will not submit to the jurisdiction of the bankruptcy court" nor consent to a jury trial before the bankruptcy court.[11]  Reichardt also requested, by separate motion, that the district court remand the proceeding to the state court pursuant to 28 U.S.C. 1452(b).[12]  On February 15, 2015, the district court declined to either withdraw the reference or remand.  In so holding, the district court reasoned:

>   The retirement plan at the heart of this matter is closely related to the bankruptcy
>   proceedings.  VHS was the party contractually obligated to fund the retirement
>   plan, and any claims concerning its failure to do so necessarily implicate the
>   Bankruptcy Court's prior confirmation order precluding pre-existing claims
>   against VHS.  While [Reichardt] tried to distance this case from the bankruptcy
>   proceeding by excluding VHS as a defendant, the Court is unconvinced that these
>   claims would not ultimately affect VHS.  Namely, [Reichardt] fail[s] to persuade
>   the court that VHSRP – rather than VHS—is a proper defendant, especially given
>   the Bankruptcy Court's prior decision to the contrary, or that VHS would not
>   ultimately be liable due to indemnity obligations.  Given the likely effect of this
>   litigation on VHS's confirmed Chapter 9 plan and the administration of the post-

---

[10] Id. at 8:20 – 9:4.

[11] Plaintiff's Motion to Withdraw the Reference filed in Case No. EDCV14-02154-AG, styled Reichardt, et al., v. Valley Health System Retirement Plan, et al., in the United States District Court, Central District of California, Riverside Division, on October 20, 2014 [Dkt. # 4], 1:14-4:7.

[12] Plaintiffs' Motion to Remand filed in Case No. EDCV14-02154-AG, styled Reichardt, et al., v. Valley Health System Retirement Plan, et al., in the United States District Court, Central District of California, Riverside Division, on October 20, 2014 [Dkt. # 5], 9:11-12:4.

Main Document    Page 7 of 20

confirmation estate, these are core matters that are best resolved in Bankruptcy Court.

Moreover, efficiency is best served by denying the Motion for Withdrawal of Reference. The Bankruptcy Court has dealt extensively with the parties, attorneys, and subject matter of these claims. The Court cannot ignore the repeated cases filed by [Reichardt's] counsel in state court asserting similar claims. The past cases each wound up in Bankruptcy Court, and [Reichardt] [is] seemingly trying everything to sidestep that Court's jurisdiction. The Court will not reward those efforts.

Finally, [Reichardt's] arguments concerning a jury trial are unavailing. Given the stated factors, the Bankruptcy Court is best positioned to preside over the action at this time.[13]

While Reichardt's motions were pending before the district court, VHS filed a motion on November 13, 2014, seeking an order from the bankruptcy court confirming that VHS, not VHS Retirement Plan, is the real party in interest in this adversary proceeding.[14] In response thereto, Reichardt dismissed its complaint against VHS Retirement Plan on February 24, 2015, without prejudice.[15] On March 16, 2015, the court dismissed Reichardt's claims against each of the Plan Trustees without prejudice pursuant to F.R.Civ.P. 4(m) and FRBP 7004(a)(1) leaving MetLife the only remaining defendant.[16]

On April 17, 2015, MetLife filed its Motion for Judgment on the Pleadings, or in the Alternative, Summary Judgment. Reichardt filed a response in opposition to the motion on May 28, 2015, to which MetLife replied on June 4, 2015. On May 6, 2015, Reichardt filed a motion seeking an order remanding the action to state court alleging that (1) the court lacked subject

---

[13] Metropolitan Life Insurance Company's Supplemental Request for Judicial Notice in Support of Opposition to Motion to Remand, Exh. # 3:16-17.

[14] Notice of Motion and Motion for Order Confirming that Valley Health System, a California Local Healthcare District, is the Real Party in Interest Defendant, Erroneously Named as Valley Health System Retirement Plan [Dkt. # 8] filed November 13, 2014.

[15] Plaintiffs' Notice of Voluntary Dismissal of Defendant Valley Health System Retirement Plan Pursuant to F.R.B.P. 7041 and F.R.C.P. 41(a)(1)(A)(i) [Dkt. # 27] filed February 24, 2015.

[16] Order Dismissing Trustee Defendants for Insufficient Process, Insufficient Service of Process and Failure to Serve Within the Time Limit For Service [Dkt. # 50] entered March 16, 2015.

7

matter jurisdiction over the removed causes of action; or alternatively, (2) if the court had subject matter jurisdiction:  (a) abstention was mandatory under 28 U.S.C. § 1334(c)(2); (b) factors weighed heavily in favor of discretionary abstention under 28 U.S.C. § 1334(c)(1); or (c) equitable grounds required a remand pursuant to 28 U.S.C. § 1452(b).  MetLife and VHS filed opposition to Reichardt's motion on May 28, 2015.  At a hearing on June 11, 2015, the motions were taken under submission.

## II. DISCUSSION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b), 1334(b) and 1452(a).  This adversary proceeding involves claims that are both core and non-core under 28 U.S.C. § 157.  Venue is appropriate in this court.  28 U.S.C. § 1409(a).  Reichardt does not consent to the entry of a final judgment by the bankruptcy court.

A. This Court Has Subject Matter Jurisdiction Over Reichardt's Complaint.

Reichardt claims that the bankruptcy court lacks subject matter jurisdiction because the claims in Reichardt II neither arise under title 11, arise in a case under title 11, nor relate to a case under title 11.  "[T]o the extent that this Court ever obtained jurisdiction over this case," Reichardt argues, "the Court was divested of its jurisdiction by virtue of [Reichardt's] voluntary dismissal of Valley Health System Retirement Plan."[17]  Reichardt reasons that remand is "not only warranted, but it is mandatory" because Reichardt and MetLife, the only remaining defendant, are non-debtors and "the outcome of this action is not likely to impair the ability of the trustee to distribute the estate."[18]

"[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."  Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  "[I]f a case was properly removed, a plaintiff cannot thereafter oust the federal court of jurisdiction by unilaterally changing the case

---

[17] Plaintiffs' [Amended] Notice of Motion and Motion for Remand ("Remand Motion"), 3:13-15 (emphasis added).

[18] Id. at 18-20.  Reichardt's reference to a "trustee" is inexplicable.  Neither the VHS Chapter 9 Plan or Confirmation Order provide for a trustee.

so as to destroy the ground upon which removal was based." Millar v. Bay Area Rapid Transit District, 236 F.3d 1110, 1116 (9th Cir. 2002). "Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendant state law claims." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990). "Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the remaining pendant state claims." Id. "This longstanding rule is based on the policy that judicial economy, convenience, fairness and comity will sometimes best be served by the retention of jurisdiction by the federal court, particularly in instances where the trial date is imminent or where the federal court has performed a substantial amount of legal analysis that would need to be repeated by the state court if the case were remanded." Millar, 236 F.3d at 1116.

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11." In re Wilshire Courtyard, 729 F.3d 1279, 1285 (9th Cir. 2013) (quoting 28 U.S.C. § 1334(b)). "A bankruptcy court's 'related to' jurisdiction is very broad, 'including nearly every matter directly or indirectly related to the bankruptcy.'" Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 868 (9th Cir. 2005 (citation omitted). "After a bankruptcy plan has been confirmed, a bankruptcy court has 'related to' jurisdiction over "proceedings that have a close nexus to the bankruptcy plan or proceeding.'" Valley Health Sys., 584 Fed. Appx. at 479 (quoting In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005). "A close nexus exists where a 'matter[ ] affects[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan.'" Id. (quoting Wilshire Courtyard, 729 F.3d at 1287). The "close nexus" test "requires particularized consideration of the facts and posture of each case, as the test contemplates a broad set of sufficient conditions and 'retains a certain flexibility.'" Wilshire Courtyard, 729 F.3d at 1289 (quoting Pegasus Gold, 394 F.3d at 1194).

The issue of whether this court has subject matter jurisdiction of the types of claims asserted in Reichardt II was resolved by the Ninth Circuit in Kirton. In Kirton, the mandamus petition (1) named VHS, the VHS Retirement Plan as a separate entity, MetLife, and the Plan Trustees as defendants; (2) alleged, in pertinent part, claims for breach of contract and violation

9

of the California Constitution; and (3) sought damages for an alleged underfunding of the VHS Retirement Plan in excess of $100 million. Kirton I, 471 B.R. at 559-60. The petition charged, inter alia, that the VHS Retirement Plan was underfunded, and that VHS, MetLife and the Plan Trustees had breached their respective fiduciary duties to prevent the alleged underfunding and/or to disclose such alleged underfunding to the beneficiaries. Id. Kirton sought a writ of mandamus directing VHS, the VHS Retirement Plan, MetLife, and the Plan Trustees to, among other things, fund the VHS Retirement Plan, disclose the alleged underfunding of the plan, and prosecute any action required to recover assets of the plan. Id. The mandamus petition in Kirton was removed to this court and dismissed without leave to amend. Id. at 562. On appeal, the BAP reversed holding that this court lacked subject matter jurisdiction.[19] The Ninth Circuit reversed the BAP and remanded with instructions to address the substantive issues raised on appeal, holding that this court had "related to" jurisdiction over Kirton's claims. Kirton, 584 Fed. Appx. at 480. In so holding, the Ninth Circuit pointed to the treatment of Defined Benefit Plan Participants under Class 2C of the Plan, stating:

> The resolution of [Kirton's] mandamus petition would "affect [ ] the interpretation [and] implementation . . . of the confirmed plan." Resolution of the mandamus petition would require a court to determine whether the confirmed plan discharged [Kirton's] claims – whether [Kirton has] any "recourse to [Valley Health System] or to any of [its] assets." Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.
>
> Furthermore, a close nexus also exists where a proceeding requires interpretation of an order confirming a bankruptcy plan. . . . The resolution of [Kirton's] mandamus petition requires interpretation of the confirmation order. A court would need to determine whether the bankruptcy court's confirmation order enjoins [Kirton] from continuing their mandamus action. Thus, there is a close nexus between the bankruptcy plan and the mandamus petition.

Id. at 479 (citations omitted).

The substance of Reichardt's complaint in this case is nearly identical to the mandamus petition in Kirton. Reichardt (1) names the VHS Retirement Plan as a separate entity, MetLife, and the Plan Trustees as defendants; (2) alleges claims for breach of contract, breach of fiduciary

---

[19] Id. at 569. The BAP raised the issue of subject matter jurisdiction, sua sponte.

duty, fraud, negligent misrepresentation, and violations of the Ralph M. Brown Act,[20] Political Reform Act of 1974,[21] and The California Pension Protection Act of 1992;[22] and (3) seeks an unspecified amount of damages for an alleged underfunding of the VHS Retirement Plan. Reichardt alleges, inter alia, that the VHS Retirement Plan was underfunded, and that the VHS Retirement Plan, MetLife and the Plan Trustees committed fraud and breached their respective fiduciary duties to prevent the alleged underfunding or to disclose such alleged underfunding to the beneficiaries. Reichardt seeks damages, an injunction, and a declaratory judgment directing the VHS Retirement Plan, MetLife, and the Plan Trustees to, among other things, fund the VHS Retirement Plan, disclose the alleged underfunding of the plan, and prosecute any action required to recover assets of the plan. As in Kirton, the resolution of Reichardt II necessarily involves an interpretation of VHS's Chapter 9 Plan and the Confirmation Order and may affect the implementation of the Chapter 9 Plan and distributions to creditors under the plan. Because the claims asserted against the VHS Retirement Plan in Reichardt II raise issues similar to Kirton concerning the interpretation and implementation of the Chapter 9 Plan and the Confirmation Order, this court had "related to" jurisdiction of Reichardt II at the time of removal pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). Reichardt II was properly removed to this court, and this court's subject matter jurisdiction was not divested when Reichardt later unilaterally dismissed the VHS Retirement Plan as a defendant in this adversary proceeding.

B. The Court Will Not Abstain from Exercising Jurisdiction.

Next, Reichardt asserts incorrectly that, to the extent this court has jurisdiction, it must abstain from exercising that jurisdiction under 28 U.S.C. § 1334(c)(2), or alternatively, decline to exercise jurisdiction pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title

---

[20] Cal. Gov't Code § 54950, et seq.

[21] Cal. Gov't Code § 81000, et seq.

[22] Cal. Const., Art. XVI, § 17.

11

>    11 or arising in a case under title 11, with respect to which an action could not
>    have been commenced in a court of the United States absent jurisdiction under
>    this section, the district court shall abstain from hearing such proceeding <u>if an
>    action is commenced, and can be timely adjudicated, in a State forum of
>    appropriate jurisdiction</u>.

28 U.S.C. § 1334(c)(2) (emphasis added). Section 1334(c)(1) authorizes the "court in the interest of justice, or in the interest of comity with State courts or respect for State law, [to abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

"Abstention can only exist where there is a parallel proceeding in state court." <u>Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers (In re Gen. Teamsters, Warehousemen & Helpers, Union Local 890)</u>, 124 F.3d 999, 1009 (9th Cir. 1997). Furthermore, "[s]ection 1334(c) abstention should be read <u>in pari materia</u> with section 1452(b) remand, so that the former applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or that, by legislative mandate, requires it, section 1334(c)(2)." <u>Id.</u> at 1010.

On September 10, 2014, VHS removed <u>Reichardt II</u> to this court leaving no action pending between the parties in state court. <u>See, e.g.</u>, <u>Schulman v. State of Ca (In re Lazar)</u>, 237 F.3d 967, 981-82 (9th Cir. 2001) ("[B]ecause there is no pending state proceeding §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case."); <u>Sec. Farms</u>, 124 F.3d at 1010 ("[I]it successfully removed this case to federal court. No other related proceeding thereafter exists."); <u>In re Roman Catholic Bishop of San Diego</u>, 374 B.R. 756, 760 (Bankr. S.D. Cal. 2007) ("[O]n two occasions the Ninth Circuit has held the abstention is inapplicable if there is no parallel proceeding in the state court."). There being no parallel proceeding in state court, Reichardt's request for abstention will be denied.

C.    <u>The Court Declines to Remand Reichardt II</u>.

Section 1452(b) authorizes the bankruptcy court to remand a claim or cause of action to the court from which it was removed "on any equitable ground." 28 U.S.C. § 1452(b). "This 'any equitable ground' remand standard is an unusually broad grant of authority." <u>McCarthy v. Prince (In re McCarthy)</u>, 230 B.R. 414, 417 (9th Cir. BAP 1999). "It subsumes and reaches

12

beyond all of the reasons for remand under nonbankruptcy removal statutes." Id. Similarly, when a case is properly removed to federal court and the claim that formed the basis for removal is dropped, the court has discretion to either retain jurisdiction over the pendant state claims or remand them to state court. See, e.g., Sanford v. Memberworks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (citation omitted)); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."); Nishimoto, 903 F.2d at 712 ("The district court's decision whether to adjudicate pendent state law claims following final disposition of all federal claims is reviewed for abuse of discretion.").

Reichardt's motion to remand will be denied for three reasons. First, the motion is untimely. If Reichardt had grounds to believe that removal was improper, Reichardt was required by LBR 9027-1(c) to file his motion to remand in the bankruptcy court not later than October 10, 2014.[23] This was not done. Second, Reichardt previously sought, in conjunction with his motion to withdraw the reference, a remand of the proceeding by the district court to the state court on grounds nearly identical to those raised in his current motion. The district court denied Reichardt's motion to remand as moot on February 15, 2015. To the extent that Reichardt believes the issue of remand should be revisited due to changes in the procedural posture of proceeding since February 15, 2015, the factors the court must weigh to determine whether a remand is appropriate lead the court to the opposite conclusion.

In determining whether to remand a "related to" case to state court on equitable grounds, courts in the Ninth Circuit have considered the following fourteen non-exclusive factors (the Enron factors):

    1.    The effect or lack thereof on the efficient administration of the estate;

---

[23] LBR 9027-1(c) states: "A motion to remand must be filed with the clerk of the bankruptcy court not later than 30 days after the date of filing the notice of removal, and served under LBR 9013-1(d)."

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficult or unsettled nature of applicable law;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy proceeding;

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of an asserted core proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden on the bankruptcy court's docket;

10. The likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to jury trial;

12. The presence in the proceeding of non-debtor parties;

13. Comity; and

14. The possibility of prejudice to the other parties in the action.

Citigroup, Inc. v. Pac. Inv. Mgmt. Co., LLC (In re Enron Corp.), 296 B.R. 505, 508 n.2 (C.D. Cal. 2003); see, e.g., Fed. Home Loan Bank of Chi. v. Banc of Am. Sec., LLC, 448 B.R. 517, 525 (C.D. Cal. 2011); Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 311 (C.D. Cal. 2010).

Reichardt agrees that the issue of remand turns on an application of Enron, but his motion is devoid of any critical analysis of the specific factors that weigh in favor of remand. Reichardt urges remand because "all of [Reichardt's] causes of action are grounded upon state law and statutory theories which are being brought against the non-debtor party Met Life who is the only

defendant left in the case."[24]  "State courts[,]" Reichardt argues, "are, by definition, fully competent to resolve disputes of state law."[25]  Reichardt concludes by maintaining that "[p]laintiffs are entitled to a jury trial and have neither consented to a trial in bankruptcy court nor waived this indelible right to have a jury trial in state court."[26]

        In this case, the possibility of prejudice given the likelihood of inconsistent rulings weighs heavily against remand.  While MetLife may be the only remaining defendant in this adversary proceeding, Reichardt's claims against MetLife in Reichardt II are substantially the same as the claims asserted by Reichardt and other Defined Benefit Plan Participants against VHS and/or the VHS Retirement Plan, MetLife and the Plan Trustees in Reichardt I and Kirton – all of which are pending before this court.  Fundamental issues common to each of the adversary proceedings are, among others: (1) whether the VHS Retirement Plan is a separate public entity that can be sued; (2) whether VHS, MetLife and/or the Plan Trustees had any contractual obligation to fund the VHS Retirement Plan prior to the petition date; and (3) whether that obligation, if any, was modified by VHS's Chapter 9 Plan and Confirmation Order.

        On January 11, 2011, this court dismissed Kirton's claims against VHS, the VHS Retirement Plan, Joel Bergenfeld, Vinay M. Rao, and Michele Bird, individually and in their capacities as Trustees of the VHS Retirement Plan (collectively, the "VHS Defendants") and MetLife in Kirton under F.R. Civ. P 12(b)(6) without leave to amend.  In denying Kirton's motion for reconsideration, the court stated:

> Kirton's petition failed to state a plausible claim for relief against any of the VHS Defendants or MetLife.  VHS had only one retirement plan – the VHS Retirement Plan identified in VHS's disclosure statement.  Kirton's petition seeks damages in excess of $100 million under various theories for alleged under-funding of the VHS Retirement Plan since 1999.  VHS filed a voluntary petition under chapter 9 in the above referenced bankruptcy case on December 13, 2007.  Benefits accruing under the VHS Retirement Plan had been frozen since May 4, 1999.  On

---

[24] Remand Motion, 9:2-4.

[25] Id. at 8:27-28.

[26] Id. at 8:3-5.

15

> the petition date, the VHS Retirement Plan was tantamount to a pre-petition contract between VHS and the plan participants. VHS's only funding obligations arose from its contractual obligations under the VHS Retirement Plan. The trustees of the VHS Retirement Plan had no contractual obligations under the plan in their individual capacities. Kirton received notice of VHS's bankruptcy and the deadline of August 25, 2008, within which to file proofs of claim.
>
> On April 26, 2010, an order was entered confirming VHS's chapter 9 plan of adjustment. VHS's confirmed plan treated allowed claims of VHS Retirement Plan participants in Class # 2. Kirton did not object to confirmation of VHS's plan, which contemplated a sale of substantially all of VHS's assets to Physicians for Healthy Hospitals, Inc. When the sale closed on October 13, 2010, VHS's confirmed plan of adjustment became effective and binding upon all parties in interest, including Kirton. VHS was then discharged from its pre-petition obligations to Kirton based upon or arising out of the VHS Retirement Plan except as provided by the confirmed plan and Kirton was enjoined from enforcing such obligations except as provided by the confirmed plan.
>
> Finally, the fact that MetLife, the VHS Retirement Plan administrator, had not joined the VHS Defendants' Motion to Dismiss or otherwise filed a responsive pleading in the adversary proceeding did not prevent the court from dismissing Kirton's claims against MetLife without leave to amend as well. In this case, MetLife was in an identical position to the VHS Defendants and Kirton's claims against MetLife, as set forth in the petition, were integrally related to those asserted against the VHS Defendants. It was, therefore, appropriate to dismiss the causes of action asserted in Kirton's complaint against all defendants, including MetLife, without leave to amend.[27]

On February 24, 2015, the BAP affirmed stated with respect to Kirton's claims against MetLife:

> MetLife was the administrator of the Retirement Plan; its interest was absolutely aligned with that of the VHS Defendants. The bankruptcy court determined that MetLife was in an identical position to the VHS Defendants such that the claims in the Petition against MetLife should also be dismissed without leave to amend. Not only was it within the authority of the bankruptcy court to do so, it was not error in the circumstances before us.

Kirton II, 2015 WL 777685, *7 (9th Cir. BAP 2015). Kirton II is pending before the Ninth Circuit on appeal. A remand of Reichardt II to the state court risks inconsistent rulings because the Ninth Circuit's decision in Kirton II will likely control the final determination of fundamental issues common to Kirton, Reichardt I and Reichardt II.

---

[27] Metropolitan Life Insurance Company's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings, or in the Alternative, Summary Judgment, Exh. 2, 8:12-10:16.

16

The interest of judicial economy weighs against remand. This court is intimately familiar with VHS's bankruptcy, the VHS Retirement Plan, VHS's Chapter 9 Plan, the Confirmation Order, and the claims made in the Kirton, Reichardt I, and Reichardt II litigation regarding the VHS Retirement Plan. The pivotal issues in this case turn on an application of federal bankruptcy law. As MetLife points out, "this Bankruptcy Court is best positioned to preside over this action, and in the most efficient manner, given its lengthy history with the closely related and analogous Kirton action, the Reichardt I action, and its prior rulings in this action."[28] Moreover, MetLife states that, as administrator of the VHS Retirement Plan, it "will likely seek indemnity from VHS and/or the Plan Trustees (who may in turn seek indemnity from VHS) for their alleged pre and/or potential post-petition conduct."[29] MetLife's claim for indemnification is closely related to VHS's bankruptcy and must be resolved by this court in that it will necessitate an interpretation of the Chapter 9 Plan and Confirmation Order and impact implementation and consummation of the plan. Judicial economy is best served by the retention of jurisdiction "where the federal court has performed a substantial amount of legal analysis that would be repeated by the state court if the case were remanded." Millar, 236 F.3d at 1116.

Reichardt may or may not be entitled to a jury trial in this adversary proceeding, but the mere fact that Reichardt has demanded a jury trial does not, of and by itself, require remand. Having determined that the bankruptcy court has subject matter jurisdiction, the interests of judicial economy and efficiency are better served by the bankruptcy court retaining jurisdiction over Reichardt II until the action is ready for trial. As the Ninth Circuit explained in Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775 (9th Cir. 2007):

> [A] Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters. . . . [T]wo rationales justify this holding.

---

[28] Metropolitan Life Insurance Company's Opposition to Motion to Remand, 21:23-26.

[29] Id. at 3:28-4:2.

> First, allowing the bankruptcy court to retain jurisdiction over <u>pre-trial</u> matters, does not abridge a party's Seventh Amendment <u>right to a jury trial</u>. A bankruptcy court's pre-trial management will likely include matters of "discovery," "pre-trial conferences," and routine "motions," which obviously do not diminish a party's <u>right</u> to a jury trial. Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment <u>right</u> to a jury trial, as these motions merely address whether a trial is necessary at all.
>
> Second, requiring that an action be immediately transferred to the district court simply because of a <u>jury trial right</u> would run counter to our bankruptcy system. Under our current system Congress has empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant "orders." As has been explained before, this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. . . . Only by allowing the bankruptcy court to retain jurisdiction over the action until <u>trial is actually ready</u> do we ensure that our bankruptcy system is carried out.

<u>Id.</u> at 787-88 (emphasis in original).

Reichardt's lack of consent to the entry of final orders or a judgment by the bankruptcy court does not compel remand. To the extent that the claims made the basis of Reichardt's complaint may constitute non-core claims or "<u>Stern</u> claims,"[30] the bankruptcy court is authorized to hear such matters and "submit proposed findings of fact and conclusions of law to the district court" for entry of a final order or judgment by the district court "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Comity does not require remand. VHS removed the case to this court shortly after it was served with the complaint. The case was pending in state court for only 64 days prior to removal. Discovery had not commenced nor were any motions pending at the time of removal. Indeed, most of the defendants had not yet been properly served with the summons and complaint. Though the remaining claims against MetLife arise under state law, Reichardt has

---

[30] "These claims are called '<u>Stern</u> claims,' so named after the Supreme Court's decision in <u>Stern v. Marshall</u>, ___ U.S., ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). Stern claims are claims 'designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter.'" <u>Mastro v. Rigby</u>, 764 F.3d 1090, 1093 (9th Cir. 2014) (citation omitted).

not shown that there are unsettled or difficult issues of state law that might weigh in favor of remand.

Reichardt's concern expressed at oral argument that a federal district court lacks the requisite expertise to adjudicate issues arising under state law is equally unavailing. The district court regularly decides issues of state law, particularly when federal jurisdiction is invoked based on diversity of citizenship. Reichard's assertion is specious, particularly given the fact that Reichardt apparently was satisfied that he could obtain an informed decision from the district court after a fair and impartial trial of his claims when he sought a withdrawal of the reference less than a year ago.

Finally, the court's interest in deterring forum shopping weighs against remand. Reichardt appears determined to have a court other than the bankruptcy court preside over any proceeding by Defined Benefit Plan Participants asserting claims based upon the VHS Retirement Plan. Although removal of the repeated cases filed by Reichardt's counsel in state court on behalf of Defined Benefit Plan Participants has placed a burden on this court's docket, a remand would simply countenance Reichardt's repeated efforts to shop for a forum other than this court to hear his claims.

Because the relevant Enron factors as applied to the facts and circumstances of this adversary proceeding weigh heavily against remand, the court will deny Reichardt's motion seeking a remand of the action to state court pursuant to 28 U.S.C. § 1452(b).

D. <u>The Court Will Stay Further Action in this Adversary Proceeding, Including a Ruling on MetLife's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment Pending the Ninth Circuit's Decision in Kirton II</u>.

Reichart's complaint seeks damages and other relief from MetLife, as administrator of the VHS Retirement Plan, for an alleged underfunding of the VHS Retirement Plan based upon various theories of recovery, including breach of fiduciary duty, breach of contract, fraud, and negligent misrepresentation. When the same claims were levied against MetLife in Kirton, this court dismissed such claims without leave to amend reasoning that: (1) on the petition date, VHS's only funding obligation with respect to the VHS Retirement Plan arose from its

prepetition contractual obligations under the plan; (2) the Plan Trustees had no contractual obligations under the VHS Retirement Plan in their individual capacities; (3) the VHS Chapter 9 Plan and Confirmation Order discharged VHS from its prepetition obligations to the Defined Benefit Plan Participants, including Kirton, based upon or arising out of the VHS Retirement Plan; (4) MetLife, as administrator of the VHS Retirement Plan, was in an identical position as VHS and the Plan Trustees with respect to Kirton's claims as a Defined Benefit Plan Participant; and (5) Kirton's claims against MetLife were integrally related to those asserted against VHS and the Plan Trustees.[31]  The BAP agreed.  Kirton II, 2015 WL 777685, *7 (9th Cir. BAP 2015).

MetLife now seeks a judgment on the pleadings under F.R.Civ.P. 12(c), or alternatively, a summary judgment under F.R.Civ.P. 56(a) on the claims asserted in Reichardt's complaint in this adversary proceeding based largely upon the BAP's affirmance of this court's decision in Kirton II.  Because Kirton II is currently on appeal to the Ninth Circuit and, as previously noted, the Ninth Circuit's decision in Kirton II will likely control the final determination of fundamental issues common to Kirton, Reichardt I and Reichardt II, the court will stay further action in this adversary proceeding, including a determination of MetLife's motion, pending final adjudication by the Ninth Circuit of the substantive issues on appeal in Kirton II.

## CONCLUSION

Based on the foregoing, the court will deny Reichardt's Remand Motion and stay further action in this adversary proceeding, including a determination of MetLife's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment, pending final adjudication by the Ninth Circuit of the substantive issues on appeal in Kirton II.  Separate orders will be entered consistent with this memorandum decision.

###

Date: July 24, 2015

Peter H. Carroll
United States Bankruptcy Judge

---

[31] See footnote 24, supra.